FILED
21-0918
10/21/2021 3:16 PM
tex-58422647
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

No. _____

## IN THE TEXAS SUPREME COURT

### *In Re*

### *Erasto Arroyo Barcenas, Gabriel Gutierrez Becerra, and Melvin Omar Amador Rodas,*

### *Relators*

## EMERGENCY PETITION
## FOR WRITS OF MANDAMUS

Seeking to Compel Brian Collier, the Executive Director
of the Texas Department of Criminal Justice,
to Obey the District Court's Order to Release at Once
Persons Held in State Prison as Pretrial Detainees

Keith S. Hampton
Attorney at Law
State Bar No. 08873230
P.O. Box 66488
Austin, Texas 78766
512-476-8484 (office)
512-762-6170 (cell)
keithshampton@gmail.com

Angelica Cogliano
State Bar No. 24101635
Addy Maldanado Miro
State Bar No. 24055984
Attorneys at Law
505 West 12th Street, Suite 206
Austin, Texas 78703
Tel: 512-478-0758/Fax: 877-497-8347

*PETITIONERS FOR RELATOR*

Appx. 122

## IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 52.2, Texas Rules of Appellate Procedure,

a complete list of the names of all parties to this original appellate action seeking

extraordinary relief and counsel are as follows:

**Relators**
**and Real Party in Interest:**    Erasto Arroyo Barcenas, Gabriel Gutierrez Becerra
                                   and Melvin Omar Amador Rodas

                                   State of Texas

**Respondents:**                   Brian Collier
                                   Executive Director
                                   Texas Department of Criminal Justice
                                   209 West 14th Street
                                   5th Floor, Price Daniel Building
                                   Austin, Texas 78701

                                   Bobby Lumpkin
                                   Director of Correctional Institutions Division
                                   PO Box 99
                                   Huntsville Texa 77342

                                   Warden Maria Ramirez
                                   Dolph Briscoe Unit
                                   1459 TX-85
                                   Dilley, Texas 78017

**Attorney**
**for Respondents:**               Ken Paxton
                                   Attorney General
                                   Price Daniel Building
                                   209 West 14th Street
                                   Austin, Texas 78701

**Attorneys for Relators:**     Keith S. Hampton
                                Attorney at Law
                                P.O. Box 66488
                                Austin, Texas 78766

                                Angelica Cogliano
                                Attorney at Law
                                505 West 12th Street
                                Suite 206
                                Austin, Texas 78703

                                Addy Moldanado Miro
                                Attorney at Law
                                505 West 12th Street
                                Suite 206
                                Austin, Texas 78703

**Attorneys**
**for Interested Parties:**     Brent Smith
                                Kinney County Attorney
                                501 S. Ann Street
                                Brackettville, Texas 78832-0389

                                Suzanne West
                                63rd Judicial District Attorney
                                209 East Losoya Street
                                Del Rio, Texas 78841-1405

**Other Interested Parties:**   Tully Shahan
                                Kinney County Judge
                                501 S. Ann Street
                                Brackettville, Texas 78832-0389

# TABLE OF CONTENTS

Names of All Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

List of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv-v

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Issue Presented:**   May a Warden of a prison unit under the Texas Department of Criminal Justice, when acting as an agent of the local sheriff, delay a district court's order to release a person from state custody? . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Facts and Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Certification of Factual Statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certificate of Service and Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# LIST OF AUTHORITIES

*Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex. 1985) . . . . . . . . . . . 5

*In re Hotze*, 627 S.W.3d 642 (Tex. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Williams*, 470 S.W.3d 819 (Tex. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## CONSTITUTIONAL PROVISIONS, STATUTES AND RULES OF APPELLATE PROCEDURE

Tex. Const. art. I §12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Const. art. IV §11B . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Const. art. V §3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Code Crim. Pro. art. 11.15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Code Crim. Pro art. 17.29(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Gov't Code §22.002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Gov't Code §492.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Gov't Code §492.002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Gov't Code §492.013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Gov't Code §493.002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Gov't Code §493.006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Gov't Code §494.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Gov't Code §552.022 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Penal Code §30.05 (d)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Local Gov't Code §351.005. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Local Gov't Code §351.0035. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. App. Pro. 9.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Appx. 126

**TO THE HONORABLE JUSTICES OF THE TEXAS SUPREME COURT:**

Comes now Erasto Arroyo Barcenas, Gabriel Gutierrez Becerra, and Melvin Omar Amador Rodas, Relators, and pursuant to Article V §3 of the Texas Constitution, file this *Emergency Petition for Writ of Mandamus* to compel Respondents, the Executive Director of the Texas Department of Criminal Justice, Brian Collier, for immediate release from prison in accordance with a valid judicial order and in light of the governing constitutional and statutory laws, and would show this Court the following:

## STATEMENT OF THE CASE

Relators were arrested without warrants for criminal trespass in Kinney County.  After they were arrested, Relators were taken to the Dolph Briscoe Unit in Frio County, Texas.  The Units are utilized to detain persons under "Operation Lone Star," as approved by the State Commission on Jail Standards.  Tex. Local Gov't Code §351.005 (at county request, "the Commission on Jail Standards shall authorize a county to house a prisoner in a tent or other facility that is not a county jail."). "Operation Lone Star" refers to the Governor's effort to utilize his authority to respond to the emergency of mass migration across the Texas-Mexico border by arresting migrants.

Appx. 127

Honorable Tully Shahan, Kinney County Judge, ordered the release of each Relator from state custody on October 12, 2021.  (Appendix, Orders of Release). Kinney County Attorney, Brent Smith, agreed to each release. To this day, Warden Maria Ramirez continues Relators' detention and delays their release.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue writs of mandamus in this cause under Article V, §3 of the Texas Constitution and Texas Government Code §22.002(c).  The Texas Government Code specifies that this Court has exclusive jurisdiction over extraordinary remedies against any officers of the Executive department.  Tex.Gov't Code §22.002(c).  The Members of the Texas Board of Criminal Justice ("Board") are appointed by the Governor and Respondents are therefore within the Executive department. Tex. Gov't Code §492.002.  *See also* Tex. Const. art. IV §11B (executive department includes all agencies with "authority over the confinement or supervision of persons convicted of criminal offenses").  The Board governs the Department of Criminal Justice.  Tex. Gov't Code §492.001.  Hence, Brian Collier, as the Executive Director of the Texas Department of Criminal Justice, and his employees, Bobby Lumpkin, Director of the Correctional Institutions Division, and Maria Ramirez, the Warden of the Dolph Briscoe Unit, are officers of an Executive department as well,

2

and are subject to this Court's powers of mandamus.  Tex. Gov't Code §§492.013, 493.002, 493.006 and 494.001.

## ISSUE PRESENTED

May a Warden of a prison unit under the Texas Department of Criminal Justice, when acting as an agent of the local sheriff, delay a district court's order to release a person from state custody?

## STATEMENT OF FACTS AND ARGUMENT

Respondents are operating prison units in lieu of a county jails, as authorized by Section 351.0035 of the Texas Local Government Code, to detain migrants accused of criminal trespass.  In accordance with constitutional and statutory law, a district court ordered Relators released from custody on bond on October 13, 2021. Respondents have not complied with the order.

Respondent's duties are ministerial.  "When the accused has given the required bond, either to the magistrate or the officer having him in custody, he shall at once be set at liberty."  Tex. Code Crim. Pro art. 17.29(a).  This order of release on bond is identical to orders of release by way of petitions for writs of habeas corpus.  The Texas Constitution demands the remedy of release be "speedy and effectual."  Tex.

3

Const. art. I §12.   In accordance with this constitutional right, the Legislature provides that the writ "shall be granted without delay by the judge or court receiving the petition[.]"   Tex. Code Crim. Pro. art. 11.15.   Under this constitutional and statutory scheme, release from pretrial detention is required to be prompt and immediate.[1]

The district court ordered Relators to be released on bond on October 12, 2021. Under the law, the right to release "at once" is to be provided "speedy," "effectual," and "without delay."   Nine days after the court order, Relators remain imprisoned at the Briscoe Unit by Respondent.   The district court has no mandamus authority over these executive officers.   Relators can only secure release from state custody by seeking the exercise of this Court's mandamus authority.[2]

Relators have not been convicted.   They are accused of criminal trespass. Tex. Penal Code §30.05(d)(2)(A)(trespass on agricultural land class C misdemeanor). Even if convicted, no Relator would ever be confined in prison for this offense.

---

[1] All Relators are presumed innocent of the class C misdemeanor offenses for which they were arrested.   Their status makes their release all the more urgent.   "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to [release] before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning."   *Stack v. Boyle*, 342 U.S. 1, 4-5 (1951)(citations omitted).

[2] If released from state custody, the Immigration and Customs Enforcement can then make a custody determination whether to release the person.

