**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ERASTO ARROYO BARCENAS,** § | |
| **MELVIN AMADOR RODAS; IVAN RUANO** § | |
| **NAVA; NOLIS LEYVA-GONZALEZ; JOSE** § | |
| **CARLOS GOMEZ-COLORADO; JOSE LUIS** § | |
| **DOMINGUEZ-ROJAS; MELVIN AMAYA** § | |
| **ZELAYA; JESUS CURIPOMA; OSCAR** § | |
| **SERRANO MARTINEZ; CHRISTIAN IVAN** § | |
| **RUIZ-RODRIGUEZ; ISRAEL BAYLON** § | |
| **ARELLANO; JOSE LOPEZ LOZANO;** § | |
| **MIGUEL LOPEZ LOZANO; FRANCISCO** § | |
| **VILLALPANDO RAMOS; CESAR GALINDO** § | |
| **ESCOTO,** § | |
|     **Plaintiffs,** § | |
|     **Individually and On Behalf of the Class** § | |
|     **of Those Similarly Situated,** § | |
| § | |
| § | |
| **VS.** § | **Case No. 1:22-cv-00397-RP** |
| § | |
| § | |
| **STEVEN MCCRAW in his individual capacity;** § | |
| **GREG ABBOTT in his individual and official** § | |
| **capacities; BRYAN COLLIER in his individual** § | |
| **capacity; BRAD COE in his individual capacity,** § | |
| **and KINNEY COUNTY, TEXAS** § | |
|     **DEFENDANTS.** § | |

---

**DEFENDANTS BRAD COE, IN HIS INDIVIDUAL CAPACITY AND KINNEY**
**COUNTY, TEXAS' RULE 12(b)(6) MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED COMPLAINT [Dkt. 10]**

---

TO THE HONORABLE U.S. DISTRICT COURT:

      DEFENDANTS BRAD COE ("Defendant Coe"), in his individual capacity and KINNEY

COUNTY, TEXAS (the "County") (hereinafter collectively referred to as "Defendants") file this

Motion To Dismiss in response to Plaintiffs Erasto Arroyo Barcenas, Melvin Amador Rodas, Ivan

Ruano Nava, Nolis Leyva-Gonzalez, Jose Carlos Gomez-Colorado, Jose Luis Dominguez-Rojas,

Melvin Amaya Zelaya, Jesus Curipoma, Oscar Serrano Martinez, Christian Ivan Ruiz-Rodriguez, Israel Baylon Arrellano, Jose Lopez Lozano, Miguel Lopez Lozano, Francisco Villalpando Ramos, and Cesar Galindo Escoto's (hereinafter collectively referred to as "Plaintiffs") Second Amended Complaint [Dkt. 10] as authorized by Federal Rules of Civil Procedure 12(b)(6) and would respectfully show the Court as follows:

## I.
## FACTUAL ALLEGATIONS

**A.     Specific factual allegations against Defendant Brad Coe.**

1.      *Plaintiffs' Second Amended Complaint* [Dkt. 10] makes a variety of allegations about various elected Kinney County officials and their statements.  However only Defendant Coe is named as a Defendant in his individual capacity [Dkt. 10, ¶¶ 24, 149-150] and Plaintiffs have identified him as the only alleged policy maker for Kinney County. [Dkt. 10, ¶¶ 149-150, 154, 156, 158].  Therefore, it is only necessary to recite the specific factual allegations involving Defendant Coe.

2.      Plaintiffs allege that as of 2019 Sheriff Brad Coe was using "Stonegarden" deputies from Homeland Security to conduct border enforcement.  [Dkt. 10, ¶ 36].

3.      Plaintiffs allege that Defendant Coe was a complaining witness on several occasions.  [Dkt. 10, ¶¶ 38, 49].

4.      Plaintiffs allege that on October 1, 2021, Judge Shahan ordered that Mr. Ruano Nava be released into the custody of his attorney who was waiting "outside the pretrial prison unit"[1] and that unidentified "jail personnel" ignored the order and transported Mr. Nava directly to Customs

---

[1] Although not stated, in context this language seems to refer to one of the TDJC facilities.

and Border Patrol. [Dkt. 10, ¶102]. However, Plaintiffs have not alleged that Defendant Coe ordered this action or that he even knew about it beforehand.

