# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ERASTO ARROYO BARCENAS, et al., <br><br> Plaintiffs, Individually and on Behalf of the Class of Those Similarly Situated, <br><br> v. <br><br> STEVEN MCCRAW in his individual capacity, et al., <br><br> Defendants. | Case No. 1:22-cv-00397-RP |

## UNOPPOSED MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS

MATT A. CRAPO*
CHRISTOPHER J. HAJEC
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
matt.crapo@pm.me
litigation@irli.org

* Pending *pro hac vice* admission

Counsel for *Amicus Curiae*
Immigration Reform Law Institute

1.      Pursuant to FED. R. CIV. P. 7, the Immigration Reform Law Institute ("IRLI") respectfully requests this Court's leave to file the accompanying brief as *amicus curiae* in support of Defendants' motions to dismiss Plaintiffs' second amended complaint. IRLI's counsel has conferred with counsel for all parties, and neither Plaintiffs nor Defendants object to the filing of the attached *amicus* brief. Therefore, this motion is unopposed.

2.      IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

3.      "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, IRLI looks to the appellate rules' criteria for granting leave to file *amicus* briefs to support their motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to

1

file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

4.   IRLI respectfully submits that its proffered brief will bring the following relevant matters to the Court's attention:

- Demonstrating that the "public offense" referenced in *Arizona v. United States*, 567 U.S. 387 (2012), refers to criminal offenses that render aliens removable under the immigration laws and not to Texas's criminal trespass law and that *Arizona* is distinguishable.

- Demonstrating that Plaintiffs' failure to specifically allege the actual existence of a similarly situated group of persons who were treated differently under the law is fatal to their equal protection claim and identifying caselaw in support of this conclusion.

- Pointing out that Plaintiffs' purport class members only common claims are fatally flawed and should be dismissed.

These issues are relevant to this Court's decision on the Defendants' motions to dismiss, and movant IRLI respectfully submits that its brief may aid the Court.

5.  For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying brief as *amicus curiae*.

Dated:  August 23, 2022                    Respectfully submitted,

/s/ Matt Crapo
MATT A. CRAPO*
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
matt.crapo@pm.me
litigation@irli.org

* Pending *pro hac vice* admission

Counsel for *Amicus Curiae*
Immigration Reform Law Institute

## DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 7.1, *amicus curiae* Immigration Reform Law Institute makes the following disclosures as a non-governmental corporate party:

1) All parent corporations: None.

2) All publicly held companies that hold 10% or more of the party's stock: None.

*/s/ Matt Crapo*
MATT A. CRAPO

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for both Plaintiff and Defendants regarding this motion. All parties informed me that they do not oppose the filing of the attached *amicus* brief in support of Defendants' motions to dismiss.

*/s/ Matt Crapo*
MATT A. CRAPO

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ Matt Crapo*
MATT A. CRAPO