**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ERASTO ARROYO BARCENAS, MELVIN AMADOR RODAS; IVAN RUANO NAVA; NOLIS LEYVA-GONZALEZ; JOSE CARLOS GOMEZ-COLORADO; JOSE LUIS DOMINGUEZ-ROJAS; MELVIN AMAYA ZELAYA; JESUS CURIPOMA; OSCAR SERRANO MARTINEZ; CHRISTIAN IVAN RUIZ-RODRIGUEZ; ISRAEL BAYLON ARELLANO; JOSE LOPEZ LOZANO; MIGUEL LOPEZ LOZANO; FRANCISCO VILLALPANDO RAMOS; CESAR GALINDO ESCOTO,** Plaintiffs, Individually and On Behalf of the Class of Those Similarly Situated, | § | |
| **VS.** | § | **Case No. 1:22-cv-00397-RP** |
| **STEVEN MCCRAW in his individual capacity; GREG ABBOTT in his individual and official capacities; BRYAN COLLIER in his individual capacity; BRAD COE in his individual capacity, and KINNEY COUNTY, TEXAS** DEFENDANTS. | § | |

---

**DEFENDANTS' OPPOSED MOTION TO ABATE DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT [DKT. 10]**

---

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW DEFENDANTS, BRAD COE ("Defendant Coe"), in his individual capacity and KINNEY COUNTY, TEXAS (the "County") (hereinafter collectively referred to as "Defendants") and files this their Opposed Motion to Abate Discovery pending the Court's ruling on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, and respectfully shows

the Court as follows:

## I.
## BACKGROUND SUMMARY

1. On April 27, 2022, Plaintiffs filed their *Original Complaint* [Dkt.1] alleging a number of different claims against various Defendants, including Sheriff Brad Coe and Kinney County, Texas in connection with the arrests of persons in connection with Operation Lone Star. [Dkt. 1].

2. On June 23, 2022, Plaintiffs filed their *First Amended Complaint*. [Dkt. 9].

3. On June 27, 2022, Plaintiffs filed their Second Amended Complaint. [Dkt. 10].

4. On July 18, 2022, Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt.13]. On behalf of Sheriff Brad Coe, Defendants asserted their entitlement to the defense of qualified immunity. [Dkt. 13, ¶¶62-73].

5. Defendants respectfully requests that the Court issue an order abating all discovery, the Rule 26(f) scheduling conference, and proposed scheduling order until the Court rules on Defendant Sheriff Brad Coe's qualified immunity claims in *Defendants' Motion to Dismiss Defendants' Second Amended Complaint*.

## II.
## ARGUMENT AND AUTHORITY

6. Defendants respectfully request that this Court find that the ends of justice will not be served by participating in a scheduling conference, entering a proposed scheduling order, or otherwise allowing discovery prior to the Court ruling on the pending Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint [Dkt 13]. *See* Local Rule CV-16(b)(6) Western District of Texas. This is because:

> a defendant's entitlement to qualified immunity must be determined "at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam). That's because qualified immunity is more than "a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S.Ct. 808, 172 L.Ed.2d

> 565 (2009) (quotation omitted). It's also "an immunity from suit." *Ibid*. (quotation omitted). And one of the most important benefits of the qualified immunity defense is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe*, 691 F.3d at 648; *see also Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (a "refusal to rule on a claim of immunity" deprives a defendant of his "entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters").

*Carswell v. Camp*, 37 F.4th 1062, 1065 (5th Cir. 2022).

7. The Fifth Circuit previously allowed district courts to order discovery narrowly tailored to uncover only those facts needed to rule on the immunity claim. *See Lion Boulos v. Wilson*, 834 F.2d 504, 509 (5th Cir. 1987). However, the Court recently overruled the series of cases that allowed for this type of early discovery:

