Exhibit F   Case 1:22-cv-00397-RP   Document 52-6   Filed 06/18/23   Page 1 of 3

Filed: 12/20/2022 2:12 PM
Rick Alvarado
Clerk, County/District Court
Kinney County, Texas

Ariana Rocha

Cause No. 13784CR

| | |
|---|---|
| State of Texas | In the County Court |
| v. | for |
| Saul Cirino Gregeda | Kinney County, Texas |

## ORDER GRANTING RELIEF

The Court reviewed the Application for Pretrial Writ of Habeas Corpus filed by the Applicant, the defendant in this pending criminal prosecution. The Court granted the Writ and set it for a hearing on November 18, 2022. The Court considered the Application, the evidence presented at the hearing, the briefing filed by both parties, and the applicable law, and finds the Applicant is entitled the relief sought in the Application for Pretrial Writ of Habeas Corpus.

Specifically, the Court finds Applicant is a man, and the evidence proves purposeful discrimination in this case. The Applicant was arrested and charged, but would not have been arrested if he were a woman; hence, he was treated differently from similarly situated women, based on sex. Hence, the Applicant is the target of selective enforcement based on the constitutionally protected class of sex, in violation of equal protection guaranteed by the U.S. Constitution and the Texas Constitution. Accordingly, the defendant made a prima facie case of sex discrimination. The policy of Operation Lone Star, as it now stands, has a discriminatory effect and is motivated by a discriminatory purpose.

The State, in turn, failed to prove an adequate justification for the discrimination. There was no evidence that the discrimination based on sex served an important governmental objective, and naturally therefore, no evidence to establish that that the discrimination was substantially related to achievement of important governmental objectives. Furthermore, the State failed to prove that the State has a compelling interest and there is no other manner to protect that compelling interest without systematically arresting only men for criminal trespass and releasing all women. The court does not find the criminal trespass statute to be unconstitutional, but finds the application of that law under Operation Lone Star renders the prosecution under that statute to be unconstitutional as applied to this individual.

The Court does not find unconstitutional enforcement at the level of the local prosecutor's office. Prosecution of women is not being summarily declined by the County Attorney's office, but that office is limited to decisions of whether or not to prosecute the cases which the office receives, which are only cases involving accused

males. Under the current system, the unconstitutional prosecution is fully implemented at the level of arrest of only male suspects.

However, ostensibly Kinney County could have eradicated the discriminatory intent of Operation Lone Star by pulling out the county checkbook, and bearing the financial burden of arresting, housing and prosecuting women, as the County surely does for other crimes. The State failed to produce evidence about the feasibility, or lack of feasibility, of that alternative. If the County had done so there is no reason to think the arresting officers could have been instructed to not only arrest men, but to also arrest women, when the probable cause existed to do so. But that has not happened.

The Court finds this equal protection claim cognizable in a pretrial writ. However, if the appellate court determines that the claim is not cognizable in a pretrial writ but instead should be brought in a motion to dismiss, the Court would treat the writ as a motion to dismiss and grant it. The Court does not want the substantive issue to turn on selection of the vehicle to deliver it.

The Court orders the criminal prosecution against Applicant be dismissed with prejudice. However, given the finality of dismissal with prejudice, the Court stays dismissal of the criminal action for a period of thirty days from the date this Order is entered, to allow the State to seek a stay from the appellate court, if she so chooses. Absent a stay from a higher court, the criminal case will be dismissed with prejudice thirty days from the date of this Order.

If the Applicant is in custody on the criminal case, the Court sets bail at $500 personal bond. If the Applicant is out on bond, the Court orders all obligations under the bond discharged; if the Applicant has posted a cash bond, the Court orders the cash bond be paid to Applicant, or to whom he directs, within 60 days from the date of this Order. These provisions regarding bail and bonds are not stayed. The Court finds it would be a miscarriage of justice, having found for the Applicant, to now require the Applicant to remain in custody, or to be required to appear in court, or to be deprived of the cash bond funds he has posted, in a prosecution the Court finds to be unconstitutional, while waiting for the appellate issue to wind through the courts.

Signed December 20, 2022.

　　　／s/ *Dennis Powell*
Dennis Powell, Judge Presiding,
Sitting by Assignment

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 71180489
Status as of 12/20/2022 2:26 PM CST

Associated Case Party: Saul Grageda Cirino (aka Cirino Gregeda)

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jamal SMuhammad | | jsmuhammad.esq@gmail.com | 12/20/2022 2:12:33 PM | SENT |
| Neha Dubey | | ndubey@lpdo.org | 12/20/2022 2:12:33 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kate Frerich | | k.frerich@co.kinney.tx.us | 12/20/2022 2:12:33 PM | SENT |
| Kristina Balderas | | k.balderas@co.kinney.tx.us | 12/20/2022 2:12:33 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brent Smith | | bsmith@co.kinney.tx.us | 12/20/2022 2:12:33 PM | SENT |
| Tony Hackebeil | | thackebeil@co.kinney.tx.us | 12/20/2022 2:12:33 PM | SENT |
| Ballard Shapleigh | | bpusr@452da.net | 12/20/2022 2:12:33 PM | SENT |