**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ERASTO ARROYO BARCENAS,** | § | |
| **MELVIN AMADOR RODAS; IVAN RUANO** | § | |
| **NAVA; NOLIS LEYVA-GONZALEZ; JOSE** | § | |
| **CARLOS GOMEZ-COLORADO; JOSE LUIS** | § | |
| **DOMINGUEZ-ROJAS; MELVIN AMAYA** | § | |
| **ZELAYA; JESUS CURIPOMA; OSCAR** | § | |
| **SERRANO MARTINEZ; CHRISTIAN IVAN** | § | |
| **RUIZ-RODRIGUEZ; ISRAEL BAYLON** | § | |
| **ARELLANO; JOSE LOPEZ LOZANO;** | § | |
| **MIGUEL LOPEZ LOZANO; FRANCISCO** | § | |
| **VILLALPANDO RAMOS; CESAR GALINDO** | § | |
| **ESCOTO,** | § | |
| *Plaintiffs*, | § | |
| **Individually and On Behalf of the Class** | § | |
| **of Those Similarly Situated,** | § | |
| | § | |
| | § | |
| **VS.** | § | **Case No. 1:22-cv-00397-RP** |
| | § | |
| | § | |
| **STEVEN MCCRAW in his individual capacity;** | § | |
| **GREG ABBOTT in his individual and official** | § | |
| **capacities; BRYAN COLLIER in his individual** | § | |
| **capacity; BRAD COE in his individual capacity,** | § | |
| **and KINNEY COUNTY, TEXAS,** | § | |
| *Defendants*. | § | |

---

**DEFENDANTS BRAD COE AND KINNEY COUNTY, TEXAS'**
**MOTION TO DISMISS**
**PLAINTIFFS' REVISED COMPLAINT [Dkt. 52]**

---

TO THE HONORABLE JUDGE OF THIS COURT:

DEFENDANTS BRAD COE ("Sheriff Coe") and KINNEY COUNTY, TEXAS (the

"County") (hereinafter collectively referred to as "Defendants") file this Motion to Dismiss in

response to Plaintiffs' Revised Complaint [Dkt. 52][1], pursuant to Federal Rules of Civil Procedure 12(b)(6) and would respectfully show the Court as follows:

## I.
## <u>FACTUAL ALLEGATIONS</u>

**A.    Specific factual allegations against Sheriff Coe.**

1.    *Plaintiffs' Revised Complaint* [Dkt. 52] alleges that Sheriff Coe is the Sheriff of Kinney County and Plaintiffs sue him in his individual capacity, stating that he acted under the color of law of the statutes, ordinances, regulations, policies, customs, and usages of the State of Texas. [Dkt.52, ¶27].

2.    Plaintiffs identify Sheriff Coe as the only alleged policy maker for Kinney County. [Dkt. 52, ¶¶ 95, 99, 103, 109, 113].

3.    Plaintiffs allege that in July 2021, Kinney County Sheriff Brad Coe publicly mentioned three arrests for trespassing on a ranch in Kinney County.  [Dkt. 52, ¶59].

4.    Plaintiffs allege that Sheriff Coe was a "complaining witness" on three cases.  [Dkt. 52, ¶ 59].

5.    Plaintiffs allege that on "September 30, 2021, Mr. Ruano Nava's defense counsel sent a demand letter to Warden Ramirez of the TDCJ Dolph Briscoe Unit, as well as Kinney County Sheriff Coe, explaining that the ICE detainer expired after 48 hours from the time [Nava] is eligible for release."[2] [Dkt. 52, ¶9].  Plaintiffs' allege that unidentified "jail personnel" ignored a court order and transported Nava directly to Customs and Border Patrol. [Dkt. 52, ¶9].

---

[1] Defendants are responding to Plaintiff's latest filed Complaint which Defendant avers should be Plaintiff's Fourth Amended Complaint, but which is titled "Plaintiffs' Revised Complaint." [Dkt. 52].  This seems to be the same "Plaintiff's Revised Complaint" that was filed as Dkt. 49, except that the exhibits were attached to Dkt. 52.

[2] Plaintiffs do not identify Mr. Nava's counsel.  Plaintiffs do not allege whether this is the same letter or two separate letters.   Plaintiffs do not allege when the letter was sent, or by what

6.      Plaintiffs allege that on "September 30, 2021, Mr. Munoz Vega's defense counsel sent a demand letter to Warden Ramirez of the TDCJ Dolph Briscoe Unit, as well as Kinney County Sheriff Coe, explaining that the ICE detainer expired after 48 hours from the time the defendant is eligible for release."[3]  [Dkt.52, ¶10].   Plaintiffs allege that unidentified "jail personnel" ignored a court order and transported Munoz Vega directly to Customs and Border Patrol. [Dkt. 52, ¶10].

