IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERASTO ARROYO BARCENAS, MELVIN AMADOR RODAS; IVAN RUANO NAVA; NOLIS LEYVA-GONZALEZ; JOSE CARLOS GOMEZ-COLORADO; JOSE LUIS DOMINGUEZ-ROJAS; MELVIN AMAYA ZELAYA; JESUS CURIPOMA; OSCAR SERRANO MARTINEZ; CHRISTIAN IVAN RUIZ-RODRIGUEZ; ISRAEL BAYLON ARELLANO; JOSE LOPEZ LOZANO; MIGUEL LOPEZ LOZANO; FRANCISCO VILLALPANDO RAMOS; CESAR GALINDO ESCOTO, <br>  Plaintiffs, <br>  Individually and On Behalf of the Class of Those Similarly Situated, <br><br> VS. <br><br><br> STEVEN MCCRAW in his individual capacity; GREG ABBOTT in his individual and official capacities; BRYAN COLLIER in his individual capacity; BRAD COE in his individual capacity, and KINNEY COUNTY, TEXAS <br>  DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 1:22-cv-00397-RP |

**DEFENDANTS' UNOPPOSED MOTION TO ABATE DISCOVERY
PENDING RULING ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' REVISED COMPLAINT [DKT. 53]**

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW DEFENDANTS, BRAD COE ("Defendant Coe"), in his individual capacity and KINNEY COUNTY, TEXAS (the "County") (hereinafter collectively referred to as "Defendants") and files this their Unopposed Motion to Abate Discovery pending the Court's ruling on Defendants' Motion to Dismiss Plaintiffs' Revised Complaint, and respectfully shows

the Court as follows:

# I.
# BACKGROUND SUMMARY

1.	On April 27, 2022, Plaintiffs filed their *Original Complaint* [Dkt.1] alleging a number of different claims against various Defendants, including Sheriff Brad Coe and Kinney County, Texas in connection with the arrests of persons in connection with Operation Lone Star. [Dkt.1].

2.	On June 23, 2022, Plaintiffs filed their *First Amended Complaint*. [Dkt.9].

3.	On June 27, 2022, Plaintiffs filed their *Second Amended Complaint*. [Dkt.10].

4.	On August 24, 2022, Defendants filed their *Motion to Abate Discovery Pending Ruling on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint*. [Dkt.23].

5.	On September 13, 2022, the Honorable United States Magistrate Judge Dustin M. Howell, issued an Order granting Defendants' Motion to Abate. [Dkt.34]. However, the Order appears to abate discovery only until the Court rules on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

6.	On March 28, 2023, the Court dismissed Plaintiffs' Second Amended Complaint, but allowed Plaintiffs to file an amended complaint. [Dkt.28].

7.	On June 18, 2023, Plaintiffs filed their Revised Complaint. [Dkt.52]

8.	On July 23, 2023, Defendants filed their Motion to Dismiss Plaintiff's Revised Complaint [Dkt.53]. Defendant Sheriff Brad Coe asserted his entitlement to qualified immunity. [Dkt.53, ¶¶22].

9.	Out of an abundance of caution, Defendants respectfully request that the Court issue an order abating all discovery, the Rule 26(f) scheduling conference, and proposed scheduling order until the Court rules on Defendant Sheriff Brad Coe's qualified immunity claims in *Defendants' Motion to Dismiss Plaintiffs' Revised Complaint*.

## II.
## ARGUMENT AND AUTHORITY

10. Defendants respectfully request that this Court find that the ends of justice will not be served by participating in a scheduling conference, entering a proposed scheduling order, or otherwise allowing discovery prior to the Court ruling on the pending Defendants' Motion to Dismiss Plaintiffs' Revised Complaint [Dkt.53]. *See* Local Rule CV-16(b)(6) Western District of Texas. "The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009)(citing *Siegert v. Gilley*, 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (KENNEDY, J., concurring in judgment)).

> We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. That promise provides especially cold comfort in this pleading context, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.

*Iqbal*, 556 U.S. at 686, 129 S. Ct. at 1953–54.

> Thus, Iqbal squarely prohibits interpreting our "careful procedure" as allowing tailored discovery before a district court rules on an official's motion to dismiss. When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense. Ibid. The rule is that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation"—full stop. *Ramirez*, 3 F.4th at 133 (citing *Mitchell,* 472 U.S. at 526–27, 105 S.Ct. 2806).

*Carswell*, 54 F.4th at 312.

11. This prohibition against discovery extends beyond qualified immunity issues, but also prohibits discovery into *Monell* issues.

> *Iqbal* squarely forecloses that, too. Responding to concerns about the burdens litigation imposes on public officials, the Court explained:
>
>> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.
>
> *Iqbal,* 556 U.S. at 685–86, 129 S.Ct. 1937. In other words, the Court ruled out even "minimally intrusive discovery" against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage. *Id.* at 686, 129 S.Ct. 1937.

*Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022).

12. Pursuant to the clear direction from the Fifth Circuit, and consistent with this Court's prior ruling on this subject [Dkt. 34] Defendants respectfully request that this Court issue an order abating all discovery in this matter until this Court rules on Defendant Coe's qualified immunity claims.

### III.
### EFFORT TO CONFER

13. Defendants' counsel conferred with all counsel of record on July 11, 2023 and the Parties are unopposed.

### IV.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court issue an Order staying all discovery in this matter pending the Court's ruling on Defendant

Coe's assertion of qualified immunity and request such other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

SIGNED this 11th day of July, 2023.

          Respectfully submitted,

**Denton Navarro Rocha Bernal & Zech, P.C.**
attorneys & counselors at law • rampagelaw.com

A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
rldrinkard@rampagelaw.com

By: _____
SCOTT M. TSCHIRHART
State Bar No. 24013655
ROBERT L. DRINKARD
State Bar No. 24007128

ATTORNEYS FOR DEFENDANTS, BRAD COE, in his individual capacity, AND KINNEY COUNTY, TEXAS

## CERTIFICATE OF CONFERENCE

Defendants' counsel conferred with all counsel of record on July 11, 2023 via email. All parties are unopposed.

_____
SCOTT M. TSCHIRHART

# **CERTIFICATE OF SERVICE**

   This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 11th day of July, 2023, to the following:

Susan E. Hutchison                 ***VIA E-NOTIFICATION***
S. Rafe Foreman
HUTCHISON & FOREMAN, PLLC
1312 Texas Ave., Suite 101
Lubbock, Texas 79401
ATTORNEYS FOR PLAINTIFFS

Angelica Cogliano                 ***VIA E-NOTIFICATION***
Addy Miro
E.G. Morris
505 West 12th Street, Suite 206
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFFS

Benjamin L. Dower                ***VIA E-NOTIFICATION***
Kimberly Gdula
William D. Wassdorf
Allison M. Collins
Johnathan Stone
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANT
GOVERNOR GREG ABBOTT

Marlayna M. Ellis                 ***VIA E-NOTIFICATION***
Assistant Attorneys General
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANTS,
EXECUTIVE DIRECTOR BRYAN COLLIER AND
EXECUTIVE DIRECTOR STEVEN MCCRAW

                           /s/ Scott M. Tschirhart
                           SCOTT M. TSCHIRHART