**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ERASTO ARROYO BARCENAS, MELVIN AMADOR RODAS; IVAN RUANO NAVA; NOLIS LEYVA-GONZALEZ; JOSE CARLOS GOMEZ-COLORADO; JOSE LUIS DOMINGUEZ-ROJAS; MELVIN AMAYA ZELAYA; JESUS CURIPOMA; OSCAR SERRANO MARTINEZ; CHRISTIAN IVAN RUIZ-RODRIGUEZ; ISRAEL BAYLON ARELLANO; JOSE LOPEZ LOZANO; MIGUEL LOPEZ LOZANO; FRANCISCO VILLALPANDO RAMOS; CESAR GALINDO ESCOTO,** | § § § § § § § § § § § § § § § | |
| *Plaintiffs*, **Individually and On Behalf of the Class of Those Similarly Situated,** | § § § § § | |
| **v.** | § § § | **Case No. 1:22-cv-00397-RP** |
| **STEVEN MCCRAW in his individual capacity; GREG ABBOTT in his individual and official capacities; BRYAN COLLIER in his individual capacity; BRAD COE in his individual capacity, and KINNEY COUNTY, TEXAS,** | § § § § § § | |
| *Defendants*. | § | |

---

**DEFENDANTS BRAD COE AND KINNEY COUNTY, TEXAS'
REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS [Dkt. 53]**

---

TO THE HONORABLE JUDGE OF THIS COURT:

DEFENDANTS BRAD COE ("Sheriff Coe") and KINNEY COUNTY, TEXAS (the "County") (hereinafter collectively referred to as "Defendants") file this Reply to Plaintiffs' Response to Motion to Dismiss [Dkt.53], pursuant to Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

# I.
# BACKGROUND SUMMARY

1.      On June 18, 2023, Plaintiffs filed their *Revised Complaint*[1] [Dkt.52] alleging claims against various Defendants, including claims against the Kinney County Defendants, in connection with the arrest and over-detention of Plaintiffs.

2.      On June 23, 2023, the Kinney County Defendants filed their *12(b) Motion to Dismiss Plaintiffs' Revised Complaint* [Dkt. 53].

3.      On September 8, 2023, Plaintiffs filed *Plaintiff's Response to Defendants Brad Coe, in his Individual Capacity and Kinney County, Texas's Second Motion to Dismiss*. [Dkt.60].

4.      Defendants respectfully assert their request that the Court issue an order granting their Motion to Dismiss and dismissing all of Plaintiffs' claims against the Kinney County Defendants pursuant to FRCP 12(b)(6).    Defendants will address each of Plaintiffs' issues in the order presented.

# II.
# DEFENDANTS' RESPONSE

## A.      Illegal arrest.

5.      *Plaintiffs' Response* relies heavily on  *Arizona v. United States*, 567 U.S. 387, 132 S. Ct. 2492, 183 L. Ed. 2d 351 (2012).  However, *Arizona* dealt with the United States challenging the State of Arizona over four provisions of a state law where the stated purpose of that law was to "discourage and deter the unlawful entry and presence of aliens and economic activity by persons unlawfully present in the United States."  *Arizona v. United States*, 567 U.S. 387, 393, 132 S. Ct. 2492, 2497, 183 L. Ed. 2d 351 (2012).  The *Arizona* statute in question is nothing like the present

---

[1] Plaintiffs aver this pleading should properly be entitled *Plaintiffs' Fourth Amended Complaint*, rather than *Plaintiffs' Revised Complaint*.

case where the State of Texas' criminal trespass law applies to everyone, regardless of their citizenship status.   Nor do Plaintiffs bring a case (or even purport to have standing) to test whether Texas Penal Code §30.05 is preempted by federal law.  In fact, Plaintiff's factual pleadings do not demonstrate that any of Plaintiffs were not actually trespassing, as defined in Texas Penal Code §30.05, at the time of their arrest.

6.     Plaintiffs attempts to highlight the DPS Troopers' characterization of Plaintiffs as "migrants," "undocumented persons," and "illegal aliens" in their probable cause affidavits as more than a mere description of these individuals. [Dkt.60, pp.5-6, 8-9].   But Plaintiffs have not pled sufficient facts to demonstrate that any of Plaintiffs were not committing criminal trespassing in violation of the Texas Penal Code at the time of their arrests.

