**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| ERASTO ARROYO BARCENAS, *et al.*, | § | |
|    *Plaintiffs, Individually and on* | § | |
|    *Behalf of the Class of Those* | § | |
|    *Similarly Situated*, | § | |
| | § | |
| v. | § | Case No. 1:22-cv-00397-RP |
| | § | |
| STEVEN MCCRAW, in his individual | § | |
| capacity, *et al.*, | § | |
|    *Defendants.* | § | |

**DEFENDANT GOVERNOR ABBOTT'S
REPLY IN SUPPORT OF SECOND MOTION TO DISMISS**

I.      **The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

Plaintiffs lack standing to sue Governor Abbott, their claims are barred by *Younger* and claim preclusion, and their requests for equitable relief remain moot—as this Court already held. Dkt. 45 at 7-8.

   A.     **Plaintiffs Lack Standing.**

Plaintiffs' Response utterly fails to address the traceability and redressability elements of standing or explain what role Governor Abbott plays in enforcing the complained of statutes. Dkt. 61., *See Okpalobi,* 244 F.3d 405 at 426. That failure alone, constitutes a waiver of that issue. *Scudder v. MCLP Asset Co., Inc.*, No. 1:23-CV-00228-RP, 2023 WL 4669675, at *4 (W.D. Tex. July 5, 2023), *R. & R. adopted*, No. 1:23-CV-228-RP, 2023 WL 4672422 (W.D. Tex. July 20, 2023) (citing *Medina v. Parkside Lending LLC*, No. A-19-CV-109-RP, 2020 WL 4274587, at *3 (W.D. Tex. July 23, 2020)); *Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014). This Court should, accordingly, find that Plaintiffs lack standing to bring claims against Governor Abbott.

While Governor Abbott issues executive orders and proclamations, he does not arrest, detain, or prosecute individuals for violating state criminal trespass laws. Dkt. 56 at 3-5. A plaintiff cannot meet the necessary traceability and redressability elements of standing against a state official "who is without any power to enforce the complained-of [rule]." *Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (en banc). The Governor has no role in the enforcement of Tex. Pen. Code § 30.05; consequently, Plaintiffs lack standing to bring these claims against him. *See 6th St. Bus. Partners LLC v. Abbott*, No. 1:20-CV-706-RP, 2020 WL 4274589, at *1 (W.D. Tex. July 24, 2020) (holding that bar owners lacked standing to sue the Governor because it was TABC peace officers, not the Governor, who enforced the challenged executive order). Rather, peace officers have the authority to arrest individuals suspected of violating Tex. Pen. Code § 30.05, Tex. Code

Crim. Pro. art. 2.12, the Texas Department of Criminal Justice ("TDCJ") oversees the Briscoe and Segovia Units where Plaintiffs were temporarily incarcerated, *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014), and local prosecutors decide whether to pursue criminal prosecutions for violations of Tex. Pen. Code § 30.05, *see* Dkt. 52 at ¶¶ 6-23, 66-69. Because the Governor did not arrest, detain, or prosecute Plaintiffs, any alleged harms they claim to have suffered are not fairly traceable to Governor Abbott. Any alleged harms also could not be redressed by any order against Governor Abbott. As such Plaintiffs lack standing to pursue claims against Governor Abbott and their claims should be dismissed.

      **B.**    **The Court Should Abstain Under *Younger*.**

As explained in Governor Abbott's Second Motion to Dismiss,[1] this Court should abstain under *Younger* because the equitable relief sought by Plaintiffs will necessarily interfere with ongoing state judicial proceedings, *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974), Texas has a compelling and important interest in protecting the community from crime and enforcing its criminal laws, *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984), and Plaintiffs can challenge their arrests and detentions in their state criminal proceedings, including through pretrial habeas proceedings and the exclusion of evidence at trial, *United States v. Morrison*, 449 U.S. 361, 365 (1981) (collecting cases). Dkt. 56 at 5-8. Plaintiffs' Response to Governor Abbott's Second Motion to Dismiss concedes these arguments but asks this Court not to abstain as to *some* of the claims by *some* of the plaintiffs. Dkt. 61 at 2-3.

