IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERASTO ARROYO BARCENAS, *et al.*, <br>    *Plaintiffs, Individually and on Behalf of the Class of Those Similarly Situated*, <br> <br> v. <br> <br> STEVEN MCCRAW in his individual capacity, *et al.*, <br>    *Defendants*. | § § § § § § § § § § § | Case No. 1:22-cv-00397-RP |

**DEFENDANT BRYAN COLLIER'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Executive Director Collier submits this reply brief in further support of his Motion to Dismiss.

**I. THE COURT LACKS JURISDICTION OVER PLAINTIFFS' REQUESTS FOR DECLARATORY RELIEF AGAINST EXECUTIVE DIRECTOR COLLIER IN HIS INDIVIDUAL CAPACITY BASED ON THE INTERSECTION OF STANDING, RIPENESS, AND MOOTNESS.**

**A. STANDING**

Plaintiffs admit that no Plaintiff is currently incarcerated. ECF No. 62 at 4. Therefore, no Plaintiff has standing to seek declaratory relief because none of them are suffering a concrete or imminent injury that can be redressed through such relief. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (holding to establish standing, a plaintiff must show (1) an actual or imminent, concrete, and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by a favorable decision).

Plaintiffs make no real argument against dismissal of their claims for lack of standing, but rather seek only for the Court to "defer any ruling . . . until such time as Plaintiffs seek to add incarcerated individuals to the complaint." ECF No. 62 at 4. "[A]rguments in favor of standing, like all arguments in favor of jurisdiction, can be forfeited or waived." *Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019) (citation omitted) (citing *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d

1

537, 544 (10th Cir. 2016) (considering "only those arguments in favor of standing that the plaintiffs have adequately briefed")). Notably, Plaintiffs had ample opportunity to brief this issue, or even amend their Complaint to include currently incarcerated plaintiffs but chose not to. Furthermore, this Court rejected Plaintiffs' prior argument that they could seek injunctive relief as part of a putative class, *see* ECF No. 45 at 8, and should similarly reject Plaintiffs' argument that they can seek declaratory relief as part of a putative class.

Even if Plaintiffs could overcome their lack of injury that could be redressed through declaratory relief – which they cannot – Plaintiffs still cannot meet another of Article III's standing requirements: traceability. Plaintiffs assert that Article III standing does not require them to establish proximate causation, but only requires that the injury be 'fairly traceable' to the defendant, and Plaintiffs argue that they have pleaded sufficient facts that their injuries are 'fairly traceable' to Collier. ECF No. 62 at 5. Contrary to this conclusory assertion, Plaintiffs have not alleged that their injuries are fairly traceable to Collier, but rather, that their alleged injuries – over-detention and over-incarceration – are at most, fairly traceable to the Kinney County Sherriff. *See Ex parte Texas Department of Criminal Justice, et al.*, Cause No. 5118 (63rd Judicial Dist. June 16, 2022) (finding that "[TDCJ] . . . [has] no authority to release individuals.")).

Moreover, this 'fairly traceable' language does not negate the fact that Plaintiffs chose to sue Collier in his individual capacity, and therefore, a declaratory judgment against Collier in his individual capacity has no preclusive effect on TDCJ. *See Haaland v. Brackeen*, 599 U.S. ---, 2023 WL 4002951, at *19 (June 15, 2023) (holding the declaration must issue against the party whose allegedly illegal conduct is at issue, "[o]therwise redressability would be satisfied whenever a decision might persuade actors who are not before the court—contrary to Article III's strict prohibition on 'issuing advisory opinions.'") (quoting *Carney v. Adams*, 141 S. Ct. 493, 498 (2020)). Simply put, even if Plaintiffs had a

2

concrete injury in fact which could be fairly traceable to Collier, they cannot satisfy the redressability prong.

### B. MOOTNESS AND RIPENESS

As a general rule, "a purported class action becomes moot when the personal claims of all named plaintiffs" have been satisfied prior to certification of a class, since, under such circumstances, there is no longer an Article III "case or controversy" for the court to resolve. *Ward v. Hellerstedt*, 753 F. App'x 236, 241(5th Cir. 2018) (quoting *Murray v. Fid. Nat'l Fin., Inc.*, 594 F.3d 419, 421 (5th Cir. 2010) (internal citations omitted).

