IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANGEL SANCHEZ-JIMENEZ; JESUS LOZA SANTANA; ERASTO ARROYO BARCENAS; GABRIEL GUTIERREZ BECERRA; MELVIN AMADOR RODAS; JUAN CARLOS JIMENEZ PINEDA; DAVID MUNOZ-VEGA; IVAN RUANO NAVA; NOLIS LEYVA-GONZALEZ; JOSE CARLOS GOMEZ-COLORADO; JOSE LUIS DOMINGUEZ- ROJAS; ZAQUERO HERNANDEZ-OVILLA; MELVIN AMAYA ZELAYA; JESUS CURIPOMA; OSCAR SERRANO MARTINEZ; IVAN CHRISTIAN RODRIGUEZ-RUIZ; ISRAEL BAYLON ARELLANO; JOSE LOPEZ LOZANO; MIGUEL LOPEZ LOZANO; FRANCISCO VILLALPANDO RAMOS; and CESAR GALINDO ESCOTO,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN MCCRAW in his individual capacity; GREG ABBOTT in his individual and official capacities; BRYAN COLLIER in his individual capacity; BRAD COE in his individual capacity, and KINNEY COUNTY, TEXAS<br><br>Defendants. | Case No. 1:22-cv-00397-RP |

**NOTICE OF RELATED OR SUBSTANTIALLY OVERLAPPING CASE**

1

Plaintiff's counsel in *Rivera Castelan, et al. v. Villarreal, et al.*, Case No. 5:23-cv-01394- JKP-RBF (W.D. Tex.), recently learned of the similarities between that case and the above-captioned case, *Sanchez-Jimenez et al. v. McCraw et al.*, Case 1:22-cv-00397-RP (W.D. Tex.) (originally captioned *Arroyo Barcenas, et al. v. McCraw, et al.*). Defendant Kinney County is a party in both cases. Under Local Rule CV-3, "[a]ll parties are required to advise the court of any related cases, through means of the Civil Cover Sheet or otherwise." The rules do not define "related," and so counsel explains in detail below the relationship between the two cases so that the Court may independently evaluate whether they are related for purposes of Rule CV-3. In a simultaneously filed motion to transfer *Rivera* to this Court, counsel explains that "substantial overlap" exists between the cases, and does so here as well in this Notice of Related or Substantially Overlapping Case.

Plaintiff in *Rivera* filed a class action in the San Antonio Division of the Western District of Texas on November 4, 2023. The case was assigned to the Honorable Judge Jason Pulliam and is currently pending before the Honorable Magistrate Judge Richard B. Farrer. Because Plaintiff was unaware of the existence of any related or substantially overlapping cases at the time of filing *Rivera*, Plaintiff did not include any notice of related cases on the Civil Cover Sheet in that case. Counsel became aware of the overlap between the cases on Friday, January 19, 2024, while analyzing research performed in anticipation of filing either an amended complaint or oppositions to then-pending motions to dismiss in that case.

The Plaintiff in *Rivera* was arrested pursuant to Operation Lone Star, a "wide-ranging campaign to arrest large numbers of migrants at the Texas–Mexico border." (*Rivera* FAC (ECF No. 30) at ¶ 30.) He was detained for 252 days by Defendant Kinney County without charges, even though Article 17.151 of the Texas Code of Criminal Procedure requires release after 30 days for people charged with offenses punishable as class A misdemeanors. (*Id.* at ¶ 2.) For the first 76 days of his detention, Rivera did not have an appointed attorney because the operators of the Val Verde Processing Center, Ronny Taylor and Recana Solutions, LLC, failed to fulfill their obligation to send the necessary paperwork to the appointing authority. (*Id.* at ¶ 3.) When Rivera was finally appointed an attorney, the attorney did no work on his case and made no attempts to end Rivera's unlawful detention. (*Id.*)

Like the Plaintiffs in *Sanchez-Jimenez*, Rivera brought class action claims on behalf of people whose Sixth Amendment and Fourteenth Amendment rights were violated after they were arrested pursuant to Operation Lone Star. *Rivera* contains the following class definitions:

> i. Class One (the Fourteenth Amendment Class): All people who were arrested in Kinney County as part of OLS [Operation Lone Star] and were detained by Kinney County without charges beyond the date on which Texas law required their release under Article 17.151.
> ii. Class Two (the Sixth Amendment Class): All people who were arrested in Kinney County as part of OLS and were detained by Kinney County without charges beyond the date on which Texas law required their release under Article 17.151 and who were entitled to appointment of counsel but who did not receive appointment of counsel before they were entitled to release under Article 17.151.

(*Id.* at ¶ 88.) *Rivera* contains two class claims. The first is a procedural due process claim against Kinney County on behalf of members of the Fourteenth Amendment Class, alleging that Kinney County detained Rivera and the proposed class members for longer than allowed under Article 17.151 of the Texas Code of Criminal Procedure. The second claim is brought on behalf of the Sixth Amendment class against the operators of the Val Verde Processing Center, Defendants Taylor and Recana, for failing to send necessary appointment paperwork to the appointing authority, resulting in the deprivation of their right to counsel. In addition to the class claims, Rivera also brings a claim against his appointed attorney, Gary Villarreal, for malpractice related to his failure to do anything to end Rivera's over-detention.