Mandamus relief is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). Respondents have no discretion whether to release Relators.  On the contrary, they have a duty to perform "at once." *In re Williams*, 470 S.W.3d 819, 821 (Tex. 2015)("mandamus may issue to compel public officials to perform ministerial acts, as well as to correct a clear abuse of discretion of a public official")(citations and quotations omitted).  Relators also have no adequate remedy at all except for action from this Court.  Accordingly, Relators seek relief from this Court. *In re Hotze*, 627 S.W.3d 642 (Tex. 2020)(conditional mandamus granted against secretary of state).

5

PRAYER

WHEREFORE, Relators pray this Court grant this petition and issue a writ of

mandamus ordering Respondents to immediately release them from confinement.

Respectfully submitted,

_____
Keith S. Hampton
Attorney at Law
State Bar No. 08873230
P.O. Box 66488
Austin, Texas 78766
512-476-8484 (office)
512-762-6170 (cell)
keithshampton@gmail.com

Addy Maldanado Miro
State Bar No. 24055984
Angelica Cogliano
State Bar No. 24101635
Attorneys at Law
505 West 12th Street
Suite 206
Austin, Texas 78703
Tel: 512-478-0758
Fax: 877-497-8347

*PETITIONERS FOR RELATOR*

6

## CERTIFICATION OF FACTUAL STATEMENTS

I, Keith S. Hampton, hereby certify that every factual statement contained within this petition is supported by competent evidence included in the record or appendix.

_____
Keith S. Hampton

## CERTIFICATE OF COMPLIANCE

By affixing my signature below I hereby certify that this document contains a word count of 932 and therefore complies with Tex.R.App.P. 9.4(i)(2)(D).

_____
Keith S. Hampton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been delivered to the following parties and interested persons:  Honorable District Attorney Suzanne West at emedina@districtattorney63rd.org and Honorable Ed Marshall at Edward.Marshall@oag.texas.gov of the Attorney General's Office on October 21, 2021.

_____
Keith S. Hampton

Appx. 133

APPENDIX

1.  ORDER OF RELEASE FOR ERASTO ARROYO BARCENAS

2.  ORDER OF RELEASE FOR GABRIEL GUTIERREZ BECERRA

3.  ORDER OF RELEASE FOR MELVIN OMAR AMADOR RODAS

4.  AFFIDAVIT OF ADDY MIRO

1. ORDER OF RELEASE FOR ERASTO ARROYO BARCENAS

CAUSE NO. KICO-TXVV-C6PSNZ

FILED FOR RECORD
at 8:39 o'clock A M

| | | | |
|---|---|---|---|
| **STATE OF TEXAS** | § | **IN THE COUNTY COURT** | **OCT 1 3 2021** |
| | § | | Ricardo Alvarado |
| **v.** | § | **OF** | COUNTY & DISTRICT CLERK, KINNEY CO. |
| | § | | Deputy |
| | § | **KINNEY COUNTY, TEXAS (SITTING** | |
| **ERASTO ARROYO-BARCENAS** | § | **AS MAGISTRATE)** | |

### AGREED ORDER GRANTING BOND REDUCTION
### OR PERSONAL RECOGNIZANCE BOND

After considering the agreement of the State and the Defense Counsel, the Court finds

that following Order shall be entered.

IT IS, THEREFORE, ORDERED that bond shall be set for said Defendant as follows:

_____ Bond Reduction: $_____ Surety Bond

___X___ Personal Recognizance Bond in the amount of $2,000.00

IT IS FURTHER ORDERED that the following condition(s) shall be attached to

Defendant's bond:

1.  Defendant shall report to his attorney of record on a weekly basis in person or by

    telephone.

2.  Defendant shall appear INSTANTER for all court hearings at the Kinney County

    Courthouse, when directed by his/her attorney of record, as ordered by this Court.

SIGNED THIS ___12___ day of _____October_____, 2021.

JUDGE PRESIDING

AGREED:

Brent Smith
Kinney County Attorney

Addy Miró
Attorney for Defendant

Appx. 136

2.  ORDER OF RELEASE FOR GABRIEL GUTIERREZ BECERRA

CAUSE NO. KICO-TXVV-C6PT8Q

FILED FOR RECORD
at _8:39_ o'clock A M

OCT 1 3 2021

Ricardo Alvarado
COUNTY & DISTRICT CLERK, KINNEY CO.
_____ Deputy

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| v. | § | OF |
| | § | |
| | § | KINNEY COUNTY, TEXAS (SITTING |
| GABRIEL GUTIERREZ-BECERRA | § | AS MAGISTRATE) |

## AGREED ORDER GRANTING BOND REDUCTION
## OR PERSONAL RECOGNIZANCE BOND

After considering the agreement of the State and the Defense Counsel, the Court finds

that following Order shall be entered.

IT IS, THEREFORE, ORDERED that bond shall be set for said Defendant as follows:

_____ Bond Reduction: $_____ Surety Bond

___X___ Personal Recognizance Bond in the amount of $2,000.00

IT IS FURTHER ORDERED that the following condition(s) shall be attached to

Defendant's bond:

1.  Defendant shall report to his attorney of record on a weekly basis in person or by

    telephone.

2.  Defendant shall appear INSTANTER for all court hearings at the Kinney County

    Courthouse, when directed by his/her attorney of record, as ordered by this Court.

SIGNED THIS ___12___ day of _____October_____, 2021.

_____
JUDGE PRESIDING

AGREED:

_____
Brent Smith
Kinney County Attorney

_____
Addy Miró
Attorney for Defendant

Appx. 138

3.  ORDER OF RELEASE FOR MELVIN OMAR AMADOR RODAS

**CAUSE NO.**

FILED FOR RECORD
at 8:39 o'clock A M

**OCT 1 3 2021**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE COUNTY COURT** |
| | § | |
| **v.** | § | **OF** |
| | § | |
| | § | **KINNEY COUNTY, TEXAS (SITTING** |
| **MELVIN OMAR AMADOR RODAS** | § | **AS MAGISTRATE)** |

Ricardo Alvarado
COUNTY & DISTRICT CLERK, KINNEY CO.
_____ Deputy

## AGREED ORDER GRANTING BOND REDUCTION
## OR PERSONAL RECOGNIZANCE BOND

After considering the agreement of the State and the Defense Counsel, the Court finds

that following Order shall be entered.

IT IS, THEREFORE, ORDERED that bond shall be set for said Defendant as follows:

_____ Bond Reduction: $_____Surety Bond

_____ Personal Recognizance Bond in the amount of $3,000.00

IT IS FURTHER ORDERED that the following condition(s) shall be attached to

Defendant's bond:

1.  Defendant shall report to his attorney of record on a weekly basis in person or by

    telephone.

2.  Defendant shall appear INSTANTER for all court hearings at the Kinney County

    Courthouse, when directed by his/her attorney of record, as ordered by this Court.

SIGNED THIS ___12___ day of _____October_____, 2021.

_____
JUDGE PRESIDING

AGREED:

_____
Brent Smith
Kinney County Attorney

_____
Addy Miró
Attorney for Defendant

Appx. 140

4.  AFFIDAVIT OF ADDY MIRO

**AFFIDAVIT OF FACT**

My name is Addy Miró. I am an attorney at law practicing criminal defense and my Bar Number is 24055984. I, together with my colleague Angelica Cogliano, represent Erasto Arroyo Barcenas, Gabriel Gutierrez Becerra, and Melvin Omar Amador Rodas, each of whom were arrested for criminal trespass over thirty days ago in Kinney County as part of "Operation Lone Star," which is the effort of state law enforcement agencies to assist with the problem of mass migration along the Texas-Mexico border, as declared in Governor Abbott's disaster order.

Both Kinney County Attorney Brent Smith and Assistant County Attorney Tonya Spaeth Ahlschwede agreed to their release on a personal bond. On October 12, 2021, Judge Shahan signed personal bonds for Mr. Barcenas, Mr. Rodas and Mr. Becerra, and filed the agreed orders with the Kinney County Clerk the next morning, October 13, 2021. To date, none have been released.

My clients' continued detention is part of a continuing experience of long delays in release from the Dolph Briscoe Unit after posting bond and ordered released from state custody. I have had many conversations with the different agencies involved in the process in my efforts to secure the actual release of other clients from state custody. I understand that after the judge signs the order of release, the Kinney County sheriff's office informs the Val Verde Processing Center which serves as a hub for Operation Lone Star by sending them a copy of the order. The Val Verde Processing Center, in turn, then sends it to the Dolph Briscoe Unit. The Unit then requires the person to sign the bond. They are then released from state custody to Immigration and Customs Enforcement (ICE).

Specifically regarding my clients who are the subject of this action, I have made the following efforts to have my clients released:

1. On October 13, 2021 at 11:34 a.m. I called the Kinney County Clerk's office and spoke to Ms. Tiffany Sanchez who confirmed that the signed bonds were received and faxed to the Kinney County Sheriff's Office.

2. By October 15, 2021, my clients were calling me indicating that they were still detained. I informed them that the orders had been signed and sent, and that they should be released shortly. That day, at 6:08 p.m. I emailed the Val Verde Processing Center to verify if they had received and processed the bonds for my

Appx. 142

clients. I attached copies of the signed bonds. I did not receive a reply either to my email or by phone, but I trusted that my email would resolve the situation.