5.      Plaintiffs allege that Defendant Coe entered into various conspiracies with other Defendants. [Dkt. 10, ¶159-162].

## II.
## PLAINTIFFS' ALLEGED CAUSES OF ACTION

**A.      Causes of action alleged against Defendant Brad Coe.**

6.      Plaintiffs allege a 42 U.S.C. §1983 claim against Defendant Coe in his individual capacity. [Dkt. 10, ¶¶ 149-150]. Plaintiffs claim that Defendant Coe is the final policymaker for Kinney County law enforcement and  jail operations. [Dkt. 10, ¶149]. Plaintiffs claim that Defendant Coe is responsible for the constitutional violations, that he was directly engaged and as a policy maker for Kendall County. [Dkt. 10, ¶150].

7.      Plaintiffs allege a 42 U.S.C. §1983 conspiracy allegation that Defendant Coe conspired with Defendants Abbott and McCraw to engage in immigration enforcement. [Dkt. 10, ¶ 159].

8.      Plaintiffs allege a 42 U.S.C. §1983 conspiracy allegation that Defendant Coe conspired with Defendant Collier to deny detainees their right to counsel and to refuse to release those who were lawfully entitled to release. [Dkt. 10, ¶ 160].

9.      Plaintiffs allege a 42 U.S.C. §1985 conspiracy allegation that Defendant Coe conspired with Defendants Abbott and McCraw to implement Operation Lone Star ("OLS") for the specific purpose of depriving a class of persons of equal protection. [Dkt. 10, ¶ 161].

10.     Finally, Plaintiffs allege a 42 U.S.C. §1985 conspiracy allegation that Defendant Coe conspired with Defendant Collier to deny detainees their right to counsel and to refuse to release those who were lawfully entitled to release. [Dkt. 10, ¶ 162].

**C.      Specific allegations against Kinney County.**

11.     Plaintiffs allege that Kinney County has an official policy of arresting anyone who looks like an illegal alien for trespassing in violation of the Fourth and Fourteenth Amendments. [Dkt. 10, ¶154].

12.     Plaintiffs allege that Kinney County has an official policy of substantially delaying or denying the right to counsel in violation of the Sixth Amendment. [Dkt. 10, ¶154].

13.     Plaintiffs allege that Kinney County has an official policy of delaying or denying release of those incarcerated in violation of the Fourth Amendment.  [Dkt. 10, ¶154].

14.     Plaintiffs allege that Kinney County has an official policy of failing to train.  [Dkt. 10, ¶¶155-157].

15.     Finally, Plaintiffs allege that Kinney County and Defendant Coe have an official policy of denying the right to counsel in violation of the Sixth Amendment and of over-incarceration in violation of the Fourth and Fourteenth Amendments. [Dkt. 10, ¶ 158].

### III.
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
### RULE 12(b)(6)

**A.     Standard of review.**

16.     If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED R. CIV. P 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (citation omitted). Rather, the court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

17.     Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *See Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

18.     As explained herein, *Plaintiffs Second Amended Complaint* fails to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id*; *Nationwide BiWeekly Admin. Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

**B.     Plaintiffs failed to plead a plausible Fourth Amendment violation (illegal arrest).**

19.     Plaintiffs allege that Defendant Coe and the County violated their Fourth and Fourteenth Amendment rights by having an official policy of arresting anyone who looks like an illegal alien for trespassing in violation of the Fourth and Fourteenth Amendments. [Dkt. 10, ¶154].

20.     However, Plaintiffs have not alleged enough facts to create a reasonable inference that Defendant Coe was personally involved in arresting any of the named Plaintiffs.

21.    Likewise, Plaintiffs have not alleged enough facts to create a reasonable inference that the County had such a policy or that any such alleged policy led to any illegal arrest or violated Plaintiffs' rights.

22.    Plaintiffs have not alleged sufficient facts to create a reasonable inference that the officers who actually arrested Plaintiffs did not have probable cause to believe that Plaintiffs were not trespassing.  Based on the factual allegations and reasonable inferences drawn therefrom, Plaintiffs were arrested for violation of Texas' criminal trespass statute and not solely based on their immigration status.

23.    "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)(quoting *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008)).