> Call it "careful," or call it "narrow"; either way, today we call *Lion Boulos* and its progeny overruled. **The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) without any discovery.** Our prior decisions to the contrary are overruled. *See In re Bonvillian Marine Serv., Inc*., 19 F.4th 787, 792 (5th Cir. 2021) (We must declare circuit precedent overruled where "a former panel's decision has fallen unequivocally out of step with some intervening change in the law.").
>
> Consider, for example, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). There the district court gave the plaintiff discovery before ruling on the officials' motion to dismiss for qualified immunity. *See id.* at 670, 129 S.Ct. 1937. The plaintiff tried to defend that discovery on the ground that "the Court of Appeals ha[d] instructed the district court to cabin discovery in such a way as to preserve petitioners' defense of qualified immunity as much as possible in anticipation of a summary judgment motion." *Id.* at 684, 129 S.Ct. 1937 (quotation omitted). The Supreme Court had none of it. Instead, it reaffirmed its prior holding "that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Id*. at 684–85, 129 S.Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). And the Court made a point of emphasizing that its "rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity." *Id.* at 685, 129 S.Ct. 1937. It concluded the respondent was "not entitled to discovery, cabined or otherwise." *Id.* at 686, 129 S.Ct. 1937.
>
> Thus, *Iqbal* squarely repudiated our "careful procedure" for allowing tailored discovery before a district court rules on an official's motion to dismiss. When

> defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense. *Ibid.* The rule is that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation"—full stop. *Ramirez,* 3 F.4th at 133 (citing *Mitchell*, 472 U.S. at 526–27, 105 S.Ct. 2806). Although our court previously carved out a "narrow exception" to this rule, *Randle,* 666 F. App'x at 336 n.6, we now make clear the rule admits of no exceptions.

*Carswell v. Camp*, 37 F.4th 1062, 1066–67 (5th Cir. 2022)(emphasis added).

8. This prohibition against discovery extends beyond qualified immunity issues, but also prohibits discovery into *Monell* issues.

> *Iqbal* squarely forecloses that, too. Responding to concerns about the burdens litigation imposes on public officials, the Court explained:
>
> > It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.
>
> *Iqbal,* 556 U.S. at 685–86, 129 S.Ct. 1937. In other words, the Court ruled out even "minimally intrusive discovery" against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage. *Id.* at 686, 129 S.Ct. 1937.

*Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022).

9. Pursuant to the clear direction from the Fifth Circuit, Defendants respectfully request that this Court issue an order abating all discovery in this matter until this Court rules on Defendants' qualified immunity claims in its Plea to the Jurisdiction.

## III.
## EFFORT TO CONFER

10. Defendants' counsel conferred with all counsel of record on August 23, 2022. However,

as of the filing of this Motion, not all counsel has responded. Therefore, Defendants file this motion as "Opposed."

**IV.**
**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court issue an Order staying all discovery in this matter pending the Court's ruling on Defendants' assertion of qualified immunity in Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and request such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

SIGNED this 24th day of August 2022.

Respectfully submitted,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
rldrinkard@rampagelaw.com

By: ______________________________
SCOTT M. TSCHIRHART
State Bar No. 24013655
ROBERT L. DRINKARD
State Bar No. 24007128

ATTORNEYS FOR DEFENDANTS, BRAD COE, in his individual capacity, AND KINNEY COUNTY, TEXAS

**CERTIFICATE OF CONFERENCE**

Defendants' counsel conferred with all counsel of record on August 23, 2022. However, as of the filing of this Motion, not all counsel has responded. Therefore, Defendants file this motion as "Opposed."

SCOTT M. TSCHIRHART

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 24th day of August 2022, to the following:

Susan E. Hutchson
S. Rafe Foreman
HUTCHISON & FOREMAN, PLLC
1312 Texas Ave. Suite 101
Lubbock, Texas 79401
ATTORNEYS FOR PLAINTIFFS

**E-NOTIFICATION**

Angelica Cogliano
Addy Miro
E.G. Morris
505 West 12th Street, Suite 206
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFFS

**E-NOTIFICATION**

Benjamin L. Dower
Kimberly Gdula
William D. Wassdorf
Allison M. Collins
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANT
GOVERNOR GREG ABBOTT

**E-NOTIFICATION**

Jason T. Bramow
Jessica L. Weltge
Marlayna M. Ellis
Assistant Attorneys General
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANTS,
EXECUTIVE DIRECTOR BRYAN COLLIER AND
EXECUTIVE DIRECTOR STEVEN MCCRAW

**E-NOTIFICATION**

SCOTT M. TSCHIRHART