7.      Plaintiffs do not allege facts to show that Sheriff Coe personally participated in the arrest of any of the Plaintiffs or the purported class.   Plaintiffs do not allege facts to show that Sheriff Coe directed that any of the Plaintiffs be incarcerated beyond the time when they were allegedly supposed to be released or that he had any knowledge of any such alleged overincarceration.

**B.      Specific factual allegations against Kinney County.**

8.      Plaintiffs allege that Kinney County, through its officials, issued disaster declarations and requested help from the Governor's office to deal with the illegal aliens who were invading Texas. [Dkt.52, ¶¶33, 34, 38; Dkt.52-1; Dkt.52-2; Dkt.52-3].

9.      Plaintiffs allege that Kinney County Judges ordered the release of certain Defendants. [Dkt.52, ¶¶6, 7, 8, 15, 18, 51; Dkt.52-6].

10.     Plaintiffs allege that the "Kinney County Sheriff's Office is directly involved in arresting individuals for the Operation Lone Star trespass arrest program." as well, and the County Attorney prosecutes migrants arrested in the County for trespassing." [Dkt.52, ¶46].

---

method (i.e. hand delivered, Certified mail….). Plaintiffs do not allege when or even whether Sheriff Coe received such a letter.

[3] Plaintiffs do not identify Mr. Vega's counsel.  Plaintiffs do not allege whether this is the same letter or two separate letters.   Plaintiffs do not allege when the letter was sent, or by what method (i.e. hand delivered, Certified mail….). Plaintiffs do not allege when or even whether Sheriff Coe received such a letter.

11.     Plaintiffs allege that the County Attorney prosecutes arrestees for criminal trespass. [Dkt.52, ¶¶46, 66].  The arrestees are allegedly prosecuted in an entirely different criminal justice system. [Dkt.52, ¶66].  Plaintiffs allege that Kinney County prosecutors denied due process guarantees by failing to file charges against detainees. [Dkt.52, ¶¶67, 69, 70].  Plaintiffs allege that this failure to file charges and delays in appointment of counsel, resulted in [4]overincarceration. [Dkt.52, ¶¶67-78].

12.     Plaintiffs do not plead facts to show that any of Plaintiffs were arrested by Kinney County Sheriff's Department Deputies.  Plaintiffs' factual allegations about arrests of illegal aliens deal only with arrests made by Texas State Troopers. [Dkt.52, ¶¶36, 42, 43, 44, 45, 52, 53, 54, 55, 56, 57, 58, 59, 60; Dkt.52-5, pp.7, 8].  Some of the documents attached to Plaintiffs' Complaint deal with documents and communications from and arrests made in Maverick County [Dkt.52-4, pp.1-4], Maverick County [Dkt.52-5, pp.4-6], Jim Hogg County [Dkt.52-5, pp.9-11], and Webb Count, Texas [Dkt.52-7, pp.1-2] none of which are Defendants in this litigation.

## II.
## PLAINTIFFS' ALLEGED CAUSES OF ACTION

A.     **Allegations involving Sheriff Coe and Kinney County.**

**Count 1.**

13.     Plaintiffs allege that Defendant Coe and the County, along with other Defendants, violated the Fourteenth Amendment's Equal Protection Clause by creating, directing and enforcing a policy to only arrest and prosecute male migrants, and that the implementation of the OLS misdemeanor

---

[4] The only affidavits regarding arrests by Kinney County Sheriff's Department Deputies are for arrests of human trafficking smugglers who were US Citizens and who were charged with Smuggling of Persons, a third-degree felony.  See Texas Penal Code §20.05(b). [Dkt.52-5, pp. 12-17].  None of these persons are Plaintiffs in the present case.

trespass arrest program has resulted in systemic discrimination on the basis of gender, color, race, and national origin, in violation of the Fourteenth Amendment. [Dkt. 52, ¶¶93-96].

**Count 2.**

14.     Plaintiffs allege Defendant Coe and the County, along with other Defendants, violated Plaintiffs' Fourteenth Amendment substantive due process rights by designing and implementing the OLS trespass arrest and jail program without regard to the required safeguards of due process. [Dkt.52, ¶¶99-100].

**Count 3.**

15.     Plaintiffs allege that Sheriff Coe and the County, along with other Defendants, violated Plaintiffs' Sixth Amendment right to counsel. [Dkt.52, ¶¶103-104].

**Count 4.**

16.     Plaintiffs allege that Sheriff Coe and the County, along with other Defendants, violated Plaintiffs' Fourth Amendment Rights by detaining them solely to determine immigration status, and by keeping them incarcerated after they were entitled to release. [Dkt.52, ¶¶109-110].