7.     Plaintiffs make unsupported allegations that the DPS Troopers' probable cause affidavits were false. [Dkt.60, pg.9].  However, Plaintiffs do not plead facts to demonstrate that Plaintiffs were not arrested while committing criminal trespass in violation of the Texas Penal Code.

> A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

8.     More importantly for Defendants' Motion to Dismiss, Plaintiffs do not plead sufficient facts to show that Sheriff Coe or Kinney County participated in their arrests.   Plaintiffs do not plead facts to demonstrate that Sheriff Coe or Kinney County have any supervisory control over the Texas state employed DPS Troopers who arrested them.  A Sheriff in Texas exercises authority only over his or her employees and certainly not over State employees.

9.     Plaintiffs have not pled any facts to show that Sheriff Coe or any other County employee personally participated in any of their arrests.  "In order to establish the personal liability of a given

defendant, the plaintiffs must show that a particular official's actions (or inaction) caused a violation of the plaintiff's rights." *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982) *Day v. DeLong*, 358 F. Supp. 3d 687, 709 (S.D. Ohio 2019)("[A]ny Defendants who did not arrest Plaintiff, cannot be held liable for false arrest.").

10.     Therefore, Plaintiffs' allegations about false arrest, the lack of probable cause, and false probable cause affidavits do not contain sufficient "factual content that allows the court to draw the reasonable inference that [Sheriff Coe or Kinney County are] liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.   The Court should grant Defendants' Motion to Dismiss.

**B.     Denial of Counsel.**

11.     Plaintiffs allege that they were "deliberately denied their Sixth Amendment right to counsel through failure to advise them of such right; refusal to allow them to contact counsel; and/or being forced to waive such right." [Dkt.60, pp.9-10].

12.     Judges appoint counsel in Texas, not the Sheriff.   Sheriff Coe and Kinney County are not liable under § 1983 for actions of a judge who acts in his or her judicial capacity. *See Davis v. Tarrant Cnty., Tex*., 565 F.3d 214, 227 (5th Cir. 2009); *Clanton v. Harris County, Tex*., 893 F.2d 757, 758 (5th Cir.1990) ("Texas district judges act for the state in appointing counsel for indigent criminal defendants, and the county is not responsible under § 1983 for their actions in this regard."); *Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir.1989) (stating that "Texas law makes only state court judges responsible for appointing attorneys for indigent criminal defendants" and "[a] county can exercise no authority over state court judges, as the latter are not county officials").

13.     In this case, Plaintiffs' Revised Complaint shows that Sheriff Coe and Kinney County are in no way responsible for appointing attorneys to Plaintiffs.   As previously stated, the Texas Supreme Court issued an emergency order authorizing the Texas Indigent Defense Commission

("TIDC") to establish a program to appoint lawyers to OLS arrestees. [Dkt.52-5, pg. 1, ¶3].   The Lubbock Private Defender's Office was awarded a grant from TIDC to effectuate the Supreme Court's Order.  [Dkt.52-5, pg.1, ¶3].   The Lubbock Private Defender's Office appoints counsel for the persons who are arrested under the OLS program in Kinney County.  [Dkt.52-5, pg.1, ¶¶4, 5].

14.     Plaintiffs have not alleged facts to demonstrate that Sheriff Coe or Kinney County employees had any contact with any of Plaintiffs, much less that these Defendants had a duty to and/or failed to advise Plaintiffs of their rights to counsel, took any action to refuse any of Plaintiffs to contact their lawyers, or forced any of Plaintiffs to waive their right to counsel.

15.      Therefore, Plaintiffs' allegations about denial of counsel do not contain sufficient "factual content that allows the court to draw the reasonable inference that [Sheriff Coe or Kinney County are] liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.     The Court should grant Defendants' Motion to Dismiss.

**C.     Over-Incarceration.**

16.     As previously stated Plaintiffs have not pled any facts to demonstrate that Sheriff Coe personally ordered or required any arresting officer [in this case DPS Troopers over which Sheriff Coe has no supervisory control] to continuously detain individuals in order to confirm or deny the detainee/arrestee's immigration and residency status, or ordered or required any arrestee/defendants to remain in custody following their entitlement to release.

17.     Plaintiffs allege systematic delays relating to the acts or omissions of the prosecutors (who are not parties to this suit) of the OLS arrestees.  [Dkt.52, ¶¶66-72, 76].   Plaintiffs also allege that certain judges caused delays. [Dkt.52, ¶¶73-75].   But Plaintiff have not pled sufficient facts to demonstrate that Sheriff Coe or Kinney County caused any delay in their releases.