      First, Plaintiffs emphasize that there are "no longer any active state criminal charges

---

[1] Under *Younger,* abstention is required if: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012); *Evans v. Garza*, No. 1:23-CV-727-RP, 2023 WL 4879906, at *2 (W.D. Tex. June 30, 2023).

against" *some* Plaintiffs. Dkt. 61 at 2. Therefore, according to Plaintiffs, there is no "ongoing state judicial proceeding." *See id.* And for that reason, Plaintiffs insist *Younger* abstention does not apply: that because they chose not to raise their present claims as part of their state judicial proceedings—despite the opportunity to do so—they should be permitted to assert these claims after the fact. But in the same breath, Plaintiffs also insist that there is standing because even though "[n]o named Plaintiff is currently incarcerated," there remains an Article III case or controversy since "Operation Lone Star (OLS) continues to arrest immigrants and Plaintiffs intend to seek to add incarcerated individuals . . . and then seek class certification." *Id.* at 1. Plaintiffs cannot have their cake and eat it too.

Plaintiffs cite no legal authority for the proposition that *Younger* applies only when *every* single Plaintiff—as opposed to *any* of the Plaintiffs—have active, ongoing state criminal proceedings. *Id.* Even if this interpretation were correct—and it is not—the equitable relief they seek would necessarily interfere with *future* state criminal proceedings (proceedings Plaintiffs themselves acknowledge, Dkt. 61 at 1)—and that is sufficient to meet the ongoing-state-criminal-proceedings *Younger* element.[2] *Daves v. Dallas Cnty.*, 64 F.4th 616, 630 (5th Cir. 2023) ("Such extensive federal oversight would constitute 'an ongoing federal audit of state criminal proceedings ... indirectly accomplish[ing] the kind of interference that *Younger v. Harris* ... and related cases sought to prevent.'" (quoting *O'Shea*, 414 U.S. at 500)).

Second, Plaintiffs contend that *some* of their claims, namely their over-incarceration claims, do not implicate an important state interest because they are allegedly "entitled to release."[3] Dkt.

---

[2] And even if this subset of Plaintiffs were allowed to proceed, as this Court previously ruled, their claims for equitable relief are moot because they are no longer incarcerated. Dkt. 45 at 7-8.
[3] Presumably, Plaintiffs do not dispute that the Court should abstain on their remaining claims.

61 at 3. But it is well-settled that "not releasing those who are dangerous or likely to disappear, or at least not releasing without some form of restraint such as bail, are vital state interests." *Daves*, 64 F.4th at 655 (5th Cir. 2023) (Southwick concurring); *Stack v. Boyle*, 342 U.S. 1, 4 (1951) ("The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty."). The Supreme Court "repeatedly has recognized that the States have important interests in administering [such] aspects of their judicial systems." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987). The Court should abstain because the second element of *Younger* is met by the State's important interest in regulating pretrial detainment and release.

Plaintiffs do not address, and seemingly do not dispute, that the third *Younger* element is met because the state proceedings afford an adequate opportunity for them to raise constitutional challenges. Dkt. 61 at 2-3. This Court should therefore abstain from considering Plaintiffs claims because doing so will interfere with ongoing state criminal proceedings, the state has an important interest in regulating the subject matter of the claims, and there is adequate opportunity for Plaintiffs to raise their constitutional concerns in the state proceedings.

### C.    At Least Some of Plaintiffs' Claims are Precluded.

Governor Abbott's Second Motion to Dismiss pointed out that many Plaintiffs have already filed pre-trial writs of habeas corpus or have otherwise litigated the legality of their arrest or detention in state court, precluding Plaintiffs from re-litigating these claims in this suit. Dkt. 56 at 8 (citing Dkt. 52 at 4-9); *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022). Plaintiffs wholly failed to respond to this argument, constituting a waiver of the issue that should result in this Court dismissing Plaintiffs' corresponding claims. Dkt. 61; *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017).