Plaintiffs argue that their claims fall within an exception to the general mootness rule based on Supreme Court cases that have addressed mootness in the context of class actions. ECF No. 62 at 5. But those cases addressed the limited circumstances of mootness *after* class certification is granted, s*ee Gerstein v. Pugh*, 420 U.S. 103, 110–111, n. 11 (1975), and mootness when class certification is denied and the plaintiff challenges that denial, *see U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 400 (1980). The Supreme Court reiterated the limited scope of its prior holdings in *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013), explaining that they pertain only to cases where the named plaintiff's claim became moot *after* a class certification decision had been made. Importantly, the Supreme Court and the Fifth Circuit have issued recent decisions rejecting a putative class action of pretrial detainees who were released from detention *before* class certification. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1538 (2018); *Manzo-Hernandez v. Saucedo*, No. 21-40034, 2021 WL 5627068 (5th Cir. Nov. 30, 2021).

Similarly, Plaintiffs cannot maintain their current suit for declaratory relief, indefinitely delaying a decision from this Court based on hypothetical, future plaintiffs who may never become incarcerated, because those claims are not ripe. "[T]he ripeness doctrine seeks to separate matters that are premature for review because the injury is speculative and may never occur, from those cases that are appropriate for federal court action." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 n.12

3

(5th Cir. 2008). A declaratory judgment cannot be based on a possible future factual situation that may never develop. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583 587-88 (5th Cir. 1987); *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

### C. YOUNGER AND O'SHEA ABSTENTION

Should this Court conclude that a future injury is not speculative, both *Younger* and *O'Shea* abstention apply to Plaintiffs' sweeping requests for equitable relief. Although Plaintiffs argue that the sought declaratory relief would have "little, if any, baring on state criminal charges," *see* ECF No. 62 at 6, Plaintiffs misunderstand the abstention doctrine. *Younger* counsels federal courts to abstain from exercising jurisdiction when the federal proceeding would interfere with ongoing state judicial proceedings, not just the initial criminal charges. *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). Additionally, Plaintiffs seek a declaration that "any person arrested… under OLS violates federal law" and "that the Defendants violated the due process rights of the class members … prosecuted under the OLS trespass arrest program." ECF No. 52 at 44 ¶ 2, 3. Clearly, the sought declaratory relief would have significant baring on state criminal charges because it would effectively require Kinney County to refrain from future prosecution or face "an ongoing federal audit of state criminal proceedings." *O'Shea*, 414 U.S. at 500.

Despite Plaintiffs' assertion that the eight claims related to over-detention are not subject to the *Younger* doctrine, Plaintiffs fail to cite any authority endorsing that opinion. Importantly, the appropriate focus is on whether the federal proceeding would interfere with the state proceeding. *Bice*, 677 F.3d at 717. "Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Id.* (quoting *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002)).

4

Here, the eight claims relating to over-detention interfere with the state court's ability to conduct proceedings, particularly because Plaintiffs seek to deprive the state court of its ability to resolve challenges to purported over-detentions. This is critical because, to overcome the presumption in favor of abstention, Plaintiffs must show they have *no opportunity* to litigate the asserted federal issues in state court, *see DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984), and Plaintiffs are manufacturing an exception to where they no longer have to litigate issues in state court.

Plaintiffs also assert that *Younger* should not be applied to any claim brought by a Plaintiff without an "ongoing state judicial proceeding." ECF No. 62 at 6. Plaintiffs cite no case authority supporting this proposition. And contrary to this assertion, *Younger*-like abstention may be appropriate when the federal claim interferes with state processes generally in a manner that *Younger* abstention seeks to prevent, even when there is not a specific ongoing state proceeding. *O'Shea v. Littleton*, 414 U.S. 488, 496-97 (1974). Furthermore, Plaintiffs cannot simultaneously argue that there are no ongoing state judicial proceedings regarding the named Plaintiffs, and therefore *Younger* is inapplicable, but also seek declaratory relief on behalf of a purported class, where *Younger* would be appropriate. Either way, the type of judicial oversight sought by Plaintiffs is exactly what *Younger* sought to prohibit. *See O'Shea*, 414 U.S. at 500; *Wallace v. Kern*, 520 F.2d 400, 401 (2d Cir. 1975).

## II.  PLAINTIFFS' DAMAGES CLAIMS AGAINST EXECUTIVE DIRECTOR COLLIER, IN HIS INDIVIDUAL CAPACITY, ARE BARRED BY QUALIFIED IMMUNITY.