As this Court is aware, *Sanchez-Jimenez* was filed in April of 2022 against the director of the Texas Department of Public Safety, Governor Greg Abbott, the executive director of the Texas Department of Criminal Justice, Kinney County Sheriff Brad Coe, and Kinney County. The complaint has been amended three times, with the third amended complaint as the operative complaint since May 2023 (TAC, ECF No. 49). The class definitions in the third amended complaint are:

1. Individuals who were arrested, detained, and prosecuted under the OLS misdemeanor trespass catch and jail program[.]
2. Individuals incarcerated under the OLS misdemeanor trespass catch and jail program past their release dates, *i.e.,* past the dates that bond is posted, a plea is entered and sentence is complete, or charges have been dismissed when there is no alternate hold keeping them in custody.

(*Sanchez-Jimenez* TAC at ¶ 80.) There are five claims for relief. As relevant here, the claims include (1) a claim for violations of "Plaintiffs' Fourteenth Amendment Substantive Due Process Rights by Depriving the Arrestee/Defendants of Due Process of Law" (*id.* at 38); (2) a claim for violations of the plaintiffs' Sixth Amendment right to counsel (*id.* at 39); and (3) a conspiracy claim for conspiracy "to deny detainees the right to counsel and to refuse to release those who are lawfully entitled to release" (*id.* at 43). Kinney County, as well as other Operation Lone Star actors not named in *Rivera*, are named as defendants for all three claims.

Although the class definitions, named defendants, and claims differ in the two cases, there is substantial overlap. As an initial matter, the first *Sanchez-Jimenez* class includes *all* people arrested under OLS, which fully encompasses the *Rivera* classes. The *Sanchez-Jimenez* Third Amended Complaint does not note which claims are brought on behalf of which classes, but the Sixth Amendment claim is likely brought on behalf of that broad first class. *Sanchez-Jimenez* brings this claim against different defendants than *Rivera*, but the same essential act (the failure to appoint counsel) is at issue. The *Rivera* Sixth Amendment claim is brought against Taylor and Recana, who are not named in *Sanchez-Jimenez*. However, Taylor and Recana ran the Val Verde Processing Center pursuant to an agreement with the *Sanchez-Jimenez* defendants, and are thus related to those defendants.

With regards to the Fourteenth Amendment claims, there is again substantial overlap. Both claims are brought against Kinney County, though the *Sanchez-Jimenez* claim is brought against additional defendants as well. Both cases are

brought under the Fourteenth Amendment, though the *Sanchez-Jimenez* claim is framed as relating to substantive due process, while Plaintiff in *Rivera* brings the claim as a procedural due process violation. The *Rivera* over-detention class includes only those people who were arrested under Operation Lone Star and detained past their mandated pretrial release dates under Article 17.151. The second *Sanchez-Jimenez* class, which relates to over-detention, does not define over-detention as including the act of detaining people past their 17.151 dates, and it may include only people arrested pursuant to misdemeanor offenses. (*Sanchez-Jimenez* TAC at ¶ 80) (defining the class as being comprised of people detained "under the OLS misdemeanor trespass catch and jail program past their release dates, *i.e.,* past the dates that bond is posted, a plea is entered and sentence is complete, or charges have been dismissed when there is no alternate hold keeping them in custody").) However, the class definition may evolve over time, and in fact a previous class definition in the original complaint included a subclass titled "over-incarceration as a result of denial of/withholding information on right to counsel," which likely would have included the *Rivera* class. (*See Sanchez-Jimenez* Orig. Compl. at 66.) The class representative for this subclass, Melvin Amaya Zelaya, "remained in custody without an appointed attorney, discovery, or a court date for months until he was finally assigned counsel." (*Id.*) Although the third amended complaint does not note which plaintiff is a class representative for which class or subclass, Mr. Zelaya's situation is described the same way in the third amended complaint's "parties" section. (*Sanchez-Jimenez* TAC at ¶ 14.)

In addition, regardless of the second class definition in *Sanchez-Jimenez*, the first class definition includes *all* people arrested under Operation Lone Star (or at least people arrested for misdemeanors under Operation Lone Star), and unlike the second class definition, the Fourteenth Amendment over-detention claim does not define what is meant by "over-detention." It may include people detained past their Article 17.151 deadlines. Furthermore, in the facts section of the Third Amended Complaint, the *Sanchez-Jimenez* Plaintiffs allege that "[h]undreds of people arrested under OLS were detained without counsel and without charging documents for longer than state law allows them to be detained without being formally charged with a crime." (*Sanchez-Jimenez* TAC at ¶ 65). This fact forms the basis of *Rivera*'s over-detention claim.

In light of these similarities, Plaintiff's Counsel in *Rivera* hereby files this Notice of Related or Substantially Overlapping Cases. Counsel also represents that a similar notice will be or has already been filed in *Rivera*.

Respectfully submitted,

**GERSTEIN HARROW LLP**

*/s/ Emily Gerrick*
Emily Gerrick
810 7th St NE, Ste. 301
Washington, DC 20002
Texas Bar No. 24092417
emily@gerstein-harrow.com
202-670-4809

*/s/ Charlie Gerstein*
Charlie Gerstein*

810 7th St NE, Ste. 301
Washington, DC 20002
charlie@gerstein-harrow.com

*/s/ Samuel Rosen*
Samuel Rosen*
810 7th St NE, Ste. 301
Washington, DC 20002
sam@gerstein-harrow.com


* Admitted *pro hac vice*.