3. On October 18, 2021, I received a call from one of the clients indicating that they were still in and had not signed his bond. At 11:54 a.m. I called the Kinney County Sheriff's office and was told to call back in 15 minutes and ask for Ray. At 12:11 I called back and left a voice mail. At 5:37 p.m. I called the warden at the Dolph Briscoe Unit and was told that they had left for the day.

4. On October 19, 2021 at 9:26 a.m., I called the Kinney County Sheriff's Office but they did not answer and the voice mail was not accepting messages. At 9:45 a.m. I called the Kinney County Clerk's office to confirm that all the bond orders had been sent. I spoke with Ms. Sanchez, and she confirmed that they were sent on October 13, 2021 at 9:37 a.m. and that they had not received the original finalized bonds for filing. At 2:19 p.m. I called the Kinney County Sheriff's Office and spoke to Raymond Gonzalez (Ray) who asked me to email him the names of the clients who were still in at kcsobonds@gmail.com, which I promptly did. He replied confirming receipt and saying he would rescan them and send them in the morning to the Val Verde Processing Center.

5. On October 20, 2021 at 10:38 a.m. I called the Val Verde Processing Center and spoke to Avila, the person in charge of bonds. He searched his email account and found my email from October 15, 2021, and said he would follow up. I asked Mr. Avila if he is familiar with the Texas Code of Criminal Procedure statute providing that once a bond is posted the person must be released "at once". He said he was not. I told Mr. Avila that my clients are being held illegally, and that I expected him to call me back before 5:00 p.m. to confirm that they would be released that day, and that I wanted to avoid filing a writ and going through a cumbersome court process if we could resolve the issue with a phone call. At 3:59 p.m. I called the Dolph Briscoe Unit and spoke to Assistant Warden Marshall who told me he had not received anything from the Val Verde Processing Center.

6. At 4:15 p.m. I called Mr. Avila back and he emailed the Dolph Briscoe Unit in the morning and said a supervisor would call me in the morning. On October 21, 2021 at 8:28 a.m. I called the Dolph Briscoe Unit and confirmed that the clients are still in the State's custody.

7. My clients were arrested on September 9, 2021, for alleged criminal trespass at privately owned ranches in Kinney County. None are accused of violent acts, destroying property, or trafficking of any kind. They came to the United States in

Appx. 143

search of work and a better life for their children. Some have family in the United States. They all are represented by immigration counsel to assert any avenues of relief they may have to remain in the United States or to go back home if they are not allowed to remain in our country.

I represent to this Honorable Court that I exercised my due diligence in trying to secure the clients' release to no avail. My clients are suffering in jail, and we have no choice but to ask this Honorable Court to order the State officials to fulfill their duties according to our laws.

Respectfully submitted,

Addy Miró
Attorney at Law

State of Texas
County of Williamson

Before me, a notary public, on October 21, 2021, personally appeared Addy Miró, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.



Notary Public's Signature

ABBY L. POLACEK
Notary Public
STATE OF TEXAS
ID#132000136
My Comm. Exp. April 29, 2023

Appx. 144

LAW OFFICES OF
# TEXAS RIOGRANDE LEGAL AID, INC.
4920 NORTH IH-35
AUSTIN, TEXAS 78715
(512) 374-2700



ROBERT DOGGETT
EXECUTIVE DIRECTOR
RDOGGETT@TRLA.ORG
(512) 680-3831

December 9, 2021

Via email to: sables@co.kerr.tx.us

Hon. Stephen B. Ables
Presiding Judge of the Sixth Administrative Judicial Region
Kerr County Courthouse
700 Main Street, 2nd Floor
Kerrville, TX 78028

Re:     Authority to remove judges who are assigned by the Presiding Judge

Your Honor:

We write to ensure that you're aware of a delicate and unusual situation that affects hundreds of our clients, the Texas judiciary, and efficient law enforcement in South Texas.

Apparently yesterday afternoon Judge Shahan attempted to remove three judges who you assigned to hear Operation Lone Star cases, namely Judge Kitty Schild, Judge Vivian Torres, and Judge Genie Wright.  See Judge Shahan's Dec. 8 Letter, attached.  Judge Shahan does not appear to have authority to remove the judges who you appointed.  See Tex. Govt Code Sec. 74.056.  If the presiding judge assigns a judge within the region, only the presiding judge can remove that judge.  Furthermore, any of these judges also has authority under Tex. Code Crim. Proc. Art. 11 to hear any pending habeas applications in addition to the matters on their arraignment dockets.

Those arraignment dockets are exceedingly full.  Currently we represent 153 detained clients who have pending pretrial writs of habeas corpus.  Many if not all had been agreed to be heard by Judge Schild and Judge Torres on their upcoming dockets over the next few days. All of our clients have been held in state prisons at taxpayer expense for months. Most were arrested solely for misdemeanor trespass more than 100 days ago, and have been in prison ever since.  They are finally on dockets for December before one of the assigned judges whose authority has been called into question by Judge Shahan's attempt to remove them.

Judge Shahan would cancel existing dockets for the next three weeks, after Kinney County having previously canceled all four dockets last week due to a Covid outbreak.  This would further aggravate a situation in courts that is already chaotic.  We ask that you renounce Judge Shahan's attempt to exercise authority vested only in you as the presiding judge of

Administrative Region 6 by Tex. Govt. Code Sec. 74, and not permit any further disruption to the hearings currently scheduled, or the dockets that were established before his Dec. 8 letter.

There can be no question but that the services of Judges Schild, Torres, and Wright remain urgently needed.  Consider this Operation Lone Star Data:

| Kinney County Arraignments if Arrested 12/4/21 | |
|---|---|
| Kinney arrests through 11/30/21 | 1658 |
| Arraigned | 125 |
| Remaining to be arraigned | 1533 |
| Present Rate of arraignment per month (Nov & Dec) | 120 |
| Months until arraignment at present rate | 12.78 |
| Days until arraignment if arrested 12/1/21 | 389.64 |
| Earliest Date of Arraignment at Present Rate | **1/2/2023** |

If Kinney County has filed more cases than it can effectively administer, the solution is to bring in more judges, more prosecutors, more court staff, and more defense lawyers, not to remove the judges who have heard the vast majority of OLS cases in the county. Yet Judge Shahan's only attempt to supply a reason for removal of the judges is to cite "the large volume of misdemeanor cases filed under Operation Lone Star."  This illogical explanation for removal of judges who have proven their capacity for service in the unusual circumstances created by Operation Lone Star instead could present an appearance of impropriety that all judges are sworn to avoid.

We ask that you immediately confirm for the three judges who you assigned to hear Operation Lone Star cases that their authority remains intact and unaffected by Judge Shahan's December 8 letter, especially as to cases that were already set for hearing prior to that letter.  The prosecuting attorney is aware of these filings and settings and was served with copies of the pending writs of habeas corpus over a week ago.  The upcoming dockets that Judge Shahan attempts to cancel been set since November 5.  We have prepared our clients accordingly, and urge you to permit these proceedings to occur.  We are at your service for any questions, and can be reached at (512) 374-2794.

Respectfully,

Robert Doggett
Executive Director
TEXAS RIOGRANDE LEGAL AID

Kristin Etter
Special Project Director
Operation Lone Star
TEXAS RIOGRANDE LEGAL AID

copy via email:  Hon. Tully Shahan
Hon. Vivian Torres
Hon. Genie J. Wright
Hon. Kitty Schild
Brent Smith, Kinney County Attorney



**Tully Shahan**
**KINNEY COUNTY JUDGE**
**Post Office Box 348**
**Brackettville, Texas 78832-0348**
county.judge@co.kinney.tx.us



Office: 830-563-2401

Fax: 830-563-9163

December 08, 2021

To: All Members of the Judicial Administration under Operation Lone Star

Re: Termination of Judicial Assignments and notification of upcoming hearings
     under Operation Lone Star.

Dear Members of the Judicial Administration under Operation Lone Star:

Due to the large volume of misdemeanor cases filed under Operation Lone Star, it is in the best interest of Kinney County that other eligible County Judges be appointed to administer the efficient administration of justice. We appreciate the services, and the court recognizes the efforts of Judges Vivian Torres, Kitty Schild, and Genie Wright. However, at this time, their services will no longer be needed.

Therefore, let this be a written notice that the Court Coordinator of Kinney County Court shall have <u>sole</u> authority in setting any and all court dates and docketed hearings for all cases under the jurisdiction of Kinney County.

It is further noted that as of December 8, 2021, all parties involved with the misdemeanor cases filed under Operation Lone Star will be notified of the date and time of all upcoming docket hearings.