24.    *Plaintiffs' Second Amended Complaint* does not contain sufficient facts to support a reasonable inference that Defendant Coe or the County violated any specific right secured by the Constitution or laws of the United States in connection with Plaintiffs' arrests.

25.    In other words, *Plaintiffs' Second Amended Complaint* does not plead a facially plausible claim for a Fourth and Fourteenth Amendment violation against Defendants Coe or Kinney County.

26.    A complaint is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Hutcheson v. Dallas Cty., Texas*, 994 F.3d 477, 482 (5th Cir. 2021), *cert. denied sub nom. Hutcheson v. Dallas Cty., TX*, No. 21-549, 2021 WL 5434539 (U.S. Nov. 22, 2021).  Plaintiffs' failure to plead sufficient factual

allegations about the circumstances leading to Plaintiffs' arrests do not reach this standard.  It appears that all Plaintiffs were arrested based on probable cause while committing criminal trespass in violation of the Texas Penal Code.  This Court should dismiss Plaintiffs' Fourth and Fourteenth Amendment Claims against Defendant Coe and the County in their entirety.

**C.      Plaintiffs failed to plead a plausible Sixth Amendment claim (denial of counsel).**

27.     Plaintiffs claim that Defendant Coe and Kinney County substantially delayed or denied their right to counsel in violation of the Sixth Amendment. [Dkt. 10, ¶¶154, 158].

28.     Plaintiffs have not pled sufficient facts to create a reasonable inference that Defendant Coe was personally responsible or involved in delaying or denying the appointment of counsel for any of the named Plaintiffs, or even that Defendant Coe was statutorily obligated to appoint counsel for Plaintiffs.  In Texas, judges appoint counsel to indigent defendants, Sheriffs do not.  *See* Tex. Code Crim. Proc. art. 26.04.

29.     Likewise, Plaintiffs have not pled sufficient facts to create a reasonable inference that the County had a policy of delaying or denying any arrestee their right to counsel or that Defendant Coe, as the alleged policy maker, could make such a policy for the County.

> The judges of the county courts, statutory county courts, and district courts trying criminal cases in each county, by local rule, shall adopt and publish written countywide procedures for timely and fairly appointing counsel for an indigent defendant in the county arrested for, charged with, or taking an appeal from a conviction of a misdemeanor punishable by confinement or a felony.

Tex. Code Crim. Proc. 26.04.

30.     Moreover, Plaintiffs allege that the Texas Supreme Court issued an Order that modified the Code of Criminal Procedure in order to provide a methodology to appoint defense counsel for Plaintiffs.  [Dkt. 10, ¶53].  From this allegation, the Court might infer that the Texas Supreme Court adopted a particular policy, but it is insufficient to support an inference that this is a Kinney

County policy.  In other words, *Plaintiffs' Second Amended Complaint* does not plead a facially plausible claim for a Sixth Amendment violation against Defendants Coe or Kinney County.

31.     A complaint is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  Plaintiffs' own allegations demonstrate that the Texas Supreme Court is responsible for the way counsel is appointed for Plaintiffs.  Neither Defendant Coe, nor any alleged policy of Kinney County delayed or denied Plaintiffs' access to counsel.  This Court should dismiss Plaintiffs' Sixth Amendment claims against Defendant Coe and the County in their entirety.

**D.      Plaintiffs failed to plead a plausible Fourth Amendment claim (over-incarceration).**

32.     Plaintiffs claim that Defendant Coe and Kinney County delayed or denied release of incarcerated persons who were entitled to release in violation of the Fourth Amendment.  [Dkt. 10, ¶154; 158].

33.     Plaintiffs have not alleged enough facts to create a reasonable inference that Defendant Coe was personally involved in delaying or denying the release of any of the named Plaintiffs.

34.     Likewise, Plaintiffs have not alleged enough facts to create a reasonable inference that the County had such a policy or that any such policy caused the delay or denial of the timely release of any of the named Plaintiffs.

35.     Plaintiffs allege that "[o]n September 30, 2021, Mr. Ruano Nava's defense counsel sent a demand letter to . . . Kinney County Sheriff Coe, explaining that an ICE detainer expires after 48 hours from the time the defendant is eligible for release." [Dkt. 10, ¶ 102].  However, this allegation does not demonstrate that Defendant Coe took or refrained from taking any action.  Plaintiffs do not allege that Sheriff Coe received the demand letter or when it might have been received.