**Count 5.**

17.     Plaintiffs allege that Sheriff Coe and the County, along with other Defendants, conspired to violate the Plaintiffs' civil rights in violation of 42 U.S.C. § 1985(3).  [Dkt.52, ¶¶113-114].

**III.**

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
<u>**RULE 12(b)(6)**</u>

**Rule 12(b)(6).**

18.     If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED R. CIV. P 12(b)(6).  To survive a Rule 12(b)(6)

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Rather, the court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *See Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

19.     As explained herein, *Plaintiffs' Revised Complaint* fails to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id*; *Nationwide BiWeekly Admin. Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

**Qualified Immunity.**

20.     Qualified immunity shields an officer from liability if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  In order to overcome qualified immunity, a plaintiff must show that the officer (1) violated a constitutional right and (2) that "the right at issue was 'clearly established' at the time of [the] alleged misconduct." *Id.* at 232, 129 S.Ct. 808 (quotation omitted). Courts have discretion to address either or both prongs. *Id.* at 236, 129 S.Ct. 808; *Ramirez v. Escajeda*, 44 F.4th 287, 291 (5th Cir. 2022).

21.     The clearly established prong requires that existing precedent must "squarely govern the specific facts at issue, such that only someone who is plainly incompetent or who knowingly violates the law would have behaved as the official did." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). Courts must "frame the constitutional question with specificity and granularity," rather than "at a high level of generality." *Ramirez*, 44 F.4th at 292 (quoting *Morrow v. Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019) and *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).

> An officer can be stripped of qualified immunity only when "the violative nature of the particular conduct is clearly established ... in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks and citations omitted). In sum, controlling precedent must have placed the question "beyond debate," with "the right's contours ... sufficiently definite that any reasonable official in the [officer's] shoes would have understood that he was violating it." *Plumhoff,* 572 U.S. at 778–79, 134 S.Ct. 2012 (quoting *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074).

*Ramirez*, 44 F.4ᵗʰ at 292.

22.     Sheriff Coe is entitled to qualified immunity under the facts as pled in *Plaintiffs' Revised Complaint*. [Dkt.52].

## B.     Plaintiffs failed to plead a plausible Fourteenth Amendment's Equal Protection claim. (Count 1).

23.     Plaintiffs allege that Sheriff Coe and the County created, directed, and enforced a policy to

only arrest and prosecute male migrants. [Dkt.52, ¶¶93-96].   However, Plaintiffs fail to plead sufficient facts to support these allegations against Sheriff Coe and the County.

**Sheriff Coe.**

24.    Plaintiffs sued Sheriff Coe in his individual capacity. [Dkt.52, ¶27].

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. . . .

Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

*Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

25.    *Plaintiffs' Revised Complaint* does not provide sufficient facts to demonstrate that Sheriff Coe directed and enforced a policy to only arrest and prosecute male migrants.  Plaintiffs do not plead any facts to show that Sheriff Coe was personally involved in the arrest of any of the Plaintiffs or purported class members.

26.    Plaintiffs' only factual allegation regarding Sheriff Coe's personal involvement in any arrest is apparently drawn from an ACLU complaint that allegedly indicates that Sheriff Coe was a complaining witness listed in a number of DPS arrest affidavits. [Dkt.52, ¶59].   However, Plaintiffs do not plead facts to show that Sheriff Coe executed any affidavit related to any of the Plaintiffs or that he was the complaining witness involved in any of Plaintiffs' arrests.  Plaintiffs have not pled sufficient facts to demonstrate that Sheriff Coe, through his own individual actions, violated the Constitution.  *See Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss this claim against Sheriff Coe.

27.    Moreover, complaining witnesses are generally entitled to immunity in Section 1983 suits. *See Rehberg v. Paulk*, 566 U.S. 356, 371–73, 132 S. Ct. 1497, 1507–09, 182 L. Ed. 2d 593 (2012)(giving the historic context of the function of a "complaining witness").  Law enforcement

officials who serve as complaining witnesses are entitled to qualified immunity unless they falsify affidavits *See id* at fn.1 (citing *Kalina v. Fletcher*, 522 U.S. 118, 129–131, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Malley v. Briggs*, 475 U.S. 335, 340–345, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)), of fabricate evidence concerning an unsolved crime. *See id*. at fn.1 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 275, 113 S. Ct. 2606, 2616–17, 125 L. Ed. 2d 209 (1993)).

28.    In the present case, Sheriff Coe is entitled to qualified immunity because Plaintiff has not pled sufficient facts to show that Sheriff Coe was personally involved in violating any of Plaintiffs' rights.