18.    Therefore, Plaintiffs' allegations about over-incarceration do not contain sufficient "factual content that allows the court to draw the reasonable inference that [Sheriff Coe or Kinney County are] liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.    The Court should grant Defendants' Motion to Dismiss.

**D.    Failure to train.**

19.    Plaintiffs allege that Sheriff Coe failed to train his employees on federal immigration law. [Dkt.60, pp.13-14].  However, Plaintiffs do not plead facts to demonstrate that they were arrested by Sheriff's Deputies.   Instead, Plaintiffs allege that they were arrested by DPS Troopers.

20.    More importantly, Plaintiffs allege that they were all arrested for criminal trespass in violation of the Texas Penal Code.   Plaintiffs do not plead facts to show that the training received by Kinney County Deputies was insufficient regarding arresting any person for a violation of Texas Penal Code § 30.05.

21.     Plaintiffs' allegations regarding failure to train do not contain sufficient "factual content that allows the court to draw the reasonable inference that [Sheriff Coe or Kinney County are] liable for the misconduct alleged." *Iqbal,* 566 U.S. at 678.   The Court should grant Defendants' Motion to Dismiss.

**E.    Conspiracy.**

22.    Plaintiffs claim that there was an agreement between Defendants Abbott, McCraw, Collier, Coe, and Kinney County to engage in "immigration enforcement" without the involvement of the federal government based on the observed race/color and/or immigration status in violation of the United States Constitution and that they agreed to deny detainees the right to counsel and to refuse to release those who are lawfully entitled to release. [Dkt.52, ¶113].

23.     Plaintiffs' Response argues regarding a §1983 conspiracy claim. [Dk.60, pp.16-17]. However, Plaintiffs abandoned this claim when they failed to assert it in *Plaintiffs' Revised Complaint*. [Dkt.52].

24.     *Plaintiffs' Original Complaint* alleged a §1983 conspiracy claim. [Dkt.1, pp.94-95]. *Plaintiffs' First Amended* Complaint alleged a §1983 conspiracy claim. [Dkt.9, pp.83-84]. *Plaintiffs' Second Amended Complaint* also alleged a §1983 conspiracy claim. [Dkt.10, pg.84]. However, *Plaintiffs' Revised Complaint* seems to abandon the §1983 conspiracy claim in favor of a §1985 claim.[Dkt.52, Count 5 and ¶113].  Though *Plaintiff's Revised Complaint* does recite the elements of a §1983 conspiracy claim. [Dkt.42, ¶112; Dkt.52, ¶112].

25.     Either way, *Plaintiff's Revised Complaint* fails to plead sufficient facts to state a plausible claim for a conspiracy.

26.     *Plaintiff's Revised Complaint* does not plead facts about any particular time, date or event where Defendant Coe allegedly entered into any agreement with any other Defendant to commit any specific illegal act.  "A conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Terwilliger v. Reyna*, 4 F. 4th 270, 285 (5th Cir. 2021)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)).

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of "entitle[ment] to relief." *Cf. DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 56 (C.A.1 1999) ("[T]erms like 'conspiracy,' or even 'agreement,' are

border-line: they might well be sufficient in conjunction with a more specific allegation—for example, identifying a written agreement or even a basis for inferring a tacit agreement, ... but a court is not required to accept such terms as a sufficient basis for a complaint").

*Twombly,* 550 U.S. at 557, 127 S. Ct. at 1966.

27.    Plaintiffs' conclusory allegations are not entitled to a presumption of truth.  These types of allegations were examined by the Supreme Court:

> We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. Respondent pleads that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." The complaint alleges that Ashcroft was the "principal architect" of this invidious policy, and that Mueller was "instrumental" in adopting and executing it. These bare assertions, much like the pleading of conspiracy in Twombly, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, 550 U.S., at 555, 127 S.Ct. 1955, namely, that petitioners adopted a policy " 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group," *Feeney*, 442 U.S., at 279, 99 S.Ct. 2282. As such, the allegations are conclusory and not entitled to be assumed true. *Twombly,* 550 U.S., at 554–555, 127 S.Ct. 1955.

*Iqbal*, 556 U.S. at 680–81, 129 S. Ct. at 1951 (internal references to the record omitted).  "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."  *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).