    **D.    Plaintiffs' Claims for Equitable Relief Remain Moot.**

This Court already ruled that Plaintiffs claims for equitable relief are moot because none of them are currently incarcerated. Dkt. 45 at 8 (citing *Manzo-Hernandez v. Saucedo*, No. 21-40034, 2021 WL 5627068 (5th Cir. Nov. 30, 2021)). Plaintiffs' Amended Complaint failed to cure this deficiency, and Plaintiff's concede that "no named Plaintiff is currently incarcerated" Dkt. 61 at 1. The Court should decline Plaintiffs' novel invitation to defer dismissing Plaintiffs' claims for equitable relief until incarcerated individuals are added as Plaintiffs. Plaintiffs have had ample opportunity to amend, including 195 days since this Court warned them that their claims were moot in the absence of any currently incarcerated plaintiffs. Dkt. 45 at 8. Consequently, this Court should dismiss their claims for equitable relief as moot.

**II.    The Complaint Should Be Dismissed for Failure to State a Claim.**

    **A.    Governor Abbott Had No Personal Involvement.**

Plaintiffs' Response brief did not respond to Governor Abbott's argument that Plaintiffs claims should be dismissed for failing to allege any personal involvement by Governor Abbott in any aspect of their arrest, pretrial detention, or prosecution for violating Tex. Pen. Code § 30.05. Dkt. 52 ¶¶ 6-23. Thus, Plaintiffs have waived this issue and their claims should be dismissed. *Dallas Roadster,* 846 F.3d at 126; *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (a claim of liability for violation of rights under § 1983 must be based upon allegations of personal responsibility). This waiver by Plaintiffs disposes of all claims against Governor Abbott.

    **B.    Plaintiffs Failed to State an Equal Protection Claim.**

Governor Abbott's Second Motion to Dismiss also argued that Plaintiffs failed to state an equal protection claim based on race, color, national origin, and immigration status because they

did not allege membership in a particular race and color, failed to identify similarly situated comparators who were treated differently, their claims are wholly conclusory, and immigration status is not a protected class. Dkt. 56 at 10-13. Governor Abbott further argued that Plaintiffs failed to state a sex based equal protection claim because the Governor was not responsible for instituting the alleged policy of only arresting males and, even if he were, the policy passes intermediate scrutiny because Plaintiffs were housed at male-only TDCJ Units. *Id*. at 13-15; *Women Prisoners of D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 926 (D.C. Cir. 1996) ("Sex segregation in correctional facilities is constitutional because it serves important and legitimate government interests, including improved discipline within penal facilities and increased safety for female inmates.").

Plaintiffs' Response does not meaningfully address *any* of these arguments; instead, it simply repeats, verbatim, the allegations in the complaint. Dkt. 61 at 13. Despite their protestations that they have "absolutely alleged" that they are "undisputedly targeted," Plaintiffs' response fails to cite to any allegations in the Amended Complaint rebutting Governor Abbott's arguments. *Id*. Nor do Plaintiffs cite any legal authorities showing that immigration status is a protected class. *Id*.

Plaintiffs argued that *Jornaleros de Las Palmas v. City of League City*, 945 F. Supp. 2d 779, 801 (S.D. Tex. 2013), is distinguishable from the present case because the day laborer plaintiffs in *Jornaleros de Las Palmas* were targeted based on what they *did*—not who they *were*. Dkt. 61 at 13. But the same principle applies here. Even assuming Plaintiffs' inaccurate, conclusory allegations of "targeting" were accurate, any alleged "targeting" would have been based on what Plaintiffs' *did*— trespass in violation of Tex. Pen. Code § 30.05—not who they *were*. Given Plaintiffs' failure to plead any factual basis to the contrary, Plaintiffs' equal protection claims should be dismissed.