Plaintiffs assert that "Defendant Collier is not entitled to qualified immunity." ECF No. 62 at 14. Plaintiffs argue that Collier "knowingly and intentionally participates in a process designed to violate constitutional rights, including incarcerating immigrants in his facilities based upon race, color, national origin, and immigration status, he trains his detention officers to delay or withhold information about appointment of counsel and he trains his detention officers to participate in the over-detention of immigrants." *Id.*

5

In response to serious deficiencies regarding the lack of specific personal involvement by Collier in any purported constitutional violation, and his entitlement to qualified immunity, Plaintiffs' assertions continue to be nothing more than conclusory. Plaintiffs' own factual allegations are that TDCJ facilities – not Collier in his individual capacity – house individuals arrested for criminal trespass. Plaintiffs do not contest that they were illegally trespassing on private property and were therefore detained based on their criminal trespass. Simply put, Plaintiffs have not alleged any constitutional violation by Collier.

Qualified immunity "shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Moreover, Plaintiffs fail to point to a single case permitting relief against a state official in his individual capacity for the detention of individuals who violated a state law. "[C]learly established law should not be defined at a high level of generality," but must instead be "particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017).

Further, there is no allegation in Plaintiffs' *Third* Amended complaint that Collier "trains his detention officers to delay or withhold information about appointment of counsel" or that he "trains his detention officers to participate in the over-detention of immigrants." In fact, Plaintiffs Barcenas, Nava, Vega, and Becerra specifically allege that the Warden of the Briscoe Unit refused or delayed their release, but at no point allege that the Warden's actions were the result of a training or policy implemented by Collier. ECF No. 52 at ¶ 6, 9–10, 15. Likewise, there are no other allegations that any Plaintiffs experienced delayed release *because* of Collier's training. As a general rule, claims and allegations that are not raised in the complaint, but rather raised for the first time in a response to a dispositive motion are not properly before the court. *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005).

Although the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend, *see Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995), Plaintiffs have now been given *three* opportunities to amend, as well as the opportunity to address deficiencies noted by the Defendants' motions to dismiss and this Court's Order (ECF No. 45). Plaintiffs have had more than a fair opportunity to plead their best case and have given no indication to the contrary. *Alsenz v. Aurora Bank*, FSB, 641 Fed. Appx. 359, 363 (5th Cir. 2016); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

### III. PLAINTIFFS' REMAINING CLAIMS FAIL AS A MATTER OF LAW.

#### A. PLAINTIFFS' RESPONSE FAILS TO IDENTIFY COLLIER'S PERSONAL INVOLVEMENT IN A FOURTH AMENDMENT VIOLATION, AND ADDRESSES CLAIMS THAT ARE NOT RAISED IN COLLIER'S MOTION TO DISMISS BECAUSE THEY WERE NEVER BROUGHT AGAINST HIM IN PLAINTIFFS' *THIRD* AMENDED COMPLAINT.

Plaintiffs do not respond to Collier's assertion that the Third Amended Complaint should be dismissed for failing to allege his personal involvement in any Fourth Amendment violation or over-detention claim.[1]

Instead, Plaintiffs address a Sixth Amendment claim, *see* ECF No. 62 at 7, that was not brought against Collier, and specifically *only* brought against Abbott, Coe, and Kinney County. ECF No. 52 at 39. Even if Plaintiffs had brought such a claim, it would still be subject to dismissal for failure to state a claim because, aside from generically claiming that they "pleaded that Collier acted in concert with Coe and Kinney County to withhold notification of such appointments from those incarcerated and/or delay access to counsel of those incarcerated in Collier's facilities, the otherwise conclusory allegations that they were denied counsel at certain "critical stages" does not satisfy their pleading burden to adequately state a claim. Plaintiffs do not detail any *actual* proceedings at which they were

---

[1] As discussed above, Plaintiffs raise new claims and allegations that were not contained in their Third Amended Complaint. For the reasons discussed above, these allegations are not properly before the court and should not be given any weight.

7

not afforded an opportunity to engage with counsel, but rather, vaguely mention various types of "critical stages" where they were purportedly withheld information or delayed access to their counsel. But even if that were true, Plaintiffs have not established that any alleged denial of counsel by Collier hindered the ability of appointed counsel from providing adequate representation in any way.