Thank you

Tully Shahan
Kinney County Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

SHERIFF BRAD COE in his official
capacity and KINNEY COUNTY,
TEXAS; SHERIFF J.W. GUTHRIE in
his official capacity and EDWARDS
COUNTY, TEXAS; SHERIFF
EMMETT SHELTON in his official
capacity and MCMULLEN COUNTY,
TEXAS; SHERIFF ARVIN WEST in his
official capacity and HUDSPETH
COUNTY, TEXAS; THE FEDERAL
POLICE FOUNDATION, ICE
OFFICERS DIVISION,

    Plaintiffs,

    v.

JOSEPH R. BIDEN, JR., President,
in his official capacity; THE UNITED
STATES OF AMERICA; ALEJANDRO
MAYORKAS, Secretary of Homeland
Security, in his official capacity; U.S.
DEPARTMENT OF HOMELAND
SECURITY; TAE JOHNSON, Acting
Director of U.S. Immigration and
Customs Enforcement, in his official
Capacity; IMMIGRATION AND
CUSTOMS ENFORCEMENT; TROY
MILLER, Senior Official Performing the
Duties of Commissioner of U.S. Customs
and Border Protection, in his official
capacity; U.S. CUSTOMS AND
BORDER PROTECTION,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.
3:21-CV-00168

---

## AFFIDAVIT OF BRAD COE

I, Brad Coe, hereby declare:

Appx. 126

I make the statements in this Affidavit based on my own personal knowledge, being duly sworn on oath, and if called to testify, I could and would do so competently as follows:

1.      I am Brad Coe, a plaintiff in the above-captioned case.

2.      I am the elected sheriff of Kinney County, Texas. I have served in that capacity since January 1, 2017.

3.      Prior to my service as sheriff, I was a Border Patrol officer for 30 years, from January 20, 1985, to December 31, 2015.

4.      As sheriff, I oversee the Kinney County Jail, which can house 14 inmates. It costs my office $70.00 per person, per day to detain someone in our jail. When our jail space is full, I contract with Val Verde and Burnet counties to house our inmates, at a cost of $70.00 per person, per day.

5.      Prior to February 18, 2021, my office had an excellent, cooperative relationship with Immigration and Customs Enforcement (ICE) and Customs and Border Protection (CBP). It was routine and it was expected that if my deputies had arrested an illegal alien for the commission of a crime, and the alien was no longer being detained by the county, ICE or CBP would take custody of the alien and remove him from the United States.

6.      Prior to February 18, 2021, it was also routine and it was expected that if a criminal alien had finished serving his sentence for a crime, ICE or CBP would take custody of that alien and remove him from the United States if my office notified them that his sentence was ending.

7.      Since February 2021, there has been a massive increase in illegal immigration through Kinney County and in the number of crimes committed by illegal aliens in Kinney County. In the year 2020, Kinney County apprehended a total of 180 illegal aliens, with current

Appx. 127

apprehensions thus far in 2021 already exceeding 420. In the year 2020, Kinney County apprehended a total of 47 individuals attempting to smuggle illegal aliens, with current apprehensions thus far in 2021 already exceeding 72. The increased level of illegal alien criminal activity this year has resulted in 12 house burglaries and 2 assaults on citizens of Kinney County.

8.      The law enforcement burden of this increase of illegal alien criminal activity has also required an additional approximately 4,000 hours of county law enforcement in pursuits, booking, patrols, etc. The towing fees alone for the vehicles involved in illegal alien smuggling has cost Kinney County law enforcement over $16,000. The increase of illegal alien criminal activity and limited jail space capacity of the Kinney County jail has resulted in approximately 85 criminals being turned away after an arrest.

9.      As a result of this surge in illegal immigration and in the crimes committed by illegal aliens, after February 18, 2021, the Kinney County jail has been full or near-full.  At any given time, my office will also have between 10 -12 inmates in the other jails that I contract with.

10.     The overwhelming majority of detainees that my office has arrested are either illegal aliens or involved in activity relating to illegal immigration.

11.     The cost of these extra detentions to Kinney County has been significant.  The amount of money spent on detention of inmates since February of 2021, as of July 1, is already $75,000 greater than it was in all of 2020.

12.     If the current elevated amount of illegal immigration and associated crime continues, I expect that my office will be required to spend an additional $300,000, over and above our normal budget, in 2022.  Those additional costs will come in the form of detention expenses, medical expenses, supplies cost, transportation costs and overtime.

13.     My deputies have called ICE multiple times to ask ICE to take custody of illegal aliens who have committed crimes. ICE has refused to take custody of such aliens since February 18, 2021. More specifically, ICE has refused to take custody or initiate removal proceedings for any illegal alien convicted of criminal trespass.

14.     I am not aware of a single occasion since February 18, 2021, when ICE has agreed to take custody of an illegal alien when requested by my office.

15.     ICE has notified my office that illegal aliens convicted of criminal trespass would not be accepted for removal proceedings because they no longer meet the criteria for removal under the new policies.

16.     In addition to the Kinney County Jail, another detention facility in Kinney County is the Kinney County Detention Center, which can hold 420 inmates. It is operated by Kinney County, but it is used to detain prisoners for the U.S. Marshal's Office of the federal government. Currently, said Detention Center contains 171 immigration detainers. If the unlawful policies of the February 18th memorandum are allowed to continue, the majority of those 171 illegal aliens will be released back into the community and place county residents in harm's way.

17.     Recently, on approximately May 1, 2021, an illegal alien who as in custody for the federal offense of violating 8 U.S.C. § 1326 (reentry of a removed alien), and had a detainer placed on him by ICE prior to February 18, 2021, was about to be released. My deputy called ICE to notify them that the alien was about to be released and to request that they take custody. Instead of picking up and removing the aliens, as previously was the practice, ICE stated that they were no longer interested in executing the detainer or taking custody of the criminal alien. My deputy then called CBP to see if they would take custody of the alien to remove him, and they refused to take the alien as well.

18.     Because ICE and CBP are no longer taking custody of illegal aliens who have already been arrested or convicted of at least one crime, those aliens are committing additional crimes in Kinney and neighboring counties after their release.  Due to illegal aliens not being subject to removal proceedings for convictions of criminal trespass, their continued presence in the community has caused an elevated level of criminal activity that my office has had to contend with.

19.     The surge in illegal alien crime after February 18, 2021, has greatly endangered the public in Kinney County.  The crimes committed by illegal aliens include criminal trespass, assault, burglary, evading arrest, child endangerment and theft.

20.     The surge in illegal alien crime after February 18, 2021, has also diverted my deputies from their normal law enforcement duties, such as responding to burglaries or medical emergencies of county residents.

21.     When I took my oath of office, I swore that "I would protect the people of Kinney County".  ICE's policy of not taking custody of most illegal alien criminals since February 18, 2021, has made it difficult for me to keep this oath; because of limited resources my office cannot cope with the dramatic increase of illegal alien criminal activity.

22.     I have personal knowledge concerning the information contained in this Affidavit.

FURTHER AFFIANT SAITH NAUGHT.

_____
Brad Coe

SUBSCRIBED AND SWORN TO before me this _____ day of July, 2021.



CYNTHIA GOSE
Notary ID #130639978
My Commission Expires
April 28, 2024

_____
Notary Public

Appx. 130

December 15, 2021

Merrick Garland, U.S. Attorney General
Lisa Monaco, Deputy Attorney General
Vanita Gupta, Associate Attorney General
Kristen Clarke, Assistant Attorney General
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C.  20530

Dear Attorney General Garland, Deputy Attorney General Monaco, Associate Attorney General Gupta, Assistant Attorney General Clarke:

As organizations committed to advancing immigrant rights, civil rights, and racial justice, we urge you to take action in response to today's filing of a Title VI complaint against Texas state agencies[1] for continued implementation of "Operation Lone Star"--an unlawful, racist, and xenophobic system of state immigration enforcement in Texas.[2] **Specifically, we request that the U.S. Department of Justice initiate a formal Title VI investigation and terminate federal funding received by Texas agencies and counties engaged in this discriminatory operation.**

"Operation Lone Star" is a state-created immigration enforcement system disguised as a state criminal system. Supported by roughly a billion dollars in funding,[3] the Operation targets migrants for arrest, jailing, and criminal prosecution for the state misdemeanor offense of criminal trespass based on their perceived race, national origin, and immigration status. Arrested individuals are channeled into an unconstitutional shadow criminal legal system that violates basic due process rights and in many cases the Refugee Convention's prohibition against imposing penalties on asylum seekers. In short, as the Title VI complaint documents, "Operation Lone Star" is rife with egregious civil rights violations.

Statements by various Texas state and local officials make clear the true discriminatory intent of the Operation: to use it as a vehicle to punish migrants and deter future immigration rather than

---

[1] Agencies include: Texas Office of the Governor, Texas Department of Public Safety, Texas National Guard, Texas Division of Emergency Management, and Texas Office of Court Administration, as well as Val Verde and Kinney Counties.

[2] "Operation Lone Star" refers to a large Texas law enforcement effort that includes several components, including the trespass arrest program that is the focus of the Title VI complaint filed on December 15, 2021.