36.     Plaintiffs allege that on the next day (October 1, 2021), Judge Shahan ordered that Mr. Ruano Nava be released into the custody of his attorney who was waiting "outside the pretrial prison unit" and that unidentified "jail personnel" ignored the order and transported Mr. Nava directly to Customs and Border Patrol. [Dkt. 10, ¶102].

37.     Plaintiffs do not allege that Defendant Coe knew about Judge Shahan's order or that Defendant Coe had any personal communications or involvement with the unidentified "jail personnel" (who in the context of the words "outside the pretrial prison unit" were probably at one of the two TDCJ facilities) who allegedly transported Mr. Nava to Customs and Border Patrol. This allegation says nothing about what Defendant Coe did or failed to do.

38.     *Plaintiffs Second Amended Complaint* does not plead a facially plausible claim for a Fourth or Fourteenth Amendment violation of over-incarceration against Defendants Coe or Kinney County.  Plaintiffs' failure to plead sufficient factual allegations to show that Defendant Coe individually and/or any policy of Kinney County delayed Mr. Nava's release does not reach this standard.  This Court should dismiss Plaintiffs' Fourth and Fourteenth Amendment claims relating to over-incarceration against Defendant Coe and the County in their entirety.

**E.     Plaintiffs failed to plead a plausible failure to train cause of action.**

39.     Plaintiff states that Kinney County has an official policy of failing to train its employees in specific requirements allegedly mandated by 8 U.S.C. §1357.  [Dkt. 10, ¶¶155-157].  However, Plaintiffs have not pled sufficient facts to create a reasonable inference that 8 U.S.C. §1357 is applicable.

40.     The statute defines the powers of immigration officers and employees of the "Service." 8 U.S.C. § 1357(a)("Any officer or employee **of the Service** authorized under regulations prescribed by the Attorney General shall have power without warrant….")(emphasis added).  "The term

'Service' means the Immigration and Naturalization Service of the Department of Justice." 8

U.S.C. § 1101(34).

41.    The specific portion of the statute dealing with state officers and employees is as follows:

> **(g) Performance of immigration officer functions by State officers and employees**
>
> (1) Notwithstanding section 1342 of Title 31, the Attorney General **may enter into a written agreement** with a State, or any political subdivision of a State, pursuant to which an officer or employee of the State or subdivision, who is determined by the Attorney General to be qualified to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States (including the transportation of such aliens across State lines to detention centers), may carry out such function at the expense of the State or political subdivision and to the extent consistent with State and local law.
>
> (2) **An agreement under this subsection** shall require that an officer or employee of a State or political subdivision of a State performing a function under the agreement shall have knowledge of, and adhere to, Federal law relating to the function, and shall contain a written certification that the officers or employees performing the function under the agreement have received adequate training regarding the enforcement of relevant Federal immigration laws.
>
> . . . .

8 U.S.C. § 1357 (emphasis added).

42.    *Plaintiff's Second Amended Complaint* does not allege that any such agreement with the

Attorney General's office exists.  Therefore, no additional training is mandated by this statute.

43.    *Plaintiffs' Second Amended Complaint* does not plead a facially plausible claim for a

failure to train against Defendants Coe or Kinney County based on any federal statute.  Absent an

agreement between Kinney County and the Attorney General's office, 8 U.S.C §1357(g) simply

does not apply.

44.    "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where

the failure to train amounts to deliberate indifference to the rights of persons with whom the police

come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103

L. Ed. 2d 412 (1989). "In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 390–91.  A "plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

45.    *Plaintiffs' Second Amended Complaint* does not describe the training received by Kinney County Deputies or how it would be inadequate for arresting any person (whether an illegal alien or a United States Citizen) for criminal trespass.  Plaintiffs, like any other person are subject to the penal laws of the state of Texas.  *See Arizona v. United States*, 567 U.S. 387, 400, 132 S. Ct. 2492, 2501, 183 L. Ed. 2d 351 (2012)("the historic police powers of the States" are not superseded "unless that was the clear and manifest purpose of Congress.").