29.    Sheriff Coe is also entitled to qualified immunity because Plaintiffs have not pled sufficient facts to demonstrate that Sheriff Coe, by serving as a complaining witness, violated any of Plaintiffs' clearly established rights. Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss this claim against Sheriff Coe.

**Kinney County.**

30.    *Plaintiffs' Revised Complaint* does not plead sufficient facts to show that the County created, directed, and enforced a policy to only arrest and prosecute male migrants.

31.    It is well-established that a county is not liable under § 1983 on the theory of respondeat superior.

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38, 56 L. Ed. 2d 611 (1978).

> Under the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy;

and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *Monell* and later decisions reject municipal liability predicated on respondeat superior, because the text of section 1983 will not bear such a reading. *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.1984), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985); *McKee v. City of Rockwall*, 877 F.2d 409, 415 (5th Cir.1989), cert. denied, 493 U.S. 1023, 110 S.Ct. 727, 107 L.Ed.2d 746 (1990).

*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

32.     *Plaintiffs' Revised Complaint* does not refer to a specific written County policy.  In the absence of a specific written policy, Plaintiffs must show a custom that is:

> [A] persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy ... Actions of officers or employees of a municipality do not render the municipality liable under section 1983 unless they execute official policy as above defined.

*Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.), on reh'g, 739 F.2d 993 (5th Cir. 1984)); *See also, Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997)("Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.").  *Plaintiff's Revised Complaint* does not contain facts that would support the existence of any practice of arresting only male suspects that is so common and well settled as to constitute a custom that fairly represents County policy.  Merely asking for help from the State does not constitute a policy that can be fairly said to be the moving force behind Plaintiffs' alleged constitutional violations.

33.     Instead, Plaintiffs factually allege that the OLS program is a policy of the State of Texas.

[Dkt.52, ¶32]("On March 6, 2021, Governor Abbott announced Operation Lone Star ("OLS") as his policy choice to deploy a substantial number of state law enforcement personnel and other resources along the Texas-Mexico border to deter immigration and secure 'the international border into Texas.'").  The State sent large numbers of Texas State Troopers and National Guard Troops to support the State's program. [Dkt.52, ¶¶36, 42, 43].  Plaintiffs allege that DPS is the primary agency that arrests persons for criminal trespass under the OLS program. [Dkt.52, ¶¶44, 52-58, 60].  The State and DPS claim to have taken thousands of "dangerous individuals" off the street. [Dkt.52, ¶¶4, 41, 44, 45]. Arrestees are alleged to have been incarcerated in Texas Department of Criminal Justice (state run) prison units. [Dkt.52, ¶¶1, 6-23, 63].  Plaintiffs claim that they were transported to and processed in State facilities that are not located in or alleged to be controlled by Kinney County.  [Dkt.52, ¶¶1, 61, 63].  The OLS program is funded by the State of Texas.  [Dkt.52, ¶¶3, 37, 47].  Plaintiffs factually plead that the wardens of the prison units have refused to release prisoners in violation of Kinney County Judge's orders and in certain instances Plaintiffs' attorneys have had to file mandamus petitions against the wardens. [Dkt.52, ¶6, 7, 8, 9, 10, 15, 18; Dkt.52-6].  Finally, with regard to the particular allegation that only males would be arrested under the OLS program, Plaintiffs allege that it was the DPS that informed (in this case, Sheriff Tom Schmerber of Maverick County, Texas) that only men would be arrested on criminal trespass charges under the State's program. [Dkt.52, ¶49; Dkt.52-4, pg.1].[5]

34.     Plaintiffs make only the conclusory allegation that "the Kinney County Sheriff's Office is directly involved in arresting individuals for the Operation Lone Star trespass arrest program." [Dkt.52, ¶46].  However, the evidence attached to *Plaintiffs' Revised Complaint* tells a different

---

[5] As Sheriff's Schmerber's affidavit makes clear, the policy to arrest only males was not the Maverick County policy, but a policy of the State.  Plaintiff has not stated any factual allegations to demonstrate that Kinney County asked for or adopted this policy.

story.  This evidence demonstrates that Kinney County Deputies arrested three United States Citizens who happened to be females. [Dkt.52-5, pp. 12-17].  These arrests were for the felony offense of Smuggling of Persons, a third-degree felony, in violation of Texas Penal Code §20.05(b). [Dkt.52-5, pp. 12-17].   None of these persons are Plaintiffs in the present case.  Moreover, in one of those cases, the illegal aliens were taken into custody by the Border Patrol. [Dkt.52-5, pg.13].   Where females were being trafficked, they were also apprehended. [Dkt.52-5, pg.14].