> [A] plaintiff must allege facts, not conclusory allegations, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir.1987). That rule especially applies to actions alleging conspiracies to violate civil rights. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir.1999); *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986) (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir.1982); *Ellis v. Crawford*, No. Civ.A. 3:03CV2416D, 2005 WL 525406 at *28 (N.D.Tex. Mar.3, 2005); *Stuart v. Frazier*, No. 3–01–CV2629–G, 2002 WL 1371215 at *3 (N.D.Tex. June 21, 2002); *Parsons v. City of Rio Vista*, No. Civ.A. 398–CV–0920–G, 2002 WL 83769 at *2 (N.D.Tex. Jan.4, 2002)).

*Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 981 (E.D. Tex. 2005). Plaintiffs have not pled sufficient facts, taken as true, to support a reasonable inference of the existence of any agreement

between Defendant Coe and any other Defendant to commit an illegal act.

28.   With regard to §1985, Plaintiffs Revised Complaint contains no factual averments whatsoever from which a neutral fact finder could conclude that a conspiracy existed, that it was race-based, that Plaintiffs are in a protected class, or that it involved obstruction of justice or denial of equal protection of the laws.

29.    Plaintiffs have not alleged sufficient facts to support that there was any act in furtherance of any such conspiracy.

30.    Plaintiffs have not alleged that they are United States Citizens or sufficient facts to show that any act in furtherance of a conspiracy deprived Plaintiffs of any right or privilege of a citizen of the United States as required by the statute.

31.    Plaintiffs have not pled sufficient facts to support a reasonable inference that Defendants conspired to deprive Plaintiffs of their constitutional rights because of their race.  Illegal aliens are not a race, and Plaintiffs have not pled any facts to demonstrate an "invidiously discriminatory animus" against any particular race that can be attributed to any of the alleged co-conspirators.

32.    The Court should dismiss Plaintiffs Section 1985 conspiracy claims against Defendant Coe in their entirety.

33.    The intracorporate conspiracy doctrine bars a Section 1983 or 1985 conspiracy claim against the County.  See *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *see also Crook v. El Paso Indep. Sch. Dist.*, 277 F. App'x 477, 480 (5th Cir. 2008); *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F.Supp.2d 605, 643 (W.D. La. 2013); *Thompson v. City of Galveston,* 979 F.Supp. 504, 511 (S.D. Tex. 1997). Therefore, Plaintiffs have not pled sufficient facts to show that the County is capable of conspiring with Sheriff Coe.

34.     Plaintiffs' conspiracy allegations do not plead sufficient "factual content that allows the court to draw the reasonable inference that [Sheriff Coe or Kinney County are] liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.   The Court should grant Defendants' Motion to Dismiss.

### III.
### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant BRAD COE, in his individual capacity, and Defendant KINNEY COUNTY, TEXAS respectfully request that the Court grant their Motion to Dismiss and dismiss all of Plaintiffs' claims pursuant to FRCP 12(b)(6) and for such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

Signed this the 9th day of October, 2023.

Respectfully submitted,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
rldrinkard@rampagelaw.com

By:     _____
SCOTT M. TSCHIRHART
State Bar No. 24013655
ROBERT L. DRINKARD
State Bar No. 24007128

ATTORNEYS FOR DEFENDANTS, BRAD COE, in his individual capacity, AND KINNEY COUNTY, TEXAS

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 9th day of October, 2023, to the following:

Susan E. Hutchson                                              **E-NOTIFICATION**
S. Rafe Foreman
HUTCHISON & FOREMAN, PLLC
1312 Texas Ave. Suite 101
Lubbock, Texas 79401
ATTORNEYS FOR PLAINTIFFS

Angelica Cogliano                                              **E-NOTIFICATION**
Addy Miro
E.G. Morris
505 West 12th Street, Suite 206
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFFS

Benjamin L. Dower                                              **E-NOTIFICATION**
Kimberly Gdula
William D. Wassdorf
Allison M. Collins
Johnathan Stone
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANT
GOVERNOR GREG ABBOTT

Jason T. Bramow                                              **E-NOTIFICATION**
Jessica L. Weltge
Marlayna M. Ellis
Assistant Attorneys General
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANTS,
EXECUTIVE DIRECTOR BRYAN COLLIER AND
EXECUTIVE DIRECTOR STEVEN MCCRAW

Matt A. Crapo                                    **E-NOTIFICATION**
Christopher J. Hajec
IMMIGRATION REFORM LAW INSTITUTE
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001

_____
SCOTT M. TSCHIRHART