6

### C. Plaintiffs Failed to State a Due Process Claim.

Plaintiffs responded to Governor Abbott's arguments for dismissing the due process claim by simply asserting that "OLS violates the Plaintiffs' substantive due process rights under the Fourteenth Amendment because the law is arbitrary and capricious and, because the federal scheme is enacted to address immigration enforcement, serves no legitimate government interest." Dkt. 61 at 11. But Plaintiffs response fails to substantively address the arguments made by Governor Abbott or explain why their claims are not subject to dismissal. *Id.* They do not address that their due process claims: 1) fully overlap with their equal protection claims; 2) that none of the Plaintiffs alleged that they were overdetained for longer than the month necessary to state an overdetention substantive due process claim; 3) that there are no allegations of personal involvement in their overdetention by the Governor; and 4) that to the extent they assert a substantive due process claim, the proper mechanism to raise those claims was in the state court proceedings. Dkt. 56 at 14-16. Waiver of these issues warrants dismissal of Plaintiff's due process claims. *Dallas Roadster,* 846 F.3d at 126.

### D. Plaintiffs Failed to State a Sixth Amendment Claim.

Under Texas law, within 48 hours an arrestee is taken before a magistrate for an art. 15.17 magistration hearing to inform them of the charges, of their rights, determine bond, and determine whether they require appointed counsel. Tex. Code Crim. Pro. art. 15.17(a).[4]

Here, *some* Plaintiffs allege that several months passed after their art. 15.17 magistration hearings before they were appointed counsel, which they contend amounts to a Sixth Amendment

---

[4] The Texas Supreme Court beginning on August 30, 2021, with Misc. Dkt. No. 21-9104 and continuing through the present, has adopted emergency orders streamlining the process for appointing counsel following the art 15.17 magistration hearings for those arrested pursuant to OLS.

7

violation. Dkt. 52 at ¶¶11-14. Governor Abbott's Second Motion to Dismiss argued that this brief delay in the appointment of counsel does not violate the Sixth Amendment because it was reasonable and no "critical stage proceedings" occurred until after counsel was appointed. Dkt. 56 at 16-18; *Rothgery v. Gillespie Cnty.,* 554 U.S. 191, 194–95 (2008); *Ransdell v. Lumpkin*, No. CV SA-21-CA-0010-XR, 2021 WL 4392084, at *4 (W.D. Tex. Sept. 23, 2021).

Instead of responding to these arguments, Plaintiffs argue for the first time that Plaintiffs were entitled to counsel *at* their art. 15.17 magistration hearings. Dkt. 61 at 9-10. In other words, Plaintiffs contend that their Sixth Amendment rights were violated because they were not appointed counsel within 48-hours of their arrest.[5] *Id.* This radical argument has been repeatedly rejected by multiple federal and state courts. *Garcia v. Lumpkin*, No. A-21-CV-416-LY-DH, 2022 WL 19730672, at *7 (W.D. Tex. Apr. 14, 2022), *R. & R. adopted*, No. A-21-CV-416-LY, 2022 WL 19730673 (W.D. Tex. July 6, 2022) ("[W]hile an art. 15.17 hearing 'plainly signals attachment,' it is not a 'critical stage' of the state criminal proceeding at which an attorney's presence is mandatory … the Sixth Amendment does not require the appointment of an attorney prior to an art. 15.17 hearing or the physical presence of one during the art. 15.17 hearing."); *State v. Castanedanieto*, No. 05-18-00870-CR, 2022 WL 3273728, at *4 (Tex. App. Aug. 11, 2022), *pet. for discretionary review refused* (Nov. 2, 2022); s*ee also Regalado v. City of Edinburg*, No. 7:22-CV-228, 2023 WL 2394299, at *14 (S.D. Tex. Feb. 1, 2023), *R. & R. adopted*, 2023 WL 2391014 (S.D. Tex. Mar. 7, 2023)*; Spielbauer v. Dir., Tex. Dep't of Crim. Just., Corr. Institutions Div.*, No. 2:22-CV-164-Z-BR, 2023 WL 3394754, at *4 (N.D. Tex. Apr. 10, 2023*), R. & R. adopted sub nom.*, 2023 WL

---

[5]  Plaintiffs attached a Declaration to their Amended Complaint stating that the Lubbock Private Defenders Office receives cases for appointment of counsel withing 24-48 hours after the art. 15.17 magistration hearing. Dkt. 52-5 at ¶12.

3400503 (N.D. Tex. May 11, 2023). Thus, Plaintiffs have again failed to state a Sixth Amendment claim, and Plaintiffs' claims should be dismissed.