Similarly, Plaintiffs spend a considerable amount of time "responding" to an equal protection claim, asserting that "the Defendants, including Defendant Collier, undisputedly have set up an entirely separate criminal system for prosecuting immigrants which white people and citizens are not subject to enduring." ECF No. 62 at 9-12. But again, no such claim was brought against Collier. In fact, the equal protection heading specifically states that it is "Brought Against Defendants McCraw, Abbott, Coe, and Kinney County." ECF No. 52 at 36.

Finally, Plaintiffs argue that Collier is liable pursuant to Section U.S.C. 1983. ECF No. 62 at 12-13. However, this claim was also not clearly brought against Collier, let alone any of the defendants. Notably, the only heading relating to a conspiracy claim is pursuant to Section 1985, not 1983. ECF No. 52 at 42. Even so, any Section 1983 is not viable against Collier as Plaintiffs make no effort to allege that Collier agreed to violate their constitutional rights. *Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008) (holding that a conspiracy claim by itself is not actionable under Section 1983); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (finding general conclusory charges of conspiracy with no specific allegation of facts tending to show a prior agreement cannot survive a motion to dismiss).

This Court already warned Plaintiffs that their previously pleaded claims did not comply with Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). ECF No. 45 at 8-10. Pleadings should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). This ensures that defendants are given notice of any allegations brought against them and allows a court to analyze the merits of a claim. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). To the

extent Plaintiffs intended to bring a Sixth Amendment, equal protection, or Section 1983 conspiracy claim against Collier, they have forfeited their right to do so now – in response to Collier's Second Motion to Dismiss – with their sloppy pleading, and ever-changing claims, despite being given multiple opportunities to provide sufficient clarity to their claims.

### B. PLAINTIFFS FAIL TO STATE A SUBSTANTIVE DUE PROCESS CLAIM.

Plaintiffs assert that "OLS violates the Plaintiffs' substantive due process rights under the Fourteenth Amendment because the law is arbitrary and capricious and, because the federal scheme is enacted to address immigration enforcement, serves no legitimate government interest." ECF No. 61 at 11. However, Plaintiffs fail to reconcile the fact that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (quoting *Graham v. Connor*, 409 U.S. 386, 395 (1989).

As discussed in Collier's Second Motion to Dismiss, the only seemingly relevant due process violation against Collier would be Plaintiffs' allegations of over-detention despite legally being entitled to release. However, it is well-established that the Fourth Amendment governs the standard for probable cause necessary to effect a detention, as well as the minimum constitutional standards and procedures for detention. *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). Accordingly, because Plaintiffs failed to allege a deprivation of their due process rights that is separate and apart from a right not otherwise protected by another Amendment, this claim must be dismissed against Collier.

### C. PLAINTIFFS FAIL TO STATE A SECTION 1985 CONSPIRACY CLAIM.

Even in their purported response to Collier's Motion to Dismiss, Plaintiffs fail to mention Collier's involvement in a 1985 conspiracy. Instead, Plaintiffs simply assert that "the conspiracy between Abbott, McCraw and Coe (and others) to implement OLS was specifically for the purpose

9

of depriving a class of persons of the equal protection of the laws." ECF No. 62 at 13. But even if Plaintiffs had identified Collier as part of this conspiracy, it is well-settled that a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Armstrong v. Ashley*, 60 F.4th 262, 270 (5th Cir. 2023).

## IV. PRAYER

For all these reasons, Executive Director Collier respectfully asks the Court to dismiss the claims against him in his individual capacity.

Respectfully submitted,

| | |
|---|---|
| **KEN PAXTON**<br>Attorney General | /s/ *Marlayna M. Ellis*<br>**MARLAYNA M. ELLIS**<br>Texas Bar No. 24123448 |
| **BRENT WEBSTER**<br>First Assistant Attorney General | marlayna.ellis@oag.texas.gov<br>Attorney-in-Charge |
| **GRANT DORFMAN**<br>Deputy First Assistant Attorney General | Office of the Attorney General<br>Law Enforcement Defense Division<br>P.O. Box 12548, Capitol Station |
| **JAMES LLOYD**<br>Deputy Attorney General for Civil Litigation | Austin, Texas 78711-2548<br>(512) 463-2080 / Fax (512) 370-9994 |
| **SHANNA E. MOLINARE**<br>Chief, Law Enforcement Defense Division | **ATTORNEYS FOR DEFENDANTS**<br>**EXECUTIVE DIRECTOR BRYAN COLLIER**<br>**DIRECTOR STEVEN MCCRAW** |

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
Assistant Attorney General