[3] James Barragan and Alice Walker, "Texas Senate approves spending nearly $2 billion on border security," *The Texas Tribune*, https://epbusinessjournal.com/2021/09/texas-senate-approves-spending-nearly-2-billion-on-border-security/#:~:text=HB%209%20will%20help%20reimburse%20the%20Texas%20Department,to%20hold%20migrants%20arrested%20under%20Operation%20Lone%20Star.essjournal.com).

Appx. 131

to neutrally enforce state criminal law.[4] Texas Governor Greg Abbott intends the Operation to send a message to those that "come across the border in the state of Texas, they're not going to be caught and released like under the Biden administration, they are going to be spending time behind bars."[5] It's "catch and jail," he says.[6]

Similarly, the Kinney County Sheriff's Office has boasted on social media, "This is happening! 17 illegals this morning."[7] Val Verde County Sheriff Joe Frank Martinez testified that people in his jurisdiction have asked him, regarding migrants on their property, "When can I shoot?" and that he believes that migrants "should be arrested versus them getting shot."[8]

Nearly all of those arrested to date are Latinx or Black. As detailed in the Title VI complaint, analysis of arrest affidavits under the Operation show acute racial disparities and racially biased policing. Officers repeatedly describe potential arrestees as "undocumented migrants," a label that appears to be based solely on race and on the presumption that Latino men in particular are necessarily undocumented and should be targeted for arrest under the Operation.[9] In other cases, affidavits describe state officials initiating police encounters based on the perception that individuals are "Hispanic."[10] The affidavits reinforce not only that the arrests target migrants, but also that officers are using race as a proxy to identify "undocumented migrants."

The discriminatory intent of Texas officials is underscored by the implementation of the program, which has included unlawful arrests and changes to standard charging practices. For example, Texas law enforcement officials have directed individuals near the border to a particular place–giving them the impression they have permission to be on the property–only then to arrest them for trespassing.[11] Texas authorities also constructed new fences near the border in an attempt to make crossing property criminal where it was not before–to enable the arrest of migrants.[12] Additionally, the state prosecutes those arrested for criminal trespass under the Operation as a "Class A" misdemeanor, even though trespass is ordinarily a "Class B"

---

[4] *See e.g.*, Greg Abbott (@GregAbbott_TX), Twitter (July 23, 2021, 6:57 PM), https://twitter.com/GregAbbott_TX/status/1418722056003280896; Gov. Greg Abbott, television interview, (Sept. 28, 2021), *available at* https://twitter.com/GregAbbott_TX/status/1442879549692338191 .
[5] Gov. Greg Abbott, Fox News interview, *available at* https://twitter.com/GregAbbott_TX/status/1419369434414731266 (July 25, 2021).
[6] *Id*.
[7] Greg Abbott (@GregAbbott_TX), Twitter (Aug. 6, 2021, 11:35 AM), https://twitter.com/GregAbbott_TX/status/1423684063760719885.
[8] Texas House Appropriations Committee Hearing, H.B. 9, Relating to making supplemental appropriations relating to border security and giving direction regarding those appropriations, Aug. 24, 2021, 8:00 AM, *available at* https://tlchouse.granicus.com/MediaPlayer.php?view_id=46&clip_id=22334 at 1:48:53.
[9] *See* Title VI complaint, sent to U.S. Department of Justice on December 15, 2021, https://www.aclutx.org/en/cases/texas-migrant-arrest-program-under-operation-lone-star.
[10] *Id*.
[11] *Id*.
[12] *Id*.

misdemeanor–allowing the state to impose enhanced and harsher penalties specifically for the migrants arrested.[13]

Once Latinx and Black migrants are arrested under the Operation, they are held in "criminal migrant processing facilities" and then transported to one of two state prisons that have been converted to pretrial jails specifically for the Operation.[14] These facilities are notorious for poor conditions including inadequate food, medical care, and treatment.[15] Migrants channeled into this criminal system are routinely denied or delayed access to legal counsel.[16] Many report being held in jail for three months without ever speaking to an attorney. In some instances, individuals have been forced to submit involuntary waivers of counsel at their first court appearance.[17]

"Operation Lone Star's" targeting of Latinx and Black migrants in this constitutionally deficient system fits within a context of broader white supremacist rhetoric and racial animus that threatens all Black and Brown Texas communities. Kinney County officials have repeatedly linked the humanitarian challenge of migration to Texas's war of independence from Mexico–invoking violent imagery analogizing migrants to "invaders."[18] The county is taking additional steps to target migrants by seeking to hire private security to help locate migrants for apprehension, partnering with vigilante groups, and possibly deputizing militia members.[19] In other words, the Operation fans the flames of racist, anti-immigrant animus in Texas and threatens to embolden states around the country to initiate similar discriminatory programs.

---

[13] *See* Tex. Penal Code § 30.05(d)(1); In May 2021 Governor Abbott declared a disaster due to migration across the Texas-Mexico border. Under Texas law, where there is a showing that an offense was committed in an area subject to a federal, state, or local disaster declaration, penalties are enhanced for "the next higher category of offense."

[14] Operation Lone Star Briefing, Nov. 18, 2021, *available at* https://www.valleycentral.com/news/local-news/texas-dps-to-hold-briefing-on-operation-lone-star-focus-on-apprehension-numbers/.

[15] *See* Title VI complaint, *See* Title VI complaint, sent to U.S. Department of Justice on December 15, 2021, https://www.aclutx.org/en/cases/texas-migrant-arrest-program-under-operation-lone-star.

[16] Jolie McCullough, "Migrants arrested by Texas in border crackdown are being imprisoned for weeks without legal help or formal charges," *The Texas Tribune*, https://www.texastribune.org/2021/09/27/texas-border-migrants-jail/ (Sept. 27, 2021); Jolie McCullough, "Rural Kinney County accounts for most of Texas' migrant arrests," *The Texas Tribune*, https://www.texastribune.org/2021/09/02/texas-immigration-arrests-jail-kinney-county/.

[17] *Id.*

[18] Declaration of Local State of Disaster, April 21, 2021, https://cokinneytx.civicweb.net/document/16670/3.e%20Declaration%20of%20Local%20State%20of%20Disaster%20for%20Kin.pdf?handle=B7DFA16D4B5F44CE9DBFA7466939E756; Brent Smith, *Op-Ed: Texas, as a Sovereign State, Has the Right to Defend Its Own Borders; Here's What Needs to Happen Now*, San Marcos Corridor News, June 26, 2021, https://smcorridornews.com/op-ed-texas-as-a-sovereign-state-has-the-right-to-defend-its-own-borders-heres-what-needs-to-happen-now/ (Kinney County attorney stating, "It is no coincidence that we waited to file [the disaster declaration] on San Jacinto Day").

[19] *See e.g.*, SammySam777, *Kinney County Commissioner's Court Speech.*, YouTube (Oct. 23, 2021), https://www.youtube.com/watch?v=q3n42ULJkXo&t=5s; SammySam777, *November 1, 2021*, YouTube (Nov. 1, 2021), https://www.youtube.com/watch?v=ZBrkRwO6SIY&t=2s; Gateway Pundit, *Kinney Co. TX Sheriff TX Takes Historic Action To Fight Back Against Illegal Invasion*, YouTube (Oct. 18, 2021), https://www.youtube.com/watch?v=jiTvH3jOXzE&list=UUMaLetBcZ8fqsoIryB015og&index=4&ab_channel=GatewayPundit.

Title VI of the Civil Rights Act of 1964 bars discrimination on the basis of race, color, or national origin in any program or activity receiving federal financial assistance. Texas agencies that depend on federal dollars are perpetrating "Operation Lone Star." The U.S. Department of Justice must exercise its authority under Title VI to investigate this unabashedly racist and anti-immigrant operation to ensure that federal dollars are not used to discriminate. We urge you to investigate and act immediately.