46.    Plaintiffs have not alleged that any particular Kinney County employee violated any Plaintiffs' rights.  Plaintiffs have not pled facts to show that any supervisor either failed to supervise or train any such Kinney County employee for the job that they actually perform. Plaintiffs have not pled facts to demonstrate a causal link exists between the failure to train or supervise and any violation of Plaintiffs' rights.  And finally, Plaintiffs have not pled facts to support a reasonable inference that any failure to train or supervise amounts to deliberate indifference.  The Court should dismiss Plaintiffs' claims of failure to train against Defendant Coe and Kinney County in their entirety.

**F.      Plaintiffs failed to plead a plausible Section 1983 conspiracy claim.**

47.     Plaintiffs allege that Defendant Coe conspired with Defendants Abbott and McCraw to engage in "immigration enforcement" and that the conspirators implemented OLS without the involvement of the federal government and based on race/color and/or immigration status in violation of the United States Constitution.  [Dkt. 10, ¶ 159].

48.     Plaintiffs allege that Defendant Coe conspired with Defendant Collier to deny detainees the right to counsel and to refuse to release those who were lawfully entitled to release. [Dkt. 10, ¶160].

49.     "To state a § 1983 conspiracy claim, a plaintiff must allege: (1) an agreement between a defendant and others, involving at least one person acting under color of state law to commit an illegal act; and (2) an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement."    *Bright v. City of Killeen, Texas*, 532 F. Supp. 3d 389, 397–98 (W.D. Tex. 2021)(citing *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995)).   "A plaintiff who asserts a conspiracy claim under a civil rights statute must plead the operative facts upon which their claim is based."  *Id*. (citing *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991)).

50.     *Plaintiffs' Second Amended Complaint* does not plead facts about any particular time, date or event where Defendant Coe allegedly entered into any agreement with any other Defendant to commit any specific illegal act.  "A conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Terwilliger v. Reyna*, 4 F. 4th 270, 285 (5th Cir. 2021)(quoting  *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an

account of a defendant's commercial efforts stays in neutral territory. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of "entitle[ment] to relief." *Cf. DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 56 (C.A.1 1999) ("[T]erms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation—for example, identifying a written agreement or even a basis for inferring a tacit agreement, ... but a court is not required to accept such terms as a sufficient basis for a complaint").

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

51.    Plaintiffs' conclusory allegations are not entitled to a presumption of truth.  These types of allegations were examined by the Supreme Court:

> We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. Respondent pleads that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." The complaint alleges that Ashcroft was the "principal architect" of this invidious policy, and that Mueller was "instrumental" in adopting and executing it. These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, 550 U.S., at 555, 127 S.Ct. 1955, namely, that petitioners adopted a policy " 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group," *Feeney*, 442 U.S., at 279, 99 S.Ct. 2282. As such, the allegations are conclusory and not entitled to be assumed true. *Twombly*, 550 U.S., at 554–555, 127 S.Ct. 1955.

*Ashcroft v. Iqbal*, 556 U.S. 662, 680–81, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009)(internal references to the record omitted).  "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."  *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).  Plaintiffs have not pled sufficient facts, taken as true, to support a reasonable inference of the existence of any agreement between Defendant Coe and any other Defendant to commit an illegal act.

52.     Plaintiffs also fail to plead sufficient facts to demonstrate that there was an actual deprivation of any of the Plaintiffs' Constitutional rights in furtherance of any such agreement. Plaintiffs' allegations are conclusory at best and are insufficient to survive a motion to dismiss. The Court should dismiss Plaintiffs' 1983 conspiracy claims against Defendant Coe in their entirety.

**G.      Plaintiffs failed to plead a plausible Section 1985 conspiracy claim.**

53.     "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010)(citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir.1994)). Additionally, the conspiracy must also have a racially based animus. *Id*.

54.     Plaintiffs allege that Defendant Coe conspired with Defendants Abbott and McCraw to implement OLS specifically to deprive a class of persons of equal protection of the law.  [Dkt. 10, ¶ 161].

55.     Plaintiffs allege that Defendant Coe conspired with Defendant Collier to deny detainees of the right to counsel and to refuse to release those who were lawfully entitled to release. [Dkt. 10, ¶162].

56.     Plaintiffs have not pled sufficient facts to support a reasonable inference that Defendant Coe ever entered into a conspiracy with anyone. Plaintiff fails to state a time, place or occasion where an agreement between Defendant Coe and any other Defendant to commit an illegal act could reasonably have been made.  "Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate

to show illegality." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 127 S. Ct. 1955, 1966, 167

L. Ed. 2d 929 (2007)

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 555.