35.    Plaintiffs have not pled facts to show that any of them were arrested by a Kinney County Deputy Sheriff, and thus cannot demonstrate that any alleged Kinney County policy violated their constitutional rights.

36.    Plaintiffs have not pled sufficient facts to demonstrate that Kinney County had any policy that discriminates against males or any other class of individuals.  Therefore, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiffs' claims against the County.

**C. Plaintiffs failed to plead a plausible Fourteenth Amendment substantive due process claim. (Count 2).**

37.    Plaintiffs claim that "Defendants designed and implemented the OLS trespass arrest and jail program without regard to the required safeguards of due process" and maintained a "separate but not equal" criminal justice system for OLS arrestees.   However, Plaintiffs fail to plead sufficient facts to support these allegations against Sheriff Coe and the County.

**Sheriff Coe**

38.    Plaintiffs sued Sheriff Coe in his individual capacity. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at

676, 129 S. Ct. at 1948.  However, Plaintiffs have not pled any facts to demonstrate that Sheriff

Coe "designed and implemented the OLS trespass arrest and jail program."   As previously noted,

Plaintiffs have pled facts that demonstrate that OLS is a state program.  Plaintiffs have not pled

any facts to show that Sheriff Coe had any personal involvement in any of their allegations

involving this "separate but not equal" criminal justice program or that he had any personal

involvement in their arrests or subsequent processing and incarceration in State facilities or that

he personally violated their constitutional rights.

39.     Sheriff Coe is entitled to qualified immunity because Plaintiffs have not pled sufficient

facts to show that Sheriff Coe was personally involved in violating any of Plaintiffs' rights.

40.     Sheriff Coe is also entitled to qualified immunity because Plaintiffs have not pled sufficient

facts to demonstrate that Sheriff Coe personally participated in or violated any of Plaintiffs' clearly

established rights. Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss

this claim against Sheriff Coe.

**Kinney County**

41.     Plaintiffs have not pled sufficient facts to demonstrate that the County had any such policy

or that Plaintiffs' rights were violated by any County policy.   Plaintiffs have not pled facts to

demonstrate the existence of a written policy that would have violated Plaintiffs' constitutional

rights.   Plaintiffs have pled in great factual detail that OLS is a State policy.   Plaintiffs have not

pled sufficient facts to demonstrate "a persistent, widespread practice of [County] officials or

employees, which, although not authorized by officially adopted and promulgated policy, is so

common and well-settled as to constitute a custom that fairly represents municipal policy."

*Piotrowski*, 237 F.3d at 579.  Plaintiffs' conclusory pleadings, without more, do not state sufficient

facts to show the existence of an "official policy [that] inflicts the injury that the government as an

entity is responsible under § 1983." *Monell,* 436 U.S. at 694, 98 S. Ct. at 2037–38.  Therefore, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiffs' claims against the County.

**D. Plaintiffs failed to plead a plausible Sixth Amendment right to counsel claim. (Count 3).**

42.     Plaintiffs claim that Defendants created, directed and implemented a policy to deliberately deny Plaintiffs' Sixth Amendment right to counsel by failing to advise them of such right, refusing to allow Plaintiffs to contact counsel, and forcing them to waive their right to counsel. [Dkt.52, ¶103].  However, Plaintiffs fail to plead sufficient facts to support these allegations against Sheriff Coe and the County.

**Sheriff Coe**

43.     Plaintiffs sued Sheriff Coe in his individual capacity. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676, 129 S. Ct. at 1948.  However, Plaintiffs have not pled any facts to demonstrate that Sheriff Coe was personally required to and failed to advise any of the Plaintiffs of their right to Counsel. Plaintiffs have not pled any facts to show that Sheriff Coe refused to allow any of Plaintiffs to contact their attorneys.  Plaintiffs have not pled any facts to demonstrate that Sheriff Coe personally forced any of Plaintiffs to waive their rights to counsel.

44.     Sheriff Coe is entitled to qualified immunity because Plaintiffs have not pled sufficient facts to show that Sheriff Coe was personally involved in violating any of Plaintiffs' rights.

45.     Sheriff Coe is also entitled to qualified immunity because Plaintiffs have not pled sufficient facts to demonstrate that Sheriff Coe personally participated in violated any of Plaintiffs' clearly established rights. Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss

this claim against Sheriff Coe.

**Kinney County**

46.     Plaintiffs' conclusory pleadings do not state sufficient facts to demonstrate that there was any County policy to deliberately deny Plaintiffs' Sixth Amendment right to counsel.  Plaintiffs have not pled facts to demonstrate the existence of a written policy that would have violated Plaintiffs' Sixth Amendment rights.  Plaintiffs have not pled sufficient facts to demonstrate "a persistent, widespread practice of [County] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579.