### E. Plaintiffs Failed to State a Fourth Amendment Claim.

Governor Abbott's Second Motion to Dismiss argued that Plaintiffs failed to state a Fourth Amendment claim because they failed to allege the lack of probable cause. Dkt. 56 at 18-19. Indeed, Plaintiffs cannot allege lack of probable cause since Plaintiffs were arrested for violating Tex. Pen. Code § 30.05 as they were literally caught in the act of committing criminal trespass. Dkt. 56 at 18-19. Yet Plaintiffs' response entirely fails to address this argument.

Instead, Plaintiffs dedicate six pages of their opposition essentially arguing a counterfactual—asserting that they were arrested purely for suspected violations of federal immigration laws. Dkt. 61 at 3-9. But Plaintiffs cannot credibly allege the lack of probable cause for their arrest since they were in fact arrested for violating state criminal trespass laws, *see* Tex. Pen. Code § 30.05; Dkt. 52 ¶¶6-23. It is inarguable that probable cause existed for their arrests which forecloses a Fourth Amendment claim.

### F. Plaintiffs Failed to State a Conspiracy Claim.

Plaintiffs' Response offers a conclusory, threadbare response to Governor Abbott's arguments for dismissing the conspiracy claim. Dkt. 61 at 14-15. It is well-settled that a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Armstrong v. Ashley*, 60 F.4th 262, 270 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). This is especially true here, where Plaintiffs contend that the evidence of a conspiracy is "clear and on record," without citing the record, without explaining how it supports each of the necessary elements of a conspiracy claim, and without citing to any legal authority in support of their position. Dkt. 61 at 14. Plaintiffs' conspiracy claim should be dismissed for failing to allege

9

facts that created a plausible inference that Governor Abbott was somehow motivated by a racially discriminatory purpose, or conspired with others to deprive Plaintiffs their constitutional rights. Dkt. 56 at 19. Additionally, Plaintiffs cannot state a conspiracy claim because they did not suffer a deprivation of their constitutional rights. *Whisenant v. City of Haltom*, 106 F. App'x 915, 917 (5th Cir. 2004) (per curiam).

### III.     Governor Abbott is Entitled to Qualified Immunity.

Governor Abbott's Second Motion to Dismiss argued that Plaintiffs failed to show "(1) that the [Governor] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Anderson v. Valdez*, 845 F.3d 580, 600 (5th Cir. 2016); Dkt. 56 at 15. Plaintiffs' offer a tangled response that does not show personal involvement by the Governor and contains no citations to the Complaint nor to any legal authority. Dkt. 61 at 15. Plaintiffs then assert -- for the first time-- § 1983 claims against Governor Abbott for failure to supervise and train. *Id*.

This Court should disregard these newly raised claims because they were not contained in Plaintiffs' Amended Complaint. Dkt. 52. A claim which is not raised in the complaint but is raised only in response to a dispositive motion is not properly before the court. *Cutrera v. Bd. of Sup'rs of LSU*, 429 F.3d 108, 113 (5th Cir.2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990)). Even if these claims were before the Court, Plaintiffs have not and cannot show that Governor Abbott is personally responsible for training and supervising Kinney County prosecutors, or individual DPS officers, or TDCJ officers.

### PRAYER

For all these reasons, Governor Abbott respectfully asks the Court to dismiss the claims against capacity and for any further relief to which he is justly entitled.

Respectfully submitted,

**Ken Paxton**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

**RYAN KERCHER**
Deputy Chief, General Litigation Division

*/s/ Johnathan Stone*
**JOHNATHAN STONE**
Assistant Attorney General
Texas State Bar No. 24071779

**ALLISON M. COLLINS**
Texas Bar No. 24127467
Allison.collins@oag.texas.gov
Assistant Attorneys General

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4196
Facsimile: (512) 320-0667
Johnathan.Stone@oag.texas.gov

**ATTORNEYS FOR DEFENDANT**

11

## CERTIFICATE OF SERVICE

I certify that that on October 10, 2023, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/Johnathan Stone
**JOHNATHAN STONE**
Assistant Attorney General