Sincerely,

ACLU of Texas
ACLU National
Adelante Alabama Worker Center
Advancement Project, National Office
Alianza Americas
Alianza for Youth Justice
Alianza Sacramento
All Souls Unitarian Migrant Solidarity Team
American Friends Service Committee
Amnesty International USA
Angry Tias and Abuelas of the RGV
Arizona Justice For Our Neighbors
Autistic Self Advocacy Network
Bend the Arc: Jewish Action
Benedictine Sisters
Black Alliance for Just Immigration
Border Patrol Victims Network
Catholic Charities of Southern New Mexico
Catholic Legal Immigration Network, Inc.
Center for Constitutional Rights
Chicago Religious Leadership Network on Latin America
Chicago Religious Leadership Network on Latin America-CRLN
Church World Service
Coalition for Humane Immigrant Rights (CHIRLA)
Columbia Law School Immigrants' Rights Clinic
Community Asylum Seekers Project
Community Justice Exchange
Connecticut Shoreline Indivisible
Defending Rights & Dissent
Detention Watch Network
Doctors for Camp Closure
Envision Freedom Fund

Appx. 134

Every Texan (formerly CPPP)
Faith in Public Life
Faithful Friends/Amigos Fieles
Families for Freedom
Freedom Network USA
Grassroots Leadership
Haitian Bridge Alliance
Houston Immigration Legal Services Collaborative
Human Rights First
Human Rights Initiative of North Texas
Human Rights Watch
Illinois Coalition for Immigrant and Refugee Rights
Immigrant Justice Network
Immigrant Legal Resource Center
Immigrant Welcoming Working Group, Plymouth Congregational Church of Minneapolis
Inter-Faith Committee on Latin America (IFCLA)
Interfaith Welcome Coalition - San Antonio
Jewish Activists for Immigration Justice of Western Mass
Just Futures Law
Justice Action Center
LatinoJustice PRLDEF
Legal Aid Justice Center
Long Beach Immigrant Rights Coalition
Mano Amiga
Mariposa Legal
Maryland Against ICE Detention
Migrant Solidarity Team, All Souls Church, Unitarian
Mijente
Minnesota Interfaith Coalition on Immigration
Mississippi Center for Justice
Muslim Advocates
National Council of Churches
National Immigrant Justice Center (NIJC)
National Immigration Law Center
National Immigration Project (NIPNLG)
National Latina Institute for Reproductive Justice
National Network for Immigrant and Refugee Rights
NorCal Resist
Northwest Immigrant Rights Project
Presente.org

Appx. 135

Progressive Leadership Alliance of Nevada
Public Counsel
Public Defenders Coalition for Immigrant Justice
Quixote Center
RAICES
Rainbow Beginnings
Robert F. Kennedy Human Rights
Sanctuary and Resistance to Injustice
Secure Justice
Showing Up for Racial Justice
SIREN
South Bay People Power
Southeast Asia Resource Action Center (SEARAC)
Southern Border Communities Coalition
Southern Poverty Law Center
SPAN Parent Advocacy Network
T'ruah
Tahirih Justice Center
Takoma Park Mobilization -- Equal Justice
Texas AFL-CIO
Texas Civil Rights Project
Texas Fair Defense Project
The Sidewalk School
Unitarian Universalist Service Committee
United Sikhs
UnLocal
Voces Unidas RGV
Witness at the Border
Woori Juntos
Young Center for Immigrant Children's Rights

Appx. 136

Cause Number _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE (MUNICIPAL)(JUSTICE) |
| | X | (COUNTY)(DISTRICT) COURT |
| | X | (PCT OR C.C. AT LAW ___) |
| COUNTY OF **KINNEY** | X | IN **KINNEY** COUNTY, TEXAS |

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION
## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **Trooper MICHAEL PATRICK AFTOSMES JR. #15778**, have good reason to believe and do believe that **AMADOR RODAS, MELBIN OMAR   H/M DOB 10/21/1993 HO, DL/ID#NONE** on or about the **9 th day of September, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS - DISASTER AREA (TXPC 30.05(a))
**Misdemeanor - Class A**

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On 9/9/2021, at approximately 2:30 PM, the affiant was on patrol in Kinney County, Texas. The affiant received information from Sergeant Ryan Glenn, who was employed by the Texas Department of Public Safety and a credible source of information, that Sergeant Glenn and multiple United States Border Patrol Agents had apprehended a group of Undocumented Persons (UDPs) on the Haby Ranch in Kinney County, Texas. The defendant was one of the UDPs in the group. The defendant was located the following coordinates: (29.32048, -100.18678). This property was enclosed in a fence that the defendant would have had to pass to enter. The coordinates where the defendant was found were more than 100 feet from the nearest boundary of the property. Chris Carper, the foreman of the ranch where the defendant was located, signed a criminal trespass affidavit allowing the Texas Department of Public Safety to arrest anyone found trespassing on the property that he managed. The defendant did not have permission to enter or remain on the property. Furthermore, the defendant committed the criminal trespass during a time when the Governor of Texas had declared a state of disaster for Kinney County, Texas.

**This offense was committed against the peace and dignity of the state of Texas.**

Affiant **Trooper MICHAEL PATRICK AFTOSI**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **9th day of September, 2021**.

☐ Notary Public   ☒ Peace Officer,  in and for The State of Texas **KINNEY** County

On this the _____ day of _____, 20____, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

Magistrate in and for, KINNEY County, Texas

Case 1:22-cv-00397-RP   Document 1-4   Filed 04/27/22   Page 39 of 50

Cause Number _____

THE STATE OF TEXAS

COUNTY OF **KINNEY**

X   IN THE (MUNICIPAL)(JUSTICE)
X   (COUNTY)(DISTRICT) COURT
X   (PCT OR C.C. AT LAW ____)
X   IN **KINNEY** COUNTY, TEXAS

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION
## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **Trooper DAVID HERNANDEZ #14391**, have good reason to believe and do believe that **AMAYA ZELAYA, MELVIN JOEL   H/M DOB 10/25/1993 HO, DL/ID#** on or about the **25 th day of December, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS - DISASTER AREA (TXPC 30.05(a))
**Misdemeanor - Class A**

My belief of the foregoing statement is based upon **information provided to me by QUIROZ, FIDEL, a credible person working at TEXAS DEPARTMNET OF PUBLIC SAFETY, #15953**, who personally observed such offense:

On 12/25/2021, at approximately 12:52 AM, Trooper David Hernandez was on patrol in Kinney County, Texas. Trooper David Hernandez was working Operation Lone Star in Kinney County when he received information from Trooper Joshua Patlan #15654 stating that there had been one male subject detained at the rail yard in Spofford, Texas. Trooper Fidel Quiroz #15953 had observed the male subject at the following latitude/longitude 29.155076, -100.399823. The defendant was identified by his Honduras passport as Melvin Joel Amaya Zelaya, DOB: 10/25/1993. There were "no trespassing" signs posted on the rails to the north and south of the entry points to the rail yard. Melvin Joel Amaya Zelaya, DOB: 10/25/1993, did not have permission to enter or remain in the rail yard or on any of the trains. C. Scott Post, the representative for the rail yard where Melvin Joel Amaya Zelaya, DOB: 10/25/1993, was located, signed a criminal trespass affidavit allowing the Texas Department of Public Safety to arrest anyone found trespassing on the rail property that he managed. Trooper David Hernandez subsequently placed Melvin Joel Amaya Zelaya, DOB: 10/25/1993, under arrest for Criminal Trespass (TXPC 30.05(a)), a Class B Misdemeanor in the State of Texas. Because Kinney County has been declared to be in a State of Emergency by the Texas Governor, the charge has been enhanced to a Class A Misdemeanor. Melvin Joel Amaya Zelaya, DOB: 10/25/1993, was transported to the Val Verde County Temporary Jail facility and booked for the charge.

**This offense was committed against the peace and dignity of the state of Texas.**

Affiant **Trooper DAVID HERNANDEZ #14391**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **25th day of December, 2021**.

☐ Notary Public   ☒ Peace Officer, in and for The State of Texas **KINNEY** County

On this the _25_ day of _December_, 20 _21_, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

Magistrate in and for, KINNEY County, Texas

KICO-TXVV-C6PSNZ   Cause Number _____

| | |
|---|---|
| THE STATE OF TEXAS | X   IN THE (MUNICIPAL)(JUSTICE) |
| | X   (COUNTY)(DISTRICT) COURT |
| | X   (PCT OR C.C. AT LAW ___) |
| COUNTY OF **KINNEY** | X   IN **KINNEY** COUNTY, TEXAS |

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **JUAN SALINAS JR. #15965**, have good reason to believe and do believe that **ARROYO BARCENAS, ERASTO   H/M DOB 03/06/1990 MX, DL/ID#** on or about the **9 th day of September, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS (TXPC 30.05(a))
**Misdemeanor - Class B**

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On the 9th of September, 2021, I Trooper Juan Salinas, with The Texas Department of Public Safety was on routine patrol in Kinney County, Texas. While on patrol I was notified by DPS SOG of nine migrants trespassing on the Dos Angeles Ranch. The Dos Angeles Ranch is located on Ranch to Market Road 693 in Kinney County. I arrived on location and observed nine males in custody by SOG. I was then notified by SOG that they were tracked in the Dos Angeles Ranch where they were apprehended. Sergeant Ryan Glenn with The Texas Highway Patrol made contact with the owner of Dos Angeles Ranch J.R. Hamilton confirmed via phone with the owner that he would press charges for criminal trespass. The defendant committed this offense of criminal trespass during the time the Texas Governor has Declared a state of disaster in Kinney County.

**This offense was committed against the peace and dignity of the state of Texas.**

_____

Affiant **JUAN SALINAS JR. #15965**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **9th day of September, 2021**.