58.     Plaintiffs have not alleged sufficient facts to support that there was any an act in furtherance of any conspiracy.

59.     Plaintiffs have not alleged sufficient fact to show that any act in furtherance of a conspiracy deprived Plaintiffs of any right or privilege of a citizen of the United States.

60.     Plaintiffs have not pled sufficient facts to support a reasonable inference that Defendants conspired to deprive Plaintiffs of their constitutional rights because of their race.  The Fifth Circuit recognizes Section 1985 conspiracy claims only when racial "invidiously discriminatory animus behind the conspirators' action" is involved. *Cantú v. Moody*, 933 F.3d 414 (5th Cir. 2019).

61.     The Court should dismiss Plaintiffs Section 1985 conspiracy claims against Defendant Coe in their entirety.

**H.     Defendant Coe is entitled to qualified immunity.**

62.     Defendant Coe is the duly elected Sheriff of Kinney County, Texas.  However, Defendant Coe was sued only in his individual capacity.   Therefore, he is entitled to raise and does raise the defense of qualified immunity.  "The defense of qualified immunity applies only to suits against defendants in their individual capacities." *Walker v. Howard*, 517 F. App'x 236, 237 (5th Cir. 2013)(citing *Kentucky v. Graham*, 473 U.S. 159, 166–67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)).

63.   Qualified immunity, an affirmative defense, protects government officials in their personal capacity performing discretionary functions not only from suit, but from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009).

> Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982). To determine whether a defendant is entitled to qualified immunity, this court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred. *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009); *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir.2007) (citing *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir.2006)). "If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity." *Hampton*, 480 F.3d at 363 (citing *Easter*, 467 F.3d at 462). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 410 (5th Cir.2009) (quoting *Saucier*, 533 U.S. at 202, 121 S. Ct. 2151). If the answer to either of the two questions is "no," qualified immunity applies and the government official is immune from suit. The plaintiff bears the burden of overcoming the qualified immunity defense. *Bennett v. City of Grand Prairie, Tex.*, 883 F.2d 400, 408 (5th Cir.1989). After the Supreme Court's decision in *Pearson,* 555 U.S. 223, 129 S. Ct. 808, courts have discretion as to which of the two qualified immunity prongs to address first.

*Castera Robles v. Cayton*, 454 F. App'x 373, 376–77 (5th Cir. 2011).  "[A] defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution, or the federal statute as alleged by the plaintiff." *Thompson v. Upshur County, Texas*, 245 F.3d 447,

457 (5th Cir. 2001). The officer is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions," even if the conduct violated the plaintiff's constitutional right. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc).

64.     Although qualified immunity is an affirmative defense, "plaintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir.2009). To meet this burden the plaintiff must allege facts showing that the defendants committed a constitutional violation under the current law and that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. *See Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

65.     Once a defendant raises a qualified immunity defense, the Fifth Circuit requires a plaintiff to show with factual detail and particularity why the defendant official cannot maintain the qualified immunity defense. *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985); *see also Schultea v. Wood*, 47 F.3d 1427, 1429–34 (5th Cir. 1995)(en banc)("When a public official pleads the affirmative defense of qualified immunity . . . . the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.").

66.     The Fifth Circuit revisited the *Schultea* standard (requiring plaintiff to support a "claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's contact at the time of the alleged acts") in *Morgan v. Hubert*, 335 Fed. Appx. 466, 472–73 (5th Cir. 2009). The Court explained the reasons for requiring this standard:

> We did not ground any such requirement in Rule 9(b), but nevertheless required a plaintiff to plead more than conclusions. Specifically, we reasoned that "a plaintiff

cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants [emphasis added by *Morgan* panel]." "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir.1999).

*Morgan*, 335 Fed. Appx. at 469–70(emphasis added)(citing *Schultea*, 47 F.3d at 1432–34).