47.     Plaintiffs allege that Kinney County Judge Shahan, presided over the initial bail-setting hearings for the first several weeks of arrests in Kinney County and that Judge Shahan "required everyone to submit a waiver of appointed counsel." [Dkt.52, ¶62].   However, Judge Shahan (who is not a party to this suit) was acting in a judicial capacity and is therefore entitled to absolute judicial immunity for "acts committed within their judicial jurisdiction." *Imbler v. Pachtman*, 424 U.S. 409, 418, 96 S. Ct. 984, 989, 47 L. Ed. 2d 128 (1976). A judge generally has absolute immunity from suits for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (citations omitted). Judicial immunity is immunity from suit, not just the ultimate assessment of damages. *See id.* at 11, 112 S.Ct. 286 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)).

48.     The County is not liable under § 1983 on the theory of respondeat superior.  *See Monell*, 436 U.S. at 694, 98 S. Ct. at 2037–38.  Additionally, the County is not liable under § 1983 for actions of a judge who acts in his or her judicial capacity:

> We have held that under Texas law, "[a] local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable

> to the county." *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir.1995) (citations omitted); *see also Clanton v. Harris County, Tex.*, 893 F.2d 757, 758 (5th Cir.1990) ("Texas district judges act for the state in appointing counsel for indigent criminal defendants, and the county is not responsible under § 1983 for their actions in this regard."); *Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir.1989) (stating that "Texas law makes only state court judges responsible for appointing attorneys for indigent criminal defendants" and "[a] county can exercise no authority over state court judges, as the latter are not county officials").

*Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 227 (5th Cir. 2009).

49.     Additionally, Plaintiffs' Revised Complaint and the exhibits attached thereto show that the County was not in any way responsible for the appointment of attorneys to represent Plaintiffs. The Texas Supreme Court issued an emergency order authorizing the Texas Indigent Defense Commission ("TIDC") to establish a program to appoint lawyers to OLS arrestees. [Dkt.52-5, pg. 1, ¶3].   The Lubbock Private Defender's Office was awarded a grant from TIDC to effectuate the Supreme Court's Order.  [Dkt.52-5, pg.1, ¶3].   The Lubbock Private Defender's Office appoints counsel for the persons who are arrested under the OLS program in Kinney County.  [Dkt.52-5, pg.1, ¶¶4, 5].

50.     Plaintiffs' conclusory pleadings, without more, do not state facts sufficient to state an "official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037–38.  Therefore, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiffs' claims against the County.

**E.  Plaintiffs failed to plead a plausible Fourth Amendment claim. (Count 4).**

51.     Plaintiffs claim that "Defendants created, directed, and implemented a policy in which arresting officers are required to continuously detain individuals in order to confirm or deny the detainee/arrestee's immigration and residency status. Additionally, the Defendants created, directed, and implemented a policy to keep the arrestee/defendants in custody following their entitlement to release.  [Dkt.52, ¶109].  However, Plaintiffs fail to plead sufficient facts to support

these allegations against Sheriff Coe and the County.

**Sheriff Coe**

52.     Plaintiffs sued Sheriff Coe in his individual capacity. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948.  However, Plaintiffs have not pled any facts to demonstrate that Sheriff Coe personally ordered or required any arresting officer to continuously detain individuals in order to confirm or deny the detainee/arrestee's immigration and residency status, or ordered or required any arrestee/defendants in custody following their entitlement to release.

53.     Sheriff Coe is entitled to qualified immunity because Plaintiffs have not pled sufficient facts to show that Sheriff Coe was personally involved in violating any of Plaintiffs' rights.

54.     Sheriff Coe is also entitled to qualified immunity because Plaintiffs have not pled sufficient facts to demonstrate that Sheriff Coe personally participated in violated any of Plaintiffs' clearly established rights. Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss this claim against Sheriff Coe.

**Kinney County**

55.     Plaintiffs' conclusory pleadings do not state sufficient facts to demonstrate that there was any County policy to require any arresting officer to continuously detain individuals in order to confirm or deny the detainee/arrestee's immigration and residency status, or to keep any arrestee/defendants in custody following their entitlement to release.  Plaintiffs have not pled facts to demonstrate the existence of a written policy that would have required any arresting officer to continuously detain individuals in order to confirm or deny the detainee/arrestee's immigration and residency status, or required any arrestee/defendants in custody following their entitlement to

release.  Plaintiffs have also not pled sufficient facts to demonstrate "a persistent, widespread practice of [County] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579.