_____

☐ Notary Public   ☒ Peace Officer,  in and for The State of Texas **KINNEY** County

On this the _____ day of _____, 20_____, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

_____

Magistrate in and for, KINNEY County, Texas

# Appx. 139

# Probable Cause Affidavit

**The State of Texas**

**KNOW ALL MEN BY THESE**

**PRESENT:**

**County of Kinney**

I Deputy _____Chris Coplan_____, being duly sworn, do state upon my oath that I have good reason to believe that __GOMEZ-Colorado, Jose Calos__, defendant, committed the offense of __Criminal Trespass 30.05 (d) (1)___ on or about __10-14-2021_____ in Kinney County, Texas and in the support of that belief and in order to provide probable cause for the filing of a criminal charge against the defendants, I state the following facts and swear that they are true.

To-wit:

On 10-14-2021 at approximately 2220 Hours I, Deputy Chris Coplan was dispatched to RR 693 to meet with US Border Patrol. According to Communications Officer Kaylee McCormick, US Border Patrol was at the Smith Ranch on RR 693 with two Illegal Aliens. The land owners wished to pursue trespassing charges on the Aliens. I arrived at approximately 2228 hours. I was traveling southbound on RR 693. I traveled less than a half mile before I drove up on US Border Patrol vehicles and a civilian vehicle. US Border patrol agents were standing near the fence line on the west side of RR 693. There were two civilians armed with long rifles and two illegal aliens lying prone with their hands on their heads. I asked what was going on and I was approached by Dale Smith Jr. SMITH stated he was the land owner and wanted to pursue criminal charges on the aliens for trespassing. I along with US BP Agent Taran Santiago (B331) did a pat down search for weapons. No weapons were located.

I asked SANTIAGO if he would transport the Aliens to the Kinney County Sheriff's Office while I had SMITH fill out a criminal trespass form. When I asked SMITH to fill out the form, he complied but stated he had already filled out a form and it was on file with our agency. SMITH was adamant about the aliens being transported to the Kinney County Sheriff's Office and prosecuted on a state level. After completing the criminal trespassing form, I proceeded to the Kinney County Sheriff's Office to begin case preparation.

Appx. 140

After taking the trespassers into the Kinney County Sheriff's Office Jail facility, I spoke with SANTIAGO outside. SANTIAGO told me he was traveling on RR 693 when he drove up on SMITH and SMITH's companion. SMITH and his companion had the two Illegal Aliens at gunpoint and SANTIAGO just happened to drive up as the apprehension was taking place. SMITH stated he wanted to pursue criminal charges for trespassing. At that point SANTIAGO asked his dispatch to notify us.

    Once at the Sheriff's Office I called SMITH to follow up. I asked Smith if there was any possible way the suspects could have entered his land without jumping a fence. SMITH stated absolutely not. The aliens were caught on game cameras and in the location they were captured, they would have had to cross many barriers. Once at the Kinney County Sheriff's Office I identified the trespassers as GOMEZ-Colorado, Jose Carlos and LEYVA-Gonzalez, Nolis. Both men are from Mexico.

_____

**Affiant**

**SWORN AND SUBSCRIBED BEFORE ME, BY**_____

**A credible person. This** _____ **day of**____ **20**__

_____

**Magistrate/Notary Public / Peace Officer**

Appx. 141

Cause Number _____
KICO-TXVV-C6PT8Q

THE STATE OF TEXAS

COUNTY OF **KINNEY**

X   IN THE (MUNICIPAL)(JUSTICE)
X   (COUNTY)(DISTRICT) COURT
X   (PCT OR C.C. AT LAW ____)
X   IN **KINNEY** COUNTY, TEXAS

## <u>AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION</u>

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **JUAN SALINAS JR. #15965**, have good reason to believe and do believe that **GUTIERREZ BECERRA, GABRIEL   H/M DOB 07/06/1994 MX, DL/ID#** on or about the **9 th day of September, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

## CRIMINAL TRESPASS - DISASTER AREA (TXPC 30.05(a))

### Misdemeanor - Class A

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On the 9th of September, 2021, I Trooper Juan Salinas, with The Texas Department of Public Safety was on routine patrol in Kinney County, Texas. While on patrol I was notified by DPS SOG of nine migrants trespassing on the Dos Angeles Ranch. The Dos Angeles Ranch is located on Ranch to Market Road 693 in Kinney County. I arrived on location and observed nine males in custody by SOG. I was then notified by SOG that they were tracked in the Dos Angeles Ranch where they were apprehended. Sergeant Ryan Glenn with The Texas Highway Patrol made contact with the owner of Dos Angeles Ranch J.R. Hamilton confirmed via phone with the owner that he would press charges for criminal trespass. The defendant committed this offense of criminal trespass during the time the Texas Governor has Declared a state of disaster in Kinney County.

### <u>This offense was committed against the peace and dignity of the state of Texas.</u>

Affiant **JUAN SALINAS JR. #15965**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **9th day of September, 2021**.

☐ Notary Public   ☒ Peace Officer, in and for The State of Texas **KINNEY** County

On this the _____ day of _____, 20_____, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

Magistrate in and for, KINNEY County, Texas

09/09/2021

Page 1 of 1     JS #15965      Texas DPS - Affidavit      TXDPS Report# TX642C0TXG3L

Case 1:22-cv-00397-RP  Document 1-4  Filed 04/27/22  Page 44 of 50

Cause Number _____

| | |
|---|---|
| THE STATE OF TEXAS | X   IN THE (MUNICIPAL)(JUSTICE) |
| | X   (COUNTY)(DISTRICT) COURT |
| | X   (PCT OR C.C. AT LAW ___) |
| COUNTY OF **KINNEY** | X   IN **KINNEY** COUNTY, TEXAS |

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION
## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **Trooper III ENRIQUE G HERNANDEZ #13209,** have good reason to believe and do believe that **GUZMAN CURIPOMA, JESUS ALBERTO   H/M DOB 07/14/1985 UK, DL/ID#** on or about the **17 th day of September, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS (TXPC 30.05(a))
**Misdemeanor - Class A**

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On 09/17/2021, at approximately 08:36 AM, the affiant was on patrol in Kinney County, Texas. The affiant who is employed by the Texas Department of Public Safety and is a credible source of information, observed the defendant riding on a train car in the Kinney County Rail Port in Spofford, Texas at coordinates (29.15611, -100.40010). Texas DPS Trooper Enrique Hernandez took custody of the defendant. There were "no trespassing" signs posted on the rails to the north and south of the entry points to the railyard. The defendant did not have permission to enter or remain in the railyard or on any of the trains.

C. Scott Post, the representative for the rail yard where the defendant was located, signed a criminal trespass affidavit allowing the Texas Department of Public Safety to arrest anyone found trespassing on the rail property that he managed. Furthermore, the defendant committed the criminal trespass during a time when the Governor of Texas had declared a state of disaster for Kinney County, Texas.

**This offense was committed against the peace and dignity of the state of Texas.**

Affiant **Trooper III ENRIQUE G HERNANDEZ**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **17th day of September, 2021**.

☐ Notary Public   ☑ Peace Officer, in and for The State of Texas **KINNEY** County

On this the _____ day of _____, 20____, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

Magistrate in and for, KINNEY County, Texas

Case 1:22-cv-00397-RP   Document 1-4   Filed 04/27/22   Page 45 of 50

Cause Number _____

THE STATE OF TEXAS

COUNTY OF **KINNEY**

X   IN THE (MUNICIPAL)(JUSTICE)
X   (COUNTY)(DISTRICT) COURT
X   (PCT OR C.C. AT LAW ___)
X   IN **KINNEY** COUNTY, TEXAS

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION
## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **Trooper MICHAEL PATRICK AFTOSMES JR. #15778**, have good reason to believe and do believe that **JIMENEZ PINEDA, JUAN CARLOS   H/M DOB 05/04/1993 HO, DL/ID#NONE** on or about the **9 th day of September, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS - DISASTER AREA (TXPC 30.05(a))
#### Misdemeanor - Class A

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On 9/9/2021, at approximately 2:30 PM, the affiant was on patrol in Kinney County, Texas. The affiant received information from Sergeant Ryan Glenn, who was employed by the Texas Department of Public Safety and a credible source of information, that Sergeant Glenn and multiple United States Border Patrol Agents had apprehended a group of Undocumented Persons (UDPs) on the Haby Ranch in Kinney County, Texas. The defendant was one of the UDPs in the group. The defendant was located the following coordinates: (29.32048, -100.18678). This property was enclosed in a fence that the defendant would have had to pass to enter. The coordinates where the defendant was found were more than 100 feet from the nearest boundary of the property. Chris Carper, the foreman of the ranch where the defendant was located, signed a criminal trespass affidavit allowing the Texas Department of Public Safety to arrest anyone found trespassing on the property that he managed. The defendant did not have permission to enter or remain on the property. Furthermore, the defendant committed the criminal trespass during a time when the Governor of Texas had declared a state of disaster for Kinney County, Texas.

**This offense was committed against the peace and dignity of the state of Texas.**

Affiant **Trooper MICHAEL PATRICK AFTOSI**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **9th day of September, 2021**.