67.     Courts must examine each officer's actions independently to determine whether he or she is entitled to qualified immunity. *Newman v. Guedry*, 703 F.3d 757, 762 (5th Cir.2012). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Marlowe v. LeBlanc*, 2022 WL 2101523, at *2 (5th Cir. June 10, 2022) (per curiam)

68.     Plaintiffs do not plead sufficient factual allegations to show that Defendant Coe violated their Constitutional rights.  For example, Plaintiffs allege that as of 2019 Sheriff Brad Coe was using "Stonegarden" deputies from Homeland Security to conduct border enforcement.  [Dkt. 10, ¶ 36].  Obviously, this occurred prior to the 2020 elections and under the prior Presidential administration and that administration was actively involved in border enforcement.  Plaintiffs have not pled that the alleged use of "Stonegarden" deputies caused Plaintiffs any Constitutional injury or that Plaintiffs were actually arrested by or otherwise handled by any of the so-called "Stonegarden" deputies.

69.     Plaintiffs allege that Defendant Coe was a complaining witness on several occasions (though not in connection with the arrest of any of the named Plaintiffs).  [Dkt. 10, ¶¶ 38, 49]. This allegation is insufficient to show a deprivation of Plaintiffs' rights.

70.     Plaintiffs allege that on October 1, 2021, Judge Shahan ordered that Mr. Ruano Nava be released into the custody of his attorney who was waiting "outside the pretrial prison unit" and that unidentified "jail personnel" ignored the order and transported Mr. Nava directly to Customs and Border Patrol. [Dkt. 10, ¶102].   However, Plaintiffs do not allege that Defendant Coe ordered or even knew about the alleged actions of these unidentified "jail personnel" or that they were subject to his control.  This allegation does not show that Defendant Coe did or failed to do anything, much less that he violated Plaintiffs' rights.

71.     Likewise, Plaintiffs have not pointed to any clearly established authority that would put Defendant Coe on notice that he could not be a complaining witness to a crime or engage in a program with Homeland Security in 2019.

72.     "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149 (2011)(internal quotations and punctuation omitted).  "[C]learly established law should not be defined at a high level of generality," but must instead be "particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (internal quotations omitted). "It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality.'" *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) (per curiam) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732–33 (5th Cir. 2016) (per curiam)). "Because nonprecedential opinions do not establish any binding law for the circuit, they cannot be the source of clearly established law for qualified immunity analysis." *Marks v. Hudson*, 933 F.3d 481, 486 (5th Cir. 2019) (quotation omitted). "Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at

that stage" and "cannot defer that question until summary judgment" or "permit discovery against the immunity-seeking defendants before it rules on their defense." *Carswell v. Camp*, 37 F.4th 1062, at *2 (5th Cir. June 17, 2022).

73.     Plaintiffs have not alleged facts sufficient to overcome Defendant Coe's qualified immunity for any of their claims.

WHEREFORE, PREMISES CONSIDERED, Defendants BRAD COE in his individual capacity and KINNEY COUNTY, TEXAS respectfully request that the Court grant their Motion to Dismiss and dismiss all of Plaintiffs' claims pursuant to FRCP 12(b)(6) and for such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

Respectfully submitted,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
rldrinkard@rampagelaw.com

By: _____
SCOTT M. TSCHIRHART
State Bar No. 24013655
ROBERT L. DRINKARD
State Bar No. 24007128

ATTORNEYS FOR DEFENDANTS, BRAD COE, in his individual capacity, AND KINNEY COUNTY, TEXAS

## <u>CERTIFICATE OF SERVICE</u>

  This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 18th day of July 2022, to the following:

Susan E. Hutchson         **E-NOTIFICATION**
S. Rafe Foreman
HUTCHISON & FOREMAN, PLLC
1312 Texas Ave. Suite 101
Lubbock, Texas 79401
ATTORNEYS FOR PLAINTIFFS

Angelica Cogliano         **E-NOTIFICATION**
Addy Miro
E.G. Morris
505 West 12th Street, Suite 206
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFFS

Benjamin L. Dower         **E-NOTIFICATION**
Kimberly Gdula
William D. Wassdorf
Allison M. Collins
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANT
GOVERNOR GREG ABBOTT

Jason T. Bramow         **E-NOTIFICATION**
Jessica L. Weltge
Marlayna M. Ellis
Assistant Attorneys General
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANTS,
EXECUTIVE DIRECTOR BRYAN COLLIER AND
EXECUTIVE DIRECTOR STEVEN MCCRAW

                               SCOTT M. TSCHIRHART