56.     Plaintiffs allege systematic delays relating to the acts or omissions of the prosecutors (who are not parties to this suit) of the OLS arrestees.  [Dkt.52, ¶¶66-72, 76].   However, Plaintiffs do not allege that the County Attorney or any prosecutor acted outside of their prosecutorial capacity. It is well settled that a prosecutor is entitled to absolute immunity under § 1983 when he or she acts in her prosecutorial capacity.  *See Imbler*, 424 U.S. at 427, 96 S. Ct. at 993.  "Under 42 U.S.C. § 1983, a county cannot be held liable on a theory of respondeat superior merely because it employs a tortfeasor." *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997).

> Texas law makes clear, however, that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted. "Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom...." In Echols v. Parker we found that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law. A county official "pursues his duties as a state agent when he is enforcing state law or policy." In Krueger v. Reimer we found that the actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable.

*Id*. at 678; *see also Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009*); Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir.1995) (holding that the actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable); *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir.1990) (holding that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law).

57.     Plaintiffs also allege that certain judges caused some of the delays. [Dkt.52, ¶¶73-75]. However, a judge acting in his or her judicial capacity is entitled to absolute judicial immunity for

"acts committed within their judicial jurisdiction." *Imbler,* 424 U.S. at 418, 96 S. Ct.at 989.  And the County is not liable under § 1983 for the actions of a judge who acts in his or her judicial capacity. *See Davis*, 565 F.3d at 227.

58.     Plaintiffs' conclusory pleadings, without more, do not state facts sufficient to state an "official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037–38.  Therefore, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiffs' claims against the County.

**F.  Plaintiffs failed to plead a  plausible Section 1985(3) conspiracy claim against Sheriff Coe and the County.  (Count 5).**

59.     Plaintiffs claim that there was an agreement between Defendants Abbott, McCraw, Collier, Coe, and Kinney County to engage in "immigration enforcement" without the involvement of the federal government based on the observed race/color and/or immigration status in violation of the United States Constitution and that they agreed to deny detainees the right to counsel and to refuse to release those who are lawfully entitled to release. [Dkt.52, ¶113].  However, Plaintiffs fail to plead sufficient facts to support these allegations against Sheriff Coe and the County.

**Sheriff Coe**

60.     "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010)(citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir.1994)). Additionally, the conspiracy must also have a racially based animus. *Id.*

61.     Plaintiffs have not pled sufficient facts to support a reasonable inference that Defendant

Coe ever personally entered into a conspiracy with anyone. Plaintiff fails to state a time, place or occasion where an agreement between Defendant Coe and any other Defendant to commit an illegal act could reasonably have been made. "Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)

62.     While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.   Factual allegations must be enough to raise a right to relief above the speculative level.  *Id.* at 555.

> [A] plaintiff must allege facts, not conclusory allegations, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir.1987). That rule especially applies to actions alleging conspiracies to violate civil rights. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir.1999); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986) (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir.1982); *Ellis v. Crawford*, No. Civ.A. 3:03CV2416D, 2005 WL 525406 at *28 (N.D.Tex. Mar.3, 2005); *Stuart v. Frazier*, No. 3–01–CV2629–G, 2002 WL 1371215 at *3 (N.D.Tex. June 21, 2002); *Parsons v. City of Rio Vista*, No. Civ.A. 398–CV–0920–G, 2002 WL 83769 at *2 (N.D.Tex. Jan.4, 2002)).

*Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 981 (E.D. Tex. 2005).

63.    Plaintiffs' Complaint contain no factual averments whatsoever from which a neutral fact finder could conclude that a conspiracy existed, that it was race-based, that Plaintiffs are in a protected class, or that it involved obstruction of justice or denial of equal protection of the laws.

64.     Plaintiffs have not alleged sufficient facts to support that there was any an act in furtherance of any such conspiracy.

65.     Plaintiffs have not alleged that they are United States Citizens or sufficient fact to show

that any act in furtherance of a conspiracy deprived Plaintiffs of any right or privilege of a citizen

of the United States as required by the statute.

66.     Plaintiffs have not pled sufficient facts to support a reasonable inference that Defendants

conspired to deprive Plaintiffs of their constitutional rights because of their race.  The Fifth Circuit

recognizes Section 1985 conspiracy claims only when racial "invidiously discriminatory animus

behind the conspirators' action" is involved. *Cantú v. Moody*, 933 F.3d 414 (5th Cir. 2019).

> But the Supreme "Court ... has never held that nonracial animus is sufficient." *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998).
>
> And we have held racial animus is required: "[I]n this circuit ... the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987); *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269–74, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993); Scott, 463 U.S. at 835–38, 103 S.Ct. 3352; *Griffin*, 403 U.S. at 104–05, 91 S.Ct. 1790 (noting that § 1985(3) was passed pursuant to the Thirteenth Amendment).

*Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019).   Illegal aliens are not a race and Plaintiffs

have not pled any facts to demonstrate an "invidiously discriminatory animus" against any

particular race that can be attributed to any of the alleged co-conspirators.

67.     The Court should dismiss Plaintiffs Section 1985 conspiracy claims against Defendant Coe

in their entirety.

68.     Sheriff Coe is entitled to qualified immunity because Plaintiffs have not pled sufficient

facts to show that Sheriff Coe was personally involved in violating any of Plaintiffs' rights.

69.     Sheriff Coe is also entitled to qualified immunity because Plaintiffs have not pled sufficient

facts to demonstrate that Sheriff Coe personally participated in violated any of Plaintiffs' clearly

established rights. Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss

this claim against Sheriff Coe.

**Kinney County**

70.    The intracorporate conspiracy doctrine bars a Section 1983 conspiracy claim against the County.  "Under § 1985(3), a corporate entity and its employees constitute a 'single legal entity which is incapable of conspiring with itself.'" *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *see also Crook v. El Paso Indep. Sch. Dist*., 277 F. App'x 477, 480 (5th Cir. 2008). In the Fifth Circuit that a "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (applying the intracorporate conspiracy doctrine to a Section 1985 conspiracy claim against a school board and its members) (citing *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), cert. denied, 345 U.S. 925 (1953)). This doctrine also applies to other legal entities, such as municipalities and subdivisions of local governments and bars conspiracies by state actors to violate civil rights. *See, Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F.Supp.2d 605, 643 (W.D. La. 2013) (holding the intracorporate conspiracy doctrine bars a Section 1985 conspiracy claim against a City and its employees); *Thompson v. City of Galveston,* 979 F.Supp. 504, 511 (S.D. Tex. 1997) ("A single legal entity, such as the Galveston Police Department and its officers, is incapable of conspiring with itself for the purposes of § 1983.").  Plaintiffs plead no facts regarding any exceptions to the intracorporate conspiracy doctrine.   Therefore, Plaintiffs have not pled sufficient facts to show that the County is capable of conspiring with Sheriff Coe.

71.    Plaintiffs' conclusory pleadings do not state sufficient facts to demonstrate that there was any County policy to enter into a conspiracy with the alleged co-conspirators.  Plaintiffs have not pled facts to demonstrate the existence of a written policy that would constitute a conspiracy to deprive Plaintiffs of their civil rights.  Plaintiffs have also not pled sufficient facts to demonstrate

"a persistent, widespread practice of [County] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski,* 237 F.3d at 579. Therefore, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiffs' claims against the County.

WHEREFORE, PREMISES CONSIDERED, Defendant BRAD COE, in his individual capacity, and Defendant KINNEY COUNTY, TEXAS respectfully request that the Court grant their Motion to Dismiss and dismiss all of Plaintiffs' claims pursuant to FRCP 12(b)(6) and for such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

Respectfully submitted,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
rldrinkard@rampagelaw.com

By: _____

SCOTT M. TSCHIRHART
State Bar No. 24013655
ROBERT L. DRINKARD
State Bar No. 24007128

ATTORNEYS FOR DEFENDANTS, BRAD COE, in his individual capacity, AND KINNEY COUNTY, TEXAS

### <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 23rd day of June, 2023, to the following:

| | |
|---|---|
| Susan E. Hutchson<br>S. Rafe Foreman<br>HUTCHISON & FOREMAN, PLLC<br>1312 Texas Ave. Suite 101<br>Lubbock, Texas 79401<br>ATTORNEYS FOR PLAINTIFFS | **E-NOTIFICATION** |

Angelica Cogliano                                        **E-NOTIFICATION**
Addy Miro
E.G. Morris
505 West 12th Street, Suite 206
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFFS

Benjamin L. Dower                                       **E-NOTIFICATION**
Kimberly Gdula
William D. Wassdorf
Allison M. Collins
Johnathan Stone
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANT
GOVERNOR GREG ABBOTT

Jason T. Bramow                                         **E-NOTIFICATION**
Jessica L. Weltge
Marlayna M. Ellis
Assistant Attorneys General
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*Defs' Rule 12 MTD*                                                                         24

ATTORNEYS FOR DEFENDANTS,
EXECUTIVE DIRECTOR BRYAN COLLIER AND
EXECUTIVE DIRECTOR STEVEN MCCRAW

Matt A. Crapo                                    **E-NOTIFICATION**
Christopher J. Hajec
IMMIGRATION REFORM LAW INSTITUTE
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001


_____
SCOTT M. TSCHIRHART