☐ Notary Public   ☒ Peace Officer, in and for The State of Texas **KINNEY** County

On this the _____ day of _____, 20____, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

Magistrate in and for, KINNEY County, Texas

KICO-TXVV-C6PRAM

Cause Number **✖**

| | |
|---|---|
| THE STATE OF TEXAS | X   IN THE (MUNICIPAL)(JUSTICE) |
| | X   (COUNTY)(DISTRICT) COURT |
| COUNTY OF **KINNEY** | X   (PCT OR C.C. AT LAW ___) |
| | X   IN **KINNEY** COUNTY, TEXAS |

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **JUAN SALINAS JR. #15965**, have good reason to believe and do believe that **SANTANA, JESUS LOZA   H/M DOB 12/24/1986 MX, DL/ID#** on or about the **9 th day of September, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS - DISASTER AREA (TXPC 30.05(a))

**Misdemeanor - Class A**

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On the 9th of September, 2021, I Trooper Juan Salinas, with The Texas Department of Public Safety was on routine patrol in Kinney County, Texas. While on patrol I was notified by DPS SOG of nine migrants trespassing on the Dos Angeles Ranch. The Dos Angeles Ranch is located on Ranch to Market Road 693 in Kinney County. I arrived on location and observed nine males in custody by SOG. I was then notified by SOG that they were tracked in the Dos Angeles Ranch where they were apprehended. Sergeant Ryan Glenn with The Texas Highway Patrol made contact with the owner of Dos Angeles Ranch J.R. Hamilton confirmed via phone with the owner that he would press charges for criminal trespass. The defendant committed this offense of criminal trespass during the time the Texas Governor has Declared a state of disaster in Kinney County.

### This offense was committed against the peace and dignity of the state of Texas.

Affiant **JUAN SALINAS JR. #15965**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **9th day of September, 2021**.

☐ Notary Public   ☒ Peace Officer,  in and for The State of Texas **KINNEY** County

On this the _____ day of _____, 20____, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

Magistrate in and for, KINNEY County, Texas

09/09/2021

Appx. 145

Cause Number _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE (MUNICIPAL)(JUSTICE) |
| | X | (COUNTY)(DISTRICT) COURT |
| | X | (PCT OR C.C. AT LAW ____) |
| COUNTY OF **KINNEY** | X | IN **KINNEY** COUNTY, TEXAS |

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **CORPORAL I ERIC ORTIZ #15314**, have good reason to believe and do believe that **MUNOZ VEGA, DAVID   H/M DOB 05/14/1980 TX, DL/ID#** on or about the **25 th day of July, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS (TXPC 30.05(a))

#### Misdemeanor - Class B

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On 7/25/2021, at approximately 9:00 A.M., the affiant responded to a ranch (agricultural property) owned by Ken Phillips (Property Identification # 17789) in located on the Kinney/Val Verde County, Texas, county line in reference to persons seen trespassing on the property on a border security surveillance camera. There was a barbed-wire fence surrounding this entire property. The affiant located nine persons, one of which was the defendant, near the following latitude/longitude: 29.38931, -100.70257. The affiant recognized several of the nine persons as the same as were shown on the border surveillance camera on the property described above. The affiant asked the persons if they had been on the property described above. The persons admitted they had crossed over the fence onto the property described above. Ken Phillips signed a criminal trespass affidavit giving the Texas Department of Public Safety authorization to arrest any persons found trespassing on property he owned or had an interest in located in Kinney or Val Verde Counties. The defendant. Furthermore, the defendant committed the offense of Criminal Trespass during a period in which the Texas Governor had declared a disaster in Val Verde County, Texas.

#### This offense was committed against the peace and dignity of the state of Texas.

Affiant **CORPORAL I ERIC ORTIZ #15314**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **25th day of July, 2021**.

| Notary Public | Peace Officer, in and for The State of Texas **KINNEY** County |
|---|---|

On this the _____ day of _____, 20 ___, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

Magistrate in and for, **KINNEY** County, Texas

Appx. 146

Cause Number _____

| | |
|---|---|
| THE STATE OF TEXAS | X   IN THE (MUNICIPAL)(JUSTICE) |
| | X   (COUNTY)(DISTRICT) COURT |
| | X   (PCT OR C.C. AT LAW ___) |
| COUNTY OF KINNEY | X   IN KINNEY COUNTY, TEXAS |

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION
### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **CORPORAL I ERIC ORTIZ #15314**, have good reason to believe and do believe that **RUANO NAVA, IVAN** **H/M DOB 08/07/1992 TX, DL/ID#** on or about the **25 th day of July, 2021** in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS (TXPC 30.05(a))
#### Misdemeanor - Class B

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On 7/25/2021, at approximately 9:00 A.M., the affiant responded to a ranch (agricultural property) owned by Ken Phillips (Property Identification # 17789) in located on the Kinney/Val Verde County, Texas, county line in reference to persons seen trespassing on the property on a border security surveillance camera. There was a barbed-wire fence surrounding this entire property. The affiant located nine persons, one of which was the defendant, near the following latitude/longitude: 29.38931, -100.70257. The affiant recognized several of the nine persons as the same as were shown on the border surveillance camera on the property described above. The affiant asked the persons if they had been on the property described above. The persons admitted they had crossed over the fence onto the property described above. Ken Phillips signed a criminal trespass affidavit giving the Texas Department of Public Safety authorization to arrest any persons found trespassing on property he owned or had an interest in located in Kinney or Val Verde Counties. The defendant. Furthermore, the defendant committed the offense of Criminal Trespass during a period in which the Texas Governor had declared a disaster in Val Verde County, Texas. **This offense was committed against the peace and dignity of the state of Texas.**

_____

Affiant **CORPORAL I ERIC ORTIZ #15314**

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **25th day of July, 2021**.

_____

☐ Notary Public    ☐ Peace Officer, in and for The State of Texas **KINNEY** County

On this the ___ day of _____, 20__, I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

_____

Magistrate in and for KINNEY County, Texas

## Appx. 147

Cause Number _____

THE STATE OF TEXAS

COUNTY OF KINNEY

X   IN THE (MUNICIPAL)(JUSTICE)
X   (COUNTY)(DISTRICT) COURT
X   (PCT OR C.C. AT LAW ___)
X   IN KINNEY COUNTY, TEXAS

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, **TROOPER RICARDO LUIS ZAPATA #15854**, have good reason to believe and do believe that **SERRANO MARTINEZ, OSCAR ARCENIO   H/M DOB 01/14/1991 ES, DL/ID#NA** on or about the in **KINNEY** County, Texas, did then and there commit the offense of:

### CRIMINAL TRESPASS - DISASTER AREA (TXPC 30.05(a))
#### Misdemeanor - Class A

My belief of the foregoing statement is based upon **personal knowledge**, who personally observed such offense:

On 12/31/2021, I Trooper Ricardo Zapata (Badge# 15854) was notified by the Texas DPS Brush Team that they located and detained 6 migrants ( three males, three females) on the Union Pacific Rail Way (1476 RR 1572, Spofford, Kinney County, Texas 78877). The Brush Team was able to locate and apprehend the migrants through the use of a DPS drone. All three males were placed under arrest for Criminal Trespass, and transported to the Val Verde Holding Facility, the remaining three females were transported to the Border Patrol Station in Brackettville, Texas. The defendants did not have permission to enter or remain on said property. C. Scott Post, a representative of the property, signed a Criminal Trespass Affidavit allowing the Texas Department of Public Safety to arrest anyone found trespassing on the property. Furthermore, the defendants committed Criminal Trespassing during a declared state of disaster for Kinney County, Texas by the Governor of Texas.

**This offense was committed against the peace and dignity of the state of Texas.**

_____ #15854
Affiant **TROOPER RICARDO LUIS ZAPATA** i

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the **31st day of December, 2021.**

_____ #5610

☐ Notary Public   ☒ Peace Officer,  in and for The State of Texas **KINNEY** County

On this the ___ day of ___ JANUARY ___, 20 22 I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

_____
Magistrate in and for, KINNEY County, Texas



**Kinney County Sheriff's Department**
P.O.Box 1200
Brackettville, TX 78832
(830) 563-2788  Fax (830) 563-9114

Defendant Name: _Jesus Alberto Guzman Curipoma_

DOB: ███████████

SID#: _____

DL/ID#: _____

Description:

  Gender: ███

  Ethnicity: _Hispanic_

  Height: ███

  Weight: ███

**To Texas Department of Criminal Justice (TDCJ):**

Kinney County was named in the disaster Declaration issued by Governor Greg Abbott on 5/31/2021 and amended on 6/29/2021. As a result of the significant number of individuals illegally crossing the border and committing state offenses, there is limited capacity within the Kinney County Jail. I am requesting that TDCJ temporarily house all persons arrested by the Kinney County Sheriff's Department related to criminal trespass and other border related crimes, at the temporary jail facility in Del Rio until such time they may be transported to the Dolph Briscoe Unit in Dilley, Texas. Any decisions regarding time calculations and the release of this individual remain under my authority.

Signature of Sheriff